JEFFREY B. COOPERSMITH (CA State Bar No. 252819)
KELLY M. GORTON (CA State Bar No. 300978)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:     (415) 276-6500
Facsimile:     (415) 276-6599
Email:         jeffcoopersmith@dwt.com
               kellygorton@dwt.com

BENJAMIN J. BYER (Admitted *Pro Hac Vice*)
MAX B. HENSLEY (Admitted *Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone:     (206) 757-8105
Facsimile:     (206) 757-7105
Email:         benbyer@dwt.com
               maxhensely@dwt.com

Attorneys for Defendant
RAMESH BALWANI

DAVIS WRIGHT TREMAINE LLP

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>Defendant. | Case No. 5:18-cv-01603-BLF<br><br>**UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE JURY DEMAND AND FOR JURY TRIAL**<br><br>Hon. Beth Labson Freeman |

MOTION FOR  EXTENSION OF TIME TO FILE JURY DEMAND AND FOR JURY TRIAL
Case No. 5:18-cv-01603-BLF
4814-2347-8629v.3 0103509-000002

DAVIS WRIGHT TREMAINE LLP

Defendant Ramesh Balwani hereby moves pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 6-3 for a one-day extension of time to file his demand for a jury under Fed. R. Civ. P. 38(b), and in the alternative moves pursuant to Fed. R .Civ. P. 39(b) for a jury trial. Counsel for Plaintiff United States Securities and Exchange Commission does not object to this Motion.  The Court should grant this unopposed motion to prevent Mr. Balwani from losing his right to a jury trial simply because counsel filed the demand one day late.

## I.   BACKGROUND

The Commission filed the Complaint in this matter on March 14, 2018.  Dkt. 1.  Because Mr. Balwani accepted service of the Complaint pursuant to Fed. R. Civ. P. 4(d), his answer was due Monday, May 14, 2018.  Decl. of Jeffrey B. Coopersmith ¶ 3 and Ex. A.  The Commission and Mr. Balwani have been in frequent communication, working in good faith to resolve issues between the parties and speed resolution of this case.  *Id*. at ¶ 2.  As a part of these discussions, the parties agreed to undertake certain actions before the deadlines that the Rules and this Court's scheduling order set, including holding their discovery conference on May 3, 2018 (ahead of the June 21 deadline) and completing initial disclosures and submitting a joint case management statement by May 17, 2018 (ahead of the July 5 deadline).  *Compare* Coopersmith Decl. ¶ 4 *and* Dkt. 5.  As part of these discussions, the parties agreed Mr. Balwani would file his Answer on April 20, 2018, and on that same date, the Commission would provide Mr. Balwani with certain early discovery.  Coopersmith Decl. ¶ 5; *see also* Dkt. 12.  Because he filed his Answer early, Fed. R. Civ. P. 38(b)(1) allowed Mr. Balwani until Friday, May 4, to file his jury demand.  Counsel for Mr. Balwani filed that demand today, Monday, May 7, with this contemporaneous motion.

## II.   ARGUMENT

The Federal Rules of Civil Procedure provide two alternative mechanisms for extending the time by which a party can request a jury trial.  Rule 6(b)(1)(B) allows a court to modify the deadline for a demand by providing that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Alternatively, Rule 39(b)

1

MOTION FOR  EXTENSION OF TIME TO FILE JURY DEMAND AND FOR JURY TRIAL
Case No. 5:18-cv-01603-BLF
4814-2347-8629v.3 0103509-000002

DAVIS WRIGHT TREMAINE LLP

provides that in the absence of a jury demand altogether, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Irrespective of the mechanism, the Court should permit Mr. Balwani's jury demand.

"Because the right to a jury trial is a fundamental right guaranteed to our citizenry by the Constitution, courts should indulge every reasonable presumption against waiver." *Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir. 1981). Even in purely civil cases, "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935).

