JEFFREY B. COOPERSMITH (CA State Bar No. 252819)
KELLY M. GORTON (CA State Bar No. 300978)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:        jeffcoopersmith@dwt.com
              kellygorton@dwt.com

BENJAMIN J. BYER (Admitted *Pro Hac Vice*)
MAX B. HENSLEY (Admitted *Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone:    (206) 757-8105
Facsimile:    (206) 757-7105
Email:        benbyer@dwt.com
              maxhensely@dwt.com

Attorneys for Defendant
RAMESH BALWANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>        vs.<br><br>RAMESH "SUNNY" BALWANI,<br><br>                    Defendant. | Case No. 5:18-cv-01603-BLF<br><br>**DECLARATION OF JEFFREY B. COOPERSMITH IN SUPPORT OF MOTION FOR  EXTENSION OF TIME TO FILE JURY DEMAND AND FOR JURY TRIAL**<br><br>Hon. Beth Labson Freeman |

I, Jeffrey B. Coopersmith, declare as follows:

1.    I am an attorney licensed to practice in the State of California and a partner with the firm of Davis Wright Tremaine LLP, counsel for Defendant Ramesh Balwani in the above-captioned matter.  I have personal knowledge of the facts set forth in this declaration.  If called as a witness, I could and would competently testify thereto.  This declaration is submitted in support of the Motion for Extension of Time to File Jury Demand and for Jury Trial.

2.    Counsel for plaintiff the Securities and Exchange Commission (the "Commission") and Mr. Balwani have been in frequent communication both prior to and since the filing of the Complaint, working in good faith to resolve issues between the parties and speed resolution of this case.

3.    On March 14, 2018, counsel for the Commission sent me (via email) a Waiver of the Service of Summons in this matter on behalf of Mr. Balwani acknowledging that Mr. Balwani's answer or other responsive pleading would be due sixty (60) days thereafter, or on May 14, 2018.  I executed and returned that Waiver the same day.  A true and correct copy of the Waiver of the Service of Summons is attached hereto as **Exhibit A**.

4.    From March 28-30, 2018, the parties met and conferred, orally and in writing, about accelerating discovery in this matter.  In those discussions, the parties agreed to have their Rule 26(f) Conference during the week of April 30, more than one month in advance of the June 21, 2018 deadline set by the Court's Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. 5).  This conference took place on May 3, 2018.  In that conference, the parties agreed to complete initial disclosures no later than May 17, 2018.

5.    In addition, in exchange for the Commission producing certain discovery by April 20, 2018, Mr. Balwani agreed to serve his Answer to the Complaint on that same day, more than three weeks before his answer was due under the applicable federal and local rules.

6.    Pursuant to Local Rule 6-3, I declare:

a.    The reason for the requested enlargement of time is to permit Mr. Balwani to preserve his right to a jury.  Mr. Balwani's counsel did not file a jury demand

1

by May 4, 14 days after filing his Answer early, in advance of the Court's deadline.

b.  On Sunday, March 6, I contacted counsel for the Commission by email and requested that they provide their position on Mr. Balwani's request for an extension of time.  On March 7, counsel for the Commission responded that it does not object to the Motion.

c.  If the Court does not change the time, Mr. Balwani will be substantially harmed by his counsels' mistake, as he will lose his Seventh Amendment right to a jury trial.

d.  The only previous time modifications in the case are the parties' agreements set forth in Paragraphs 3 and 4, above.

e.  The requested time modification would not alter the case schedule in any way.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 7th day of May, 2018, in Seattle, Washington.

/s/  Jeffrey B. Coopersmith
Jeffrey B. Coopersmith

Attorney for Defendant
RAMESH BALWANI

2

DECLARATION ISO MOTION FOR EXTENSION OF TIME TO FILE JURY DEMAND & FOR JURY TRIAL
Case No. 5:16-cv-06822-NC
4840-5337-2773v.3 0103509-000002

# EXHIBIT A

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the

Northern District of California

SECURITIES AND EXCHANGE COMMISSION )
*Plaintiff* )
v. ) Civil Action No.  5:18-cv-01603-BLF
RAMESH "SUNNY" BALWANI )
*Defendant* )

## WAIVER OF THE SERVICE OF SUMMONS

To:  Jessica W. Chan
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____03/14/2018_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____03/14/2018_____

                                      *Signature of the attorney or unrepresented party*

Ramesh "Sunny" Balwani
*Printed name of party waiving service of summons*

               Jeffrey B. Coopersmith
                  *Printed name*

        1201 Third Avenue, Suite 2200
        Seattle, WA  98101-3045
                  *Address*

        jeffcoopersmith@dwt.com
                  *E-mail address*

        (206) 757-0802
                  *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.