

Suite 2400
865 South Figueroa Street
Los Angeles, CA 90017-2566

**Stephen A. Cazares**
213-633-8607 tel
213-633-6899 fax

stevecazares@dwt.com

April 17, 2019

Hon. Nathanael Cousins
United States District Court,
Northern District of California
280 S. 1st Street
San Jose, CA 95113

Re:     *SEC v. Balwani*, Case No. 5:18-cv-01603-EJD (N.D. Cal.)

Dear Judge Cousins:

Ramesh "Sunny" Balwani, through counsel, hereby responds to the letter from Fountain Hills Women's Health ("Fountain Hills") (Dkt. 58). Fountain Hills is a naturopathy clinic outside of Phoenix, Arizona. The Fountain Hills letter makes unfounded allegations against Mr. Balwani, and further reflects a fundamental misunderstanding of the rules and requirements for third-party subpoenas, as addressed below.

First, the standard for relevance in civil discovery, including Fed.R.Civ.P. 45 subpoenas, is broad under Fed.R.Evid. 401 and Fed.R.Civ.P. 26(b)(1). In this case, the subpoena to Fountain Hills (Dr. Sundene's clinic) seeks information regarding Theranos's testing services because the SEC's Complaint alleges that Mr. Balwani misrepresented to investors the capability, reliability, and the accuracy of Theranos blood testing services provided to patients, including those of Dr. Sundene.[1] Discovery produced by the SEC confirms that the capability, reliability, and accuracy of Theranos's blood testing services is central to their case. For example, the SEC produced a document titled "Same Patients, Different Results" that shows the lab results for a patient of Dr. Sundene, who is one of the patients whose medical records have been subpoenaed by Mr. Balwani. To defend against these allegations, Mr. Balwani seeks discovery of information related to actual testing services ordered by medical providers, including documentation that provides the appropriate context for such services and any resulting complaints from these providers about Theranos's testing accuracy or capabilities. Additional discussion of the relevance of the subpoenaed materials is included in Mr. Balwani's response to the SEC's discussion of this issue in the latest CMC statement. (Dkt. No. 60).

Second, HIPAA is no barrier to subpoena compliance. HIPAA permits a health care provider to disclose protected health information pursuant to either a court order or pursuant to a subpoena provided that a "qualified protective order" has been sought in the case which meets

---

[1] See Complaint, Dkt. 1, at ¶¶ 3, 4, 34, 48, 54.

the requirements of HIPAA.  45 C.F.R. 164.512(e).  The protective order already entered in this case clearly qualifies under this regulation.  See Dkt. 40.

Third, Fountain Hills' accusations about harassment by a process server hired by Mr. Balwani are completely unfounded.  Mr. Balwani seeks permission from the Court to file a sworn declaration counsel has obtained from process server Robert Hughes, which confirms, among other things, that:  (1) the process server has "never spoken to, or even seen, Naturopath Sundene"; (2) the process server "never demanded that the clinic accept service of a 'document subpoena addressed to Sunny Balwani …'"; (3) the process server "was not confrontational when serving the document subpoena addressed to Fountain Hills Women's Health"; and (4) the process server "never harassed any employee of Fountain Hills Women's Health and [his] actions at the clinic were professional and courteous at all times."  Rather, a Fountain Hills employee refused to accept service of the document subpoena, told the process server that the clinic "was working with the FBI and that all legal papers should go through the FBI," and threatened to call the police within twenty seconds of the process server's arrival at the clinic.  Simply put, Fountain Hills attempted to evade service, and has now made false allegations about what occurred.

Fourth, the Fountain Hills letter contains many false statements regarding Mr. Balwani that are not germane to the present dispute about the subpoena and need not be addressed at this time.  To be clear, however, Mr. Balwani never "physically, financially, emotionally [or] legally threaten[e]d" Dr. Sundene, and Mr. Balwani never threatened Dr. Sundene or any other staff member or patient of the clinic.

Finally, notwithstanding that the SEC's allegations make the discovery entirely appropriate, Mr. Balwani, through counsel, is conferring with the SEC regarding the scope of the Complaint.  If the SEC is willing to enter into a stipulation limiting the case, as proposed by undersigned counsel, it may be possible for Mr. Balwani to withdraw the subpoena.  Until such an understanding is reached, however, Mr. Balwani has no choice but to vigorously defend the allegations in the Complaint.  This includes third-party discovery that addresses the accuracy and reliability of Theranos testing services, such as the Fountain Hills subpoena

Very truly yours

Davis Wright Tremaine LLP

Stephen A. Cazares

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On April 17, 2019, I served the foregoing document(s) described as: **DEFT LTR TO JUDGE COUSINS IN RESPONSE TO FOUNTAIN HILLS LETTER** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Fountain Hills Women's Health
16425 E. Palisades Blvd. #105
Fountain Hills, Arizona 85268

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service. I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on April 17, 2019, at Los Angeles, California.

☐　State　　I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☒　Federal　I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Monica Davis
Print Name

Signature