DAVIS WRIGHT TREMAINE LLP

JEFFREY B. COOPERSMITH (CA State Bar No. 252819)
STEPHEN A. CAZARES (CA State Bar No. 201864)
KELLY M. GORTON (CA State Bar No. 300978)
AMANDA MCDOWELL (Admitted *Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:  (415) 276-6500 │Facsimile:  (415) 276-6599
Email: jeffcoopersmith@dwt.com; stevecazares@dwt.com
        kellygorton@dwt.com; amandamcdowell@dwt.com

Attorneys for Defendant RAMESH BALWANI

# IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>        v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>                Defendant. | Case No. 5:18-cv-01603 EJD NC<br><br>**DEFENDANT RAMESH BALWANI'S ADMINISTRATIVE MOTION TO STRIKE OVERLENGTH LETTER PURSUANT TO CIVIL L.R. 7-11**<br><br>**[Declaration of Jeffrey B. Coopersmith and Proposed Order Filed Concurrently]**<br><br>**Hon. Edward J. Davila<br>Magistrate Judge Nathanael M. Cousins** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:  Please take notice that, pursuant to Civil L.R. 7-11 and the Civil Standing Order of Magistrate Judge Nathanael M. Cousins ("Standing Order"), Defendant Ramesh Balwani, through counsel, moves to strike the letter brief filed by plaintiff Securities and Exchange Commission on April 17, 2019 and addressed to Magistrate Judge Cousins (Dkt. 62).  The SEC's letter is almost four pages long, and thus in flagrant disregard for the two-page limit set forth in the Standing Order's provision governing discovery disputes.  Standing Order at 1 ("If the parties are unable to file a joint statement, each party may file a statement of 2 pages or less.").  Mr. Balwani adhered to the

1

ADMINISTRATIVE MOTION TO STRIKE
Case No. 5:18-cv-01603 EJD NC

DAVIS WRIGHT TREMAINE LLP

Standing Order when he filed his discovery letter brief in response to that filed by third-party Fountain Hills Women's Health (Dkt. 61).  The SEC should be held to the same requirements.

The SEC's letter is also in violation of the meet and confer requirements set forth in the Standing Order.  The Standing Order provides that "[f]or all discovery disputes, the parties must meet and confer, *in person or by telephone*, to attempt to resolve their dispute. A mere exchange of letters, emails, or messages does not satisfy the requirement."  Standing Order at 1 (emphasis added). On April 14, 2019, upon SEC counsel's suggestion to resolve the underlying discovery dispute, counsel for Mr. Balwani sent SEC counsel a proposed stipulation to narrow the case. Instead of responding by phone or in person, the SEC put its counterproposal in its April 17 letter to the Court.  Declaration of Jeffrey B. Coopersmith, ¶ 2. (The counterproposal is insufficient in any event in light of the allegations in the Complaint that challenge the accuracy of Theranos's blood testing.)

For these reasons, the SEC's April 17 letter should be stricken from the docket and not considered further.  At a minimum, Mr. Balwani should be granted leave to respond to the SEC's letter in up to four pages.

DATED:  April 18, 2019

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: */s/ Jeffrey B. Coopersmith*
    Jeffrey B. Coopersmith

Attorney for Defendant
RAMESH BALWANI

2

ADMINISTRATIVE MOTION TO STRIKE
Case No. 5:18-cv-01603 EJD NC