JEFFREY B. COOPERSMITH (CA State Bar No. 252819)
STEPHEN A. CAZARES (CA State Bar No. 201864)
KELLY M. GORTON (CA State Bar No. 300978)
AMANDA MCDOWELL (Admitted *Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:  (415) 276-6500 │Facsimile:  (415) 276-6599
Email: jeffcoopersmith@dwt.com; stevecazares@dwt.com
        kellygorton@dwt.com; amandamcdowell@dwt.com

Attorneys for Defendant RAMESH BALWANI

# IN THE UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>Defendant. | Case No. 5:18-cv-01603 EJD NC<br><br>**DECLARATION OF JEFFREY B. COOPERSMITH IN SUPPORT OF DEFENDANT RAMESH BALWANI'S ADMINISTRATIVE MOTION TO STRIKE OVERLENGTH LETTER PURSUANT TO CIVIL L.R. 7-11**<br><br>**[Administrative Motion and Proposed Order Filed Concurrently]**<br><br>**Hon. Edward J. Davila**<br>**Magistrate Judge Nathaniel M. Cousins** |

I, JEFFREY B. COOPERSMITH, declare:

1.      I am an attorney at law admitted to practice before all of the Courts of the State of California and before this Court.  I am a partner at the law firm of Davis Wright Tremaine LLP, counsel of record for Defendant Ramesh Balwani ("Balwani") in this proceeding.  I make this declaration in support of Balwani's Administrative Motion to Strike Overlength Letter Pursuant to Civil L.R. 7-11.  The following facts are true of my own personal knowledge and, if called and sworn as a witness, I could and would competently testify as follows.

1

COOPERSMITH DECLARATION ISO ADMINISTRATIVE MOTION TO STRIKE
Case No. 5:18-cv-01603 EJD NC

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

2.      On April 14, 2019, upon SEC counsel's suggestion to resolve the underlying discovery dispute, I sent SEC counsel a proposed stipulation to narrow the case.  Instead of responding by phone or in person, the SEC put its counterproposal in its April 17 letter to the Court.  A true and correct copy of my April 14, 2019 email to SEC counsel, Suzy LaMarca and Marc Katz, is attached to this Declaration as **Exhibit A**.

3.      A stipulation pursuant to Civil L.R. 7-11(a) and 7-12 could not be obtained because SEC counsel elected to file a letter brief with the Court (Dkt. 62) instead of responding to Mr. Balwani's counsel's continued efforts to meet and confer to resolve the matter pursuant to SEC Counsel's own suggestion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 18th day of April, 2019 at Seattle, Washington.

*/s/ Jeffrey B. Coopersmith*
Jeffrey B. Coopersmith

2

COOPERSMITH DECLARATION ISO ADMINISTRATIVE MOTION TO STRIKE
Case No. 5:18-cv-01603 EJD NC

# EXHIBIT A

| | |
|---|---|
| **From:** | Coopersmith, Jeff |
| **Sent:** | Sunday, April 14, 2019 5:39 PM |
| **To:** | katzma@sec.gov; lamarcas@sec.gov |
| **Cc:** | Howard, Renee; Cazares, Steve |
| **Subject:** | SEC v. Balwani/Fountain Hills and Southwest Contemporary Subpoenas |

Marc and Suzy, I am following up from our April 5 call regarding the subpoenas we served on health care providers Fountain Hills and Southwest Contemporary. On that call, Marc said that he understood why we interpreted certain portions of the Complaint to put at issue whether Theranos's blood testing service produced reliable and accurate results. Marc then suggested that there might be an agreement we could enter into to clear this issue up so that we could withdraw the subpoenas to Fountain Hills and Southwest Contemporary. As discussed in my April 3 letter and on the April 5 call, we believe that the Complaint, as well as other actions by the Commission in this case, place these subpoenas squarely within the bounds of relevancy under the federal rules. Nonetheless, we appreciate your suggestion on the April 5 call and are certainly willing to work with you to take this issue off the table if it will avoid having to take this third-party discovery in this case.

To this end, please let us know if you will agree to the following, in which case we will withdraw the subpoenas to Fountain Hills and Southwest Contemporary.

Plaintiff, the United States Securities and Exchange Commission ("the Commission"), stipulates and agrees as follows:

1.      The Commission acknowledges that the Complaint does not allege, and it will therefore not present evidence at trial, or otherwise challenge during testimony or argument in any way whatsoever, the accuracy of any test results for samples processed by Theranos, or the functionality, capability, efficacy, reliability, or accuracy of the Theranos Sample Processing Unit ("TSPU"), any version of the TSPU, or any other device manufactured by Theranos or utilized by Theranos to test patient samples in its clinical laboratories. In the event that any witness called by the Commission at trial testifies in any manner whatsoever to the contrary or the Commission itself takes any contrary position, the Commission will join counsel for Mr. Balwani in requesting that the Court give, immediately thereafter, a curative instruction telling the jury that: "The Commission does not contest the accuracy of any test results for samples processed by Theranos, or the functionality, capability, efficacy, reliability, or accuracy of the Theranos Sample Processing Unit ("TSPU"), any version of the TSPU, or any other device manufactured by Theranos or used by Theranos to test patient samples in its clinical laboratories. The functionality, capability, efficacy, reliability, or accuracy of those devices and tests are not at issue in this case. You should therefore disregard any witness testimony on those topics."

2.      The Commission acknowledges that the Complaint does not allege, and it will therefore not present evidence at trial, or otherwise claim during testimony or argument in any way whatsoever, that there was any adverse impact, harm, or inconvenience to patients who had samples tested in Theranos's clinical laboratories. In the event that any witness called by the Commission at trial testifies in any manner whatsoever to the contrary or the Commission itself takes any contrary position, the Commission will join counsel for Mr. Balwani in requesting that the Court give, immediately thereafter, a curative instruction telling the jury that: "The Commission is not claiming in this case that there was any adverse impact, harm, or inconvenience to patients who had samples tested in Theranos's clinical laboratories. Patient impacts are not at issue in this case. You should therefore disregard any witness testimony on those topics."

We look forward to hearing from you.

Best,

1



**Jeffrey B. Coopersmith | Partner**
**920 Fifth Avenue, Suite 3300 | Seattle, WA 98104**
**Tel: (206) 757-8020 | Fax: (206) 757-7020 | Mobile: (206) 708-9396**

**865 South Figueroa Street, Suite 2400 | Los Angeles, CA  90017**
**Tel: (213) 633-8637 | Fax: (213) 633-8699 | Mobile: (206) 708-9396**
**Email: jeffcoopersmith@dwt.com| Website: www.dwt.com**

**Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Washington, D.C.**

**Admitted in Washington, California, and the District of Columbia**

**Disclaimer: This message may contain confidential communications protected by the attorney client privilege.  If you received this message in error, please delete it and notify the sender.**