ERIN E. SCHNEIDER (Cal. Bar No. 216114)
  schneidere@sec.gov
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
SUSAN F. LA MARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
JESSICA W. CHAN (Cal. Bar No. 247669)
  chanjes@sec.gov
RAHUL KOLHATKAR (Cal. Bar No. 261781)
  kolhatkarr@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 5:18-cv-01603-EJD (NC) |
| Plaintiff, | |
| vs. | **SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO UNITED STATES' MOTION TO INTERVENE AND STAY ACTION** |
| RAMESH "SUNNY" BALWANI, | |
| Defendant. | Date:  Monday, June 10, 2019 |
| | Time:  10:00 a.m. |

Plaintiff Securities and Exchange Commission ("SEC") supports the United States' Motion to Intervene and Stay Action because the SEC agrees that the relevant law weighs in favor of a stay pending the trial in the related criminal case, *United States v. Elizabeth Holmes and Ramesh "Sunny" Balwani*, No. CR 18-258-EJD. While the SEC agrees with the government's analysis of the applicable factors set forth in *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), below we address how these factors bear on the unique circumstances the SEC as the plaintiff has confronted in this case, which have lead the SEC to support the requested stay.

The first of the factors set forth in *Keating* – "the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay" – and the fourth *Keating* factor – "the interests of persons not parties to the civil litigation" – both weigh strongly in favor of a stay at this point. The SEC has a significant interest in the fair and efficient adjudication of its enforcement actions. A stay of discovery until the conclusion of trial in the criminal case would help accomplish this important goal under the circumstances of this case. As reflected in the recent Joint Case Management Conference Statement (Dkt No. 60), the parties have a fundamental disagreement about the appropriate scope of discovery in this case, which has resulted in wasteful burdens on non-parties and increased time, effort, and costs for the SEC.

Since the start of discovery and with increasing intensity, Balwani has been using the civil discovery process to seek information not relevant to this securities fraud case, including a subpoena for highly sensitive medical records that Judge Cousins recently quashed. *See* Dkt Nos. 73, 74. The SEC does not allege, and does not need to prove as the basis for any of its securities fraud claims, the scheme to defraud doctors and the patient-consumers of Theranos' blood testing products and services. Contrary to Defendant's argument that the SEC case puts at issue "the capabilities of Theranos's laboratories and its analyzer and it not being accurate" (*see* transcript of Case Management Conf. at 10), the SEC's *actual* allegation – that Balwani and Theranos did not use the TSPU (or "miniLab") for the vast majority of its testing – is not even disputed. Rather, Balwani *admitted* in his Answer that Theranos' proprietary device could perform no more than 12 of the over 200 tests that it claimed to offer on its patient testing menu. *See* Answer (Dkt No. 12) ¶

SEC'S RESP. TO MOTION TO STAY          1          CASE NO. 5:18-cv-01603-EJD (NC)

5 ("Mr. Balwani admits that Theranos validated approximately 12 assays on a version of its proprietary analyzer in its clinical laboratory"). Defendant's theory that he must probe "comparisons" of Theranos' test results with competitive laboratories is simply a red herring.

Despite this, much of Balwani's discovery has been directed to non-parties who have nothing to do with the case. As noted, Balwani's attempts to explore irrelevant issues during the discovery process recently resulted in the quashing of a subpoena to a non-party healthcare provider by Magistrate Judge Cousins. *See* Minute Order, Dkt No. 73. In addition to this healthcare provider, Defendant has served subpoenas on yet another healthcare provider; three laboratories that he viewed as competitors to Theranos; various state health departments; and numerous other third parties, seeking information having little or no bearing on the fraud Balwani perpetrated on *investors*. Similarly, Balwani continues to use the civil deposition process to obtain information for use outside of this civil case. For instance, Balwani's counsel has inquired about witnesses' grand jury testimony during depositions. At a recent deposition, defense counsel also asked one witness whether the FBI agent "[got] this wrong, or did you get it wrong," when counsel contended a summary Report of Interview (Form 302) obtained through criminal discovery characterized an interview differently than counsel believed the witness had testified. The SEC has thus been forced to expend unnecessary time and resources objecting to Defendant's requests, engaging in meet and confers regarding information that is not relevant to the SEC's claims, and appearing before the Court to address non-parties' motions.

The second *Keating* factor – "the burden which any particular aspect of the proceedings may impose on defendants" – also weighs in favor of the government's position here. Defendant will not be burdened by a stay. A stay will not preclude either party to this action from taking additional discovery after the criminal case has been concluded. Moreover, Defendant recently asked this Court for an additional twelve months of civil discovery, citing his professed need to

analyze the criminal case discovery. *See* Dkt No. 60 at 11. Thus, a stay will benefit Defendant here, by giving him more time to digest criminal discovery.[1]

Finally, the third *Keating* factor – "the convenience of the court in the management of its cases, and the efficient use of judicial resources" – is also best served by a stay under these circumstances. As the parties have acknowledged, trial in the criminal case will proceed before trial in this case, and the parties to the criminal case have asked the Court to reserve months for the trial itself. As a consequence, the sooner the criminal trial takes place, the more quickly the parties in this action can focus their attention and efforts on the issues most likely to be dispositive here. As courts applying the *Keating* factors have observed, trial in a criminal case that addresses issues involved in the civil case can help narrow or resolve issues for the civil case. *See, e.g., SEC v. Alexander*, 2010 WL 5388000, at *4-5 (N.D. Cal. Dec. 22, 2010) (citing decisions observing that an active criminal case and trial may "help keep witnesses' memories fresh"; "narrow the issues and streamline discovery in the civil proceeding"; and "collateral estoppel based on findings in the criminal case may expedite resolution of the civil case").

Should the Court grant the government's motion, the SEC proposes that the Court maintain periodic Case Management Conferences so that the parties may apprise the Court of any potential impact to this case from the stay.

Dated: May 3, 2019

Respectfully submitted,

/s/ *Susan F. LaMarca*
Susan F. LaMarca
Attorney for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

---

[1] At the last CMC, defense counsel argued that the timing of the government's motion was "tactical," having moved for a stay after defendant gave testimony in the SEC investigation, and after he had provided discovery in this case. Defendant's argument is baseless. The SEC took Balwani's testimony several months before this case was filed, and no tactical advantage could be gained from waiting for the minimal discovery Balwani has provided in this case.