JEFFREY B. COOPERSMITH (CA State Bar No. 252819)
STEPHEN A. CAZARES (CA State Bar No. 201864)
KELLY M. GORTON (CA State Bar No. 300978)
AMANDA M. MCDOWELL (Admitted *Pro Hac Vice*)
MAX B. HENSLEY (Admitted *Pro Hac Vice*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:  (415) 276-6500 │Facsimile:  (415) 276-6599
Email: jeffcoopersmith@dwt.com; stevecazares@dwt.com
       kellygorton@dwt.com; amandamcdowell@dwt.com
       maxhensley@dwt.com

Attorneys for Defendant RAMESH BALWANI

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAMESH "SUNNY" BALWANI,<br><br>　　　　　Defendant. | Case No. 5:18-cv-01603 EJD<br><br>**DECLARATION OF JEFFREY B. COOPERSMITH IN SUPPORT OF DEFENDANT RAMESH BALWANI'S OPPOSITION TO UNITED STATES' MOTION TO INTERVENE AND STAY ACTION**<br><br>**Date:  June 10, 2019**<br>**Time:  10:00 a.m.** |

I, Jeffrey B. Coopersmith, declare as follows:

1. I am a partner with the law firm of Davis Wright Tremaine LLP and am the principal attorney responsible for defending Ramesh Balwani in this matter and in the criminal matter. I make this declaration in support of Defendant's Opposition to the United States' Motion to Intervene and Stay Action.

2. The government has produced to Mr. Balwani memoranda summarizing interviews with various witnesses. Those memoranda establish that the SEC and the DOJ shared documents and conducted sixty-five joint witness interviews.

3. The SEC and the DOJ produced documents to Mr. Balwani showing that both agencies requested documents from Centers for Medicare and Medicaid ("CMS") and the Food and Drug Administration ("FDA"), collectively obtaining over 323,000 pages of documents from these agencies, which were then produced to Mr. Balwani. Those documents also show that the SEC and DOJ jointly interviewed seventeen witnesses from those Department of Health and Human Services ("DHHS") agencies over the span of three years.

4. The SEC obtained documents from Mr. Balwani via subpoena prior to filing this Complaint. It also took three days of videotaped testimony of Mr. Balwani, on August 9, 2017, August 10, 2017, and September 7, 2017, during which he answered every question posed to him. The SEC shared the transcript of Mr. Balwani's testimony to the DOJ, and based on my familiarity with SEC/DOJ cooperation from my experience over almost thirty years as a defense attorney and federal prosecutor, I understand that the SEC would have also shared the videotape of Mr. Balwani's deposition with the DOJ.

5. On July 6, 2018, the SEC issued four document requests to Mr. Balwani. On August 31, 2018, the SEC issued six interrogatories and eight document requests to Mr. Balwani. Mr. Balwani produced documents in response to these requests and answered these interrogatories, verifying his responses under oath as required.

1

6. Attached as **Exhibit A** is a true and correct copy of an email from Susan LaMarca, attorney for the SEC, to myself dated April 18, 2019, requesting the production of documents. Mr. Balwani produced the requested documents on April 19 and April 26, 2019.

7. Mr. Balwani has produced over 12,000 pages of documents in response to the SEC's discovery requests, and provided the SEC with his Rule 26 disclosures on May 17, 2018. He has produced to the SEC thousands of pages of documents obtained from third parties pursuant to subpoenas. Consistent with my experience in these matters, the SEC has shared these documents with the DOJ, as shown by the fact that on March 15, 2015, the DOJ produced to Mr. Balwani over 14,000 documents originally provided by Mr. Balwani to the SEC.

8. Mr. Balwani served document subpoenas on thirty-three third parties seeking information relating to Theranos's business and retail partnerships with Walgreens and Safeway, insight into various investors' decision-making processes, and documents relating to medical providers, the DHHS's, and state agencies' evaluation of the accuracy and capabilities of Theranos's technology.

9. The subpoenas served on Laboratory Corporation of America Holdings ("LabCorp") dated October 19, 2018, to Quest Diagnostics ("Quest") dated November 7, 2018, and to SonoraQuest Laboratories LLC ("SonoraQuest") dated November 7, 2018 sought, among other things, documents relating to their communications with the government about Theranos and their new business partnerships with Theranos's former retail partners Walgreens and Safeway.

10. SonoraQuest produced documents in response to Mr. Balwani's subpoena on December 9, 2018. Neither the DOJ nor the SEC has raised any objection to this document production. Neither LabCorp nor Quest have produced documents in response to the subpoenas, and Mr. Balwani has not taken further action to enforce the subpoenas.

11. Mr. Balwani issued subpoenas to the FDA dated September 12, 2018 (which was re-issued on March 15, 2019 for the technical purpose of changing the place of compliance from Washington, D.C. to San Francisco), to CMS dated September 12, 2018 (which was re-issued on

2

1  March 15, 2019 for the same technical purpose), to the Arizona Department of Health Services
2  dated March 29, 2019, to the New York Department of Health dated December 20, 2018, and to
3  the California Department of Public Health dated March 8, 2019.  The DOJ did not object to
4  these subpoenas or move to stay, and the SEC made no objection for more than six months, until
5  April 8, 2019, when the SEC objected to the subpoenas to the FDA and CMS.

6  12.  Mr. Balwani has worked with these agencies to develop narrow and targeted
7  searches for documents responsive to the subpoenas.  The New York Department of Health has
8  made four productions to Mr. Balwani on March 19, 2019, April 2, 2019, April 12, 2019, and
9  April 15, 2019.  The Arizona Department of Health Services made a document production to Mr.
10 Balwani on April 10, 2019.  The FDA has made three productions to Mr. Balwani on October
11 15, 2018, October 18, 2018, and November 8, 2018.  CMS has made one production to Mr.
12 Balwani on January 24, 2019.  The California Department of Health made a production to Mr.
13 Balwani on April 29, 2019.  I am continuing to work with counsel for CMS and FDA (an
14 attorney in the civil division at the U.S. Attorney's Office for the Northern District of California)
15 to narrow the subpoenas to CMS and FDA and frame any remaining disputes for resolution by
16 the Court.

