# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

NORTHEN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

RAMESH "SUNNY" BALWANI,

Defendant.

Case No. 5:18-cv-01603-EJD

**DECLARATION OF ROBERT HUGHES**

I, Robert Hughes, declare as follows:

1.      I am a process server employed or contracted by ABC Legal.  I regularly serve legal documents on individuals and businesses as part of my job duties at ABC Legal.

2.      I am over the age of 18 and have personal knowledge of the facts contained in this declaration.

3.      On Tuesday, April 2, 2019, I attempted to serve a subpoena to produce documents that was directed to Fountain Hills Women's Health.  Attached as **Exhibit A** is a true and correct copy of the document subpoena directed to Fountain Hills Women's Health.

4.      When I arrived at the service address for the clinic, 16425 E Palisades Blvd. Ste. 105 Fountain Hills, Arizona 85268, I spoke with a receptionist at the front desk named "Chelsea." When I attempted to hand her the document subpoena from Mr. Balwani, the receptionist told me she had no clue who Mr. Balwani was and refused to accept service.

5.      I was aware at this time that ABC Legal had been hired to serve a document subpoena on another health clinic in Phoenix, and I became concerned that I may have been at the wrong clinic.  I had not examined the two subpoenas, and I wondered if the subpoena I was attempting to serve was a duplicate or meant for another clinic.

1

DECLARATION OF ROBERT HUGHES
Case No. 5:18-cv-01603-EJD

6.      I asked the receptionist if Mr. Balwani was a former employee of the clinic.  Mr. Balwani and his attorneys never told me, or suggested, that Mr. Balwani was a former employee of the clinic.  I know very little about this case.  I asked this question because I was concerned I was at the wrong clinic, and was trying to get more information to determine if that was the case.  The receptionist responded to my question by saying that she had never heard the name, Sunny Balwani.

7.      The receptionist handed me a yellow notepad and asked me to write down my phone number.  The receptionist also told me that if I wanted to serve legal papers, I would have to make an appointment with Naturopath Nicole Sundene, but that Naturopath Sundene would be unlikely to see me if I came back.  I left without serving the document subpoena.

8.      After I left the clinic, I spoke with my employer, ABC Legal.  I learned that the two document subpoenas were not duplicates, and that I had been at the correct service address for Fountain Hills Women's Health.

9.      On April 5, 2019, I returned to the clinic to attempt to serve the subpoena.  When I arrived, the same receptionist told me that she would not accept service of the subpoena, and that her clinic was working with the FBI and that all legal papers should go through the FBI.

10.     I told the receptionist that I was going to leave the subpoena at the front desk.  The receptionist told me that she was reaching for the phone to call the police within 20 seconds of me being at the clinic.

11.     I then took the subpoena and walked out.  I left the papers outside the door of clinic, as the receptionist was watching me.  I understand this is proper service in Arizona.  Attached as **Exhibit B** is a true and correct copy of the Proof of Service dated April 5, 2019.

12.     In preparing this declaration, I reviewed the letter submitted to the Court by Fountain Hills Women's Health on April 11, 2019.  I disagree with the accusations made about me in this letter.

13.     I have never spoken to, or even seen, Naturopath Sundene.

14.     I never demanded that the clinic accept service of "a document subpoena addressed to Sunny Balwani, a former employee of the clinic," as claimed in Naturopath Sundene's letter.

2

DECLARATION OF ROBERT HUGHES
Case No. 5:18-cv-01603-EJD

15.    I was not confrontational when serving the document subpoena addressed to Fountain Hills Women's Health.

16.    I have never harassed any employee of Fountain Hills Women's Health and my actions at the clinic were professional and courteous at all times.

17.    Attached as **Exhibit C** is a true and correct copy of ABC Legal's investigative report, confirming the same.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Scottsdale, AZ this 15th day of April, 2019.

_____
Robert Hughes

STATE OF ARIZONA } ss.
COUNTY OF MARICOPA }

This instrument was acknowledged before me this 15 day of
APRIL , 20 19 by ROBERT HUGHES
In witness whereof I herewith set my hand and official seal.