**A.      The Court Should Extend the Deadline to File a Jury Demand Under Rule 6(b).**

Rule 6(b) permits a court to extend a previously-expired deadline where a party can show that it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). This rule applies to any "act[s which] may or must be done within a specified time" except that "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." Fed. R. Civ. P. 6(b)(1); 6(b)(2). Because Rule 6(b)(2) does not exclude Rule 38 from its operation, the same standard applies here as to any other deadline under the Rules. As the Supreme Court has noted, the "time-extension provisions of . . . Federal Rule of Civil Procedure 6, are generally applicable to *any* time requirement found elsewhere in the rules unless *expressly* excepted." *Pioneer Inv. Servs. Co. v. Brunswick Associates L.P.*, 507 U.S. 380, 389 n.4 (1993) (emphases added). Courts around the country have therefore utilized Rule 6(b) to extend the time to file a jury demand. *See, e.g.*, *Raymond v. IBM Corp.*, 148 F.3d 63 (2d Cir. 1998); *Baldwin v. United States*, 823 F. Supp. 2d 1087 (D. N. Mar. I. 2011).

Whether a party's failure to meet a deadline qualifies as excusable neglect under Rule 6(b) "is at bottom an equitable [decision], taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S at 395. Under this test, "inadvertent or negligent omission[s]"

2

MOTION FOR  EXTENSION OF TIME TO FILE JURY DEMAND AND FOR JURY TRIAL
Case No. 5:18-cv-01603-BLF
4814-2347-8629v.3 0103509-000002

can qualify as excusable neglect. *Id.* at 394; *see also Raymond*, 148 F.3d at 66 ("mere inadvertence, without more, *can* in some circumstances be enough to constitute "excusable neglect" justifying relief under Rule 6(b)(2)"). In evaluating a request under this Rule, "[t]here should . . . be no rigid legal rule against late filings attributable to any particular type of negligence. Instead, we leave the weighing of *Pioneer's* equitable factors to the discretion of the district court in every case." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004); *see also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (reversing District Court's conclusion that "calendaring mistake" can never constitute excusable neglect; doing so impermissibly collapsed "balancing test" into a "per se rule").

For example, in *Raymond* the Second Circuit affirmed a district court's decision to grant a two-year enlargement of time for the purposes of accepting an untimely jury demand filed just a month before trial. 148 F.3d at 64–65. Although it found that the Second Circuit's narrow reading of Rule 39 precluded relief under that rule, the court concluded that "we do not believe that the district court abused its discretion in granting leave to serve the jury demand out of time pursuant to Rule 6(b)(2)." *Id.* at 66. In other words, "in light of the Supreme Court's decision in *Pioneer*, the requirement . . . of a showing *beyond* mere inadvertence [on a motion for jury trial under Rule 39] should not be construed to preclude a district court from granting a Rule 6(b)(2) motion in appropriate circumstances." *Id.* (internal quotation marks omitted). Because there was no evidence that the plaintiff "acted in bad faith" and "there is little indication that [the defendant] suffered prejudice as a result of the delay," the Second Circuit affirmed the extension of time granted under Rule 6(b) to file a jury demand. *Id.* at 66–67. Similarly, in *Baldwin* the court (a Senior District Judge from the Northern District of Iowa, sitting by designation) comprehensively analyzed the *Pioneer* factors as applied in the Ninth Circuit and accepted under Rule 6(b) an untimely jury demand. 823 F. Supp. 2d at 1117–19. First, because "trial is still many months away" and the government could not identify any specific harms it had suffered, "there is no danger of prejudice." *Id.* Second, the "two-day" delay was "minimal." *Id.* Third, while the reason for the untimely filing was the plaintiff's "oversight or inadvertence," the court recognized that the Ninth Circuit has "excused conduct worse than what occurred here" and that

3

DAVIS WRIGHT TREMAINE LLP

"a strong showing on the other three *Pioneer* factors mitigated in favor of finding excusable neglect." *Id.* Finally, Baldwin's counsel "acted quickly in making [a jury demand] after realizing her mistake," showing good faith. *Id.* The court therefore allowed the untimely jury demand, noting that failing to do so "would work a manifest injustice." *Id.*

Mr. Balwani should similarly be granted a one-day extension of time. First, there is no danger of any prejudice to the Commission, which does not oppose this Motion. Discovery in this case began only on May 3, 2018, and the parties have not yet received a trial date. Second, the minimal delay will have no impact on judicial proceedings. Third, the one-day delay arose out of Mr. Balwani's agreement to expedite his Answer. Fourth, Mr. Balwani has acted in good faith. Immediately upon identifying the issue, Mr. Balwani filed this motion seeking to address it. He never suggested he intended to waive his right to a jury trial and did not delay for tactical or other illegitimate purposes. Mr. Balwani's counsel's failure to file the jury demand by May 4 should therefore be deemed excusable neglect under Rule 6(b).