17 13.  On April 4 and 5, 2019, Mr. Balwani served subpoenas to health care providers
18 Fountain Hills Women's Health and Southwest Contemporary Women's Care, P.C., both of
19 which claimed to have conducted comparative studies of Theranos's tests to ascertain the
20 accuracy of Theranos's tests with other laboratories.

21 14.  Attached as **Exhibit B** is a true and correct copy of the Declaration of Robert
22 Hughes, the process server of the subpoena directed to Fountain Hills Women's Health, dated
23 April 15, 2019.

24 15.  Attached as **Exhibit C** is a true and correct copy of a letter sent to Southwest
25 Contemporary Women's Care, P.C. on April 30, 2019.

26 16.  On March 25 and 26, 2019, Mr. Balwani took the depositions of representatives
27 of one of the entities that invested in Theranos.  Attached as **Exhibit D** is a true and correct copy
28

3

COOPERSMITH DECL. SUPP. BALWANI'S OPP'N
TO MOT. TO INTERVENE AND STAY
Case No. 5:18-cv-01603 EJD

of a letter from myself to Jeff Schenk dated April 2, 2019, related to those depositions, with witness names redacted to avoid causing unnecessary embarrassment to third parties not before the Court. Attached as **Exhibit E** is a true and correct copy of excerpts of the March 25, 2019 deposition, with witness names redacted to avoid causing unnecessary embarrassment to third parties not before the Court.

17. On April 10, 2019, Mr. Balwani took the deposition of another Theranos investor who expressed uncertainty about making a certain highly exculpatory statement that was reflected in an FBI memorandum from an interview that the DOJ and SEC jointly conducted of the witness. By letter dated April 19, 2019, Mr. Balwani requested *Brady* material related to this incident as well. Counsel for this investor designated the entirety of this deposition transcript as confidential under the protective order in this matter. If the court wishes to review the relevant excerpts from the deposition transcript, or the letter referencing those excerpts, Mr. Balwani will file those documents under seal.

18. The DOJ has not responded to either letter referenced in paragraphs 16-17, above.

19. Based on my experience as a defense attorney and federal prosecutor for nearly thirty years, I know that in parallel SEC and DOJ investigations and litigation the DOJ is routinely provided with access to testimony and documents obtained by the SEC. The SEC would thus have transmitted all of the discovery material produced or obtained by Mr. Balwani to the DOJ, including all of the documents Mr. Balwani obtained from third-party subpoenas served in the SEC case and Mr. Balwani's sworn discovery responses. The DOJ acknowledges this on page 5 of its motion to stay.

20. In the civil matter of *Colman v. Theranos, Inc.*, No. CV 16-6822 NC (N.D. Cal. Nov. 28, 2016), Mr. Balwani was deposed on June 25, 2018, eleven days after the June 14, 2018 indictment. In that deposition, Mr. Balwani had to assert his Fifth Amendment rights on advice of counsel. The plaintiff's attorneys posed questions in the deposition designed to capitalize on Mr. Balwani's Fifth Amendment invocation. The *Colman* case settled shortly after that.

21. In the civil litigation proceeding in Arizona, *In re Arizona Theranos Inc. Litig.*, Case No. CV 16-2138 HRH (D. Ariz. June 29, 2016), twenty-four depositions have been noticed by the plaintiffs or Walgreens in the last five months. The DOJ has not moved to stay the Arizona litigation. From my experience as defense counsel and a federal prosecutor, the DOJ is undoubtedly monitoring this litigation.

22. In the *Colman*, *PFM*, and *Arizona* litigation, the vast majority of depositions were noticed by plaintiffs, who are essentially aligned with the government's position.

23. Attached as **Exhibit F** is a true and correct copy of an email from Robert Leach to myself, dated April 17, 2019. Prior to this email, DOJ had never indicated to Mr. Balwani's counsel any interest in a stay of the SEC matter.

24. Attached as **Exhibit G** is a true and correct copy of an excerpt from the SEC's Response to Defendant Ramesh Balwani's First Set of Interrogatories, dated June 4, 2018.

25. Attached as **Exhibit H** is a true and correct copy of the October 4, 2006 transcript of proceedings in *United States v. Reyes*, No. CR-06-0556 CRB (N.D. Cal. Oct. 4, 2006).

26. Attached as **Exhibit I** is a true and correct copy of the SEC's Opposition to a Motion to Stay in *SEC v. Alexander*, N.D. Cal. No. 10-cv-4535-LHK, filed November 30, 2010.

27. Attached as **Exhibit J** is a true and correct copy of the SEC's Opposition to a Motion to Stay in *SEC v. Kelly*, N.D. Tex. No. 3:04-CV-2098-M, filed March 9, 2006.

28. On April 22, 2019, counsel for Mr. Balwani sent SEC counsel a letter requesting their position on the DOJ's stay motion. The SEC did not respond to that letter.

29. Based on the documents produced to Mr. Balwani, the DOJ and SEC have collectively interviewed more than 100 witnesses and received over 11 million pages of documents from third parties during their investigation of this matter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of May, 2019 at Seattle, Washington.

*/s/ Jeffrey B. Coopersmith*
Jeffrey B. Coopersmith

5

COOPERSMITH DECL. SUPP. BALWANI'S OPP'N
TO MOT. TO INTERVENE AND STAY
Case No. 5:18-cv-01603 EJD