_____ NOTARY PUBLIC



OFFICIAL SEAL
ROLANDO ARELLANO
Notary Public - State of Arizona
MARICOPA COUNTY
Comm. #553708 Exp. Sept. 29, 2022

3

DECLARATION OF ROBERT HUGHES
Case No. 5:18-cv-01603-EJD

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  5:18-cv-01603-EJD |
| | ) |
| RAMESH "SUNNY" BALWANI, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Fountain Hills Women's Health

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Coash & Coash, Inc. <br> 1802 North 7th Street <br> Phoenix, AZ  85006 | Date and Time: <br><br> 05/01/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/26/2019

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Ramesh Balwani
_____ , who issues or requests this subpoena, are:

Jeffrey Coopersmith, jeffcoopersmith@dwt.com, 505 Montgomery Street, Suite 800, CA 94111, 206-757-8020.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  5:18-cv-01603-EJD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____         _____
                                                  *Server's signature*

                                         _____
                                                  *Printed name and title*

                                         _____
                                                  *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### I.   DEFINITIONS

1. "Document" and "Documents" shall be construed in their broadest permissible sense to refer to any and all printed, typed, and/or recorded matter subject to discovery under the Federal Rules of Civil Procedure, whether maintained in paper or electronic form, including all drafts, and any metadata, attachments, or appendices thereto.  If more than one copy of any Document exists, and if as a result of handwritten additions and notations, or for any other reason, the copies are not identical, each non-identical copy is a separate Document and should be separately identified and produced.

2. "Communication" and "Communications" mean any oral or written expression, disclosure, transfer, transmission, or exchange of information or any nonverbal conduct of a person intended by that person to be a substitute for an oral or written expression, disclosure, transfer, transmission, or exchange of information, in whatever form, by whatever means, including, but not limited to, oral, written, face-to-face, telephone, facsimile, electronic, text messages, voicemail, postal mail, personal delivery, or otherwise.

### II.   DOCUMENTS REQUESTED

1. All Documents and Communications between anyone affiliated with Fountain Hills Women's Health and any representative of Theranos, including without limitation, communications between and among Dr. Nicole Sundene and any representative of Theranos.

2. For each patient of Fountain Hills Women's Health who received blood testing at Theranos, documents sufficient to show:

   a. The patient's name;

   b. The date(s) on which the patient's testing at Theranos occurred;

   c. The patient's lab test report(s) from Theranos, including original lab reports and any corrected lab reports; and

   d. The patient's lab test report(s) from any different lab, including without limitation Sonora Quest, LabCorp, and Quest Diagnostics.

3. All Documents and Communications reflecting, discussing, or relating to the complete medical patient records for Maureen Glunz, including without limitation:

   a. All Documents and Communications reflecting the medical care, medications, testing, diagnosis, treatment, or services received by Maureen Glunz; and

4828-1581-7352v.1 0103509-000002

    b. All Documents and Communications relating to all patient lab testing results received by Maureen Glunz, including lab test reports from Theranos, Sonora Quest, LabCorp, Quest Diagnostics, or any other laboratory.

4. All Documents and Communications between anyone affiliated with Fountain Hills Women's Health and any member of the media, including without limitation, all communications between and among Dr. Nicole Sundene and John Carreyrou.

5. All Documents and Communications reflecting, discussing, or relating to Theranos blood testing received by Dr. Nicole Sundene and John Carreyrou in 2015, including without limitation,

    a. The lab test report(s) from Theranos;

    b. The lab test report(s) received from any different lab used to compare to the Theranos test results; and

    c. Any Communications between and among Dr. Nicole Sundene and John Carreyrou discussing their Theranos blood tests.

6. All Documents and Communications reflecting, discussing, or relating to correspondence between Dr. Nicole Sundene or her legal counsel to any person relating to a "Yelp" review of Dr. Sundene or Fountain Hill Women's Health.

7. All Documents and Communications reflecting, discussing, or relating to any financial arrangement between anyone affiliated with Fountain Hills Women's Health and any other medical facility or provider.