**B.    Alternatively, the Court Should Exercise Its Discretion Under Rule 39(b) to Accept Mr. Balwani's Jury Demand.**

In the alternative, the court should grant Mr. Balwani a jury trial under Rule 39(b), which "gives district courts discretion to excuse noncompliance with Rule 38." *Johnson v. Dalton*, 57 F. Supp. 2d 958, 960 (C.D. Cal. 1999). The Ninth Circuit has adopted the "rather stringent rule" that untimely motions under Rule 39(b) "must be denied unless some cause beyond mere inadvertence is shown." *Mardesich v. Marciel*, 538 F.2d 848, 849 (9th Cir. 1976) (internal quotation marks omitted); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086–87 (9th Cir. 2002).[1] As applied by district courts, however, this rule is not so absolute. For example, in *Johnson*, the Central District of California exercised its discretion to allow a jury demand filed about eight months late because "the right to a jury trial is fundamental and because the Secretary would not be prejudiced by an adverse ruling." 57 F. Supp. 2d at 960. It reached this conclusion "[d]espite suggestions in Ninth Circuit opinions that the Court does not have

---

[1] No Ninth Circuit case has applied this principle to a Rule 6 motion. For the reasons above, that would be error.

4

MOTION FOR EXTENSION OF TIME TO FILE JURY DEMAND AND FOR JURY TRIAL
Case No. 5:18-cv-01603-BLF
4814-2347-8629v.3 0103509-000002

DAVIS WRIGHT TREMAINE LLP

discretion in this case," because "the Rule itself, case law, and policy support the court's exercise of discretion here." *Id.* In *Smith v. U.S. Bank*, 2012 WL 12887916, at *3 (C.D. Cal. Nov. 15, 2012), the court "agree[d] with the conclusion" of *Johnson*. It found that the record "reflects some cause beyond mere inadvertence," and held that denial of a jury trial would be "unjust" based on a "simple oversight or inadvertence," particularly as the other party "would not be prejudiced" by a motion filed less than a month late. *Id.* at *3.

Likewise, Mr. Balwani's unopposed motion addresses a situation in which his counsel filed the jury demand one day late and generated no prejudice. Had Mr. Balwani filed his Answer on May 14, the deadline set by Fed .R. Civ. P. 4(d), his jury demand would not have been due until three weeks *after* this Motion is being filed. Mr. Balwani should not forfeit a fundamental right as a result of the good-faith efforts of both parties to accelerate the meaningful resolution of this matter.[2]

### III.    CONCLUSION

For the reasons above, Mr. Balwani's unopposed request for a one-day extension of time to file a jury demand under Rule 6(b) should be granted so that the demand will be timely under Rule 38(b). In the alternative, his jury trial motion should be granted under Rule 39(b).

DATED: May 7, 2018                         Respectfully submitted,

                                          DAVIS WRIGHT TREMAINE LLP


                                          By:   */s/ Jeffrey B. Coopersmith*
                                                Jeffrey B. Coopersmith

                                          Attorneys for Defendant
                                          RAMESH BALWANI

---

[2] Courts around the country are in accord with the *Johnson* and *Smith* cases from the Central District of California. In other circuits, a motion for a jury trial under Rule 39(b) is to be granted "in the absence of strong and compelling reasons to the contrary." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990); *see also Rowlett v. Anheuser–Busch, Inc.*, 832 F.2d 194, 199–200 (1st Cir. 1987); *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004, 1013 (6th Cir. 1987); *Merritt v. Faulkner*, 697 F.2d 761, 766–67 (7th Cir. 1983); *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983); *Littlefield v. Fort Dodge Messenger*, 614 F.2d 581, 585 (8th Cir. 1980); *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965). These courts may have been mindful of the desirability of avoiding unnecessary appeal issues necessitating new trials.

5

MOTION FOR EXTENSION OF TIME TO FILE JURY DEMAND AND FOR JURY TRIAL
Case No. 5:18-cv-01603-BLF
4814-2347-8629v.3 0103509-000002