# EXHIBIT B

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **Davis, Wright & Tremaine**<br>**920 5th Ave Suite 3300**<br>**Seattle, WA 98104-1610**<br>TELEPHONE NO.: **206-622-3150**      FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: **SECURITIES AND EXCHANGE COMMISSION** | |

| **United States District Court, Northern District of California** |
|---|
| STREET ADDRESS: **1301 Clay St. Suite 400 S** |
| MAILING ADDRESS: **1301 Clay St. Suite 400 S** |
| CITY AND ZIP CODE: **Oakland 94612** |
| BRANCH NAME: **Ronald V. Dellums Federal Building** |

| PLAINTIFF/PETITIONER: **SECURITIES AND EXCHANGE COMMISSION** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **RAMESH "SUNNY" BALWANI** | **5:18-CV-01603-EJD** |

| **PROOF OF SERVICE** | HEARING DATE/TIME:<br>**05/01/2019 10:00 AM** | HEARING DEPT./DIV.:<br>**1802** | Ref. No. or File No.:<br>**Balwani - FHWH - 0103509-02** |
|---|---|---|---|

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of *(specify documents):*
   **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

3.  a.  Party served *(specify name of party as shown on documents served):*
       **FOUNTAIN HILLS WOMEN'S HEALTH**

    b.  **[X]**  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a ):*
       **Chelsea Receptionist, EMPLOYEE, who tried to refuse service by refusing to take documents and stated all documents are to go to fbi, with identity confirmed by nametag no last name given, a brown-haired white female approx. 35-45 years of age, 5'8"-5'10" tall and weighing 180-200 lbs with glasses.**
       **Told by Nicole Sundene to not accept anything.**
       **Told me I was making her feel nervous by explaining documents were even as I motioning to door as though I was going to leave.**
       **Told her I was leaving documents at the counter and leaving she was picking up the phone to call the police within 20 seconds of me being there.**
       **I explained very clearly that I was leaving documents on the ground.**
       **She watched me leaving and clearly saw the documents being laid on the floor.**

4.  Address where the party was served:
    **16425 E PALISADES BLVD, STE. 105, FOUNTAIN HILLS, AZ 85268**

5.  I served the party *(check proper box)*

    a.  **[X]**  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **04/05/2019** at *(time):* **2:33 PM**

    b.  **[ ]**  **by substituted service.** On *(date):*                at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1)  **[ ]**  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2)  **[ ]**  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3)  **[ ]**  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4)  **[ ]**  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*


REF: **Balwani - FHWH - 0103509-02**

**PROOF OF SERVICE**

Code of Civil Procedure. § 1011

Tracking #: **0035510859**

| PLAINTIFF/PETITIONER:  SECURITIES AND EXCHANGE COMMISSION | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   RAMESH "SUNNY" BALWANI | 5:18-CV-01603-EJD |

from *(city):*                                    **or** ☐ a declaration of mailing is attached.

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

c.  ☐ **by mail and acknowledgement of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):*                              (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d.  ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6.  **Person who served papers**
   a. Name:                    **Robert Christopher Hughes**
   b. Address:                 **316 W 2nd St., 3rd Floor, Los Angeles, CA 90012**
   c. Telephone number:        **213-621-9999**
   d. The fee for service was:  **$ 167.50**
   e. I am:

   (1) ☒ not a registered California process server.

   (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

   (3) ☐ registered California process server:

   (i) ☐ owner  ☐ employee  ☐ independent contractor.  For:

   (ii) ☐ Registration No.:                                  Registration #:

   (iii) ☐ County:                                           County:

7.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

8.  ☐ **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date:  _____4-5-19_____

| | |
|---|---|
| **Robert Christopher Hughes** |  |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

**BY FAX**

# EXHIBIT C

# INVESTIGATION REPORT



633 Yesler Way, Seattle, WA 98104

| CLIENT | Davis, Wright & Tremaine | | |
|---|---|---|---|
| REFERENCE # | Balwani - FHWH - 0103509-02 | | |
| SUBJECT | Service of process on FOUNTAIN HILLS WOMEN'S HEALTH | | |
| DATE COMPLAINT RECEIVED BY ABC | 4/11/2019 | DATE COMPLAINT CLOSED | 4/13/2019 |

## ISSUE/COMPLAINT

**A representative of the business that was served is claiming that the process server attempted to serve the documents in a fraudulent and harassing manner. The representative is also claiming that the process server repeatedly demanded that the clinic accept service for a document addressed to "Sunny Balwani, a former employee of the clinic".**

| DATE ABC NOTIFIED CLIENT OF COMPLAINT | N/A |
|---|---|

## SERVICE DETAILS

ABC's business records document the following:

- Fri Mar 29 5:41 PM Attempt: No access to subject's door (business closed).
- Sun Mar 31 5:30 PM Attempt: No access to subject's door (business closed).
- Tue Apr 2 3:26 PM Attempt: Per CHELSEA ASSISTANT, EMPLOYEE, a brown-haired white female contact approx. 35-45 years of age, 5'8"-5'10" tall and weighing 160-180 lbs with glasses, Dr. Nicole Sundene is the owner per Chelsea, Nicole is not listed as defendant or authorized to accept. LLC listed is also different address.

On 4/5/2019 at 2:33 PM, **process server Robert Christopher Hughes** reported to have performed substitute service on FOUNTAIN HILLS WOMEN'S HEALTH at the address of **16425 E PALISADES BLVD STE. 105 FOUNTAIN HILLS, AZ 85268** and provided the following description: "*Chelsea, RECEPTIONIST, EMPLOYEE, who tried to refuse service by refusing to take documents and stated all documents are to go to fbi, with identity confirmed by nametag no last name given, a brown-haired white female approx. 35-45 years of age, 5'8"-5'10" tall and weighing 180-200 lbs with glasses. Told by Nicole Sundene to not accept anything. Told me I was making her feel nervous by explaining documents were even as I motioning to door as though I was going to leave. Told her I was leaving documents at the counter and leaving she was picking up the phone to call the police within 20 seconds of me being there. I explained very clearly that I was leaving documents on the ground. She watched me leaving and clearly saw the documents being laid on the floor.*"

*Reference #Balwani - FHWH - 0103509-02*
*Report prepared by: Aaron Nwaiwu, ABC Legal Services*
*All service complaints are individually reviewed by ABC Investigations Department and ABC General Counsel and Chief Compliance Officer.*

1 | P a g e

# INVESTIGATION REPORT



633 Yesler Way, Seattle, WA 98104

The process server submitted the details for the service event on 4/5/2019 at 2:40 PM. At the time of the event submission, the GPS coordinates of 33.609257, -111.725396 were recorded by the process server's mobile device. These coordinates place the process server's device within 105 feet of the service address.



The process server submitted the following photograph(s) at the time of service:



*Reference #Balwani - FHWH - 0103509-02*
*Report prepared by: Aaron Nwaiwu, ABC Legal Services*
*All service complaints are individually reviewed by ABC Investigations Department and ABC General Counsel and Chief Compliance Officer.*

2 | P a g e



**INVESTIGATION REPORT**

633 Yesler Way, Seattle, WA 98104

## PROCESS SERVER STATEMENT

ABC's process server related to me, in essence, the following:

**The process server confirms that he made contact with Chelsea on two different occasions. On first occasion, Chelsea let the process server know that he needed to set up an appointment with Nicole Sundene and that it would be unlikely that Nicole decides to meet with the process server.**

**On the second occasion, the process server attempted to leave the documents at the front desk, but Chelsea objected. The process server complied and left the documents outside by the door while Chelsea said that she would call the police.**

## ACTION PLAN AND REMEDIATION

The process server confirmed that the documents were drop served as described in the proof of service and that he was not confrontational while attempting to serve documents at the service address. The process server denies allegations that he demanded that the clinic accept documents that are addressed to "Sunny Balwani, a former employee of the clinic".

After further review of the service, there was no indication found that the service was invalid or that service was attempted in an unprofessional manner.

---

*Reference #Balwani - FHWH - 0103509-02*
*Report prepared by: Aaron Nwaiwu, ABC Legal Services*
*All service complaints are individually reviewed by ABC Investigations Department and ABC General Counsel and Chief Compliance Officer.*