# EXHIBIT D

**Davis Wright Tremaine LLP**

Suite 3300
920 Fifth Avenue
Seattle, WA  98104

**Jeffrey B. Coopersmith**
206.757.8020 tel
206.757.7700 fax

jeffcoopersmith@dwt.com

April 2, 2019

Jeff Schenk
Assistant United States Attorney
U.S. Attorney's Office, Northern District of California
150 Almaden Boulevard. Suite 900
San Jose, CA 95113

Re:    *United States v. Holmes and Balwani*, Case No. CR-18-00258-EJD (N.D. Cal.)

Dear Jeff:

On March 11, 2019, on behalf of Mr. Balwani, we requested in writing that the Government produce all discovery to which Mr. Balwani is entitled. Among the specific requests in that letter was our request for production of all FBI 302s and equivalent memoranda, as well as all agent and SEC notes relating to the FBI 302s and equivalent memoranda of interviews. We have not yet received a response to my March 11 letter.

The need for production of agent notes underlying the FBI 302s and equivalent memoranda is brought into sharp focus by a recent development in the SEC case against Mr. Balwani. On Tuesday March 26, 2019, we took the deposition of ▮▮▮▮▮ in that matter. As you know, ▮▮▮ was previously interviewed by the FBI and representatives of the SEC on December 20, 2017 ("FBI Interview"), as is reflected in the FBI 302 of ▮▮'s interview, dated January 29, 2018. ▮▮▮ appears to be the government's principal witness supporting the wire fraud charge in Count Five of the First Superseding Indictment, which references a $4,875,000 investment on December 31, 2013 through ▮▮▮▮▮▮▮▮▮▮▮▮ In his FBI interview, among other things, ▮▮ stated that he made the audio recording of his December 20, 2013 telephone call with Ms. Holmes using his speakerphone while in his office in Texas "because he thought he would not remember everything said on the call." This audio recording by ▮▮▮ is also the subject of correspondence between Kevin Downey and the Government.

In his March 26, 2019 deposition under oath, ▮▮▮, when asked who taped the December 20, 2013 telephone call with Ms. Holmes, stated "I guess it was -- ▮▮▮▮▮▮▮ did.

4836-1196-4305v.1 0103509-000002

Jeff Schenk
April 2, 2019
Page 2

I wasn't supposed to be on the call, and he ████████ was going to be responsible for that . . . ."[1] He further testified that he was in California at the time of the call, and not Texas. ████ then claimed he did not know or could not remember whether he discussed taping the call with ████ prior to the telephone call with Ms. Holmes. When asked whether he previously told the FBI that he recorded the December 20, 2013 telephone call, as is clearly reflected in the FBI 302, ███ testified that "[i]f I did, I think it was a mistake, . . . I don't recall . . . I don't believe that that's a correct representation. I don't know." ████ followed this about-face with, "I've given you what I remember now, and if I remembered it differently before, I'm not – I would be surprised by that. But if I did, I did."

On March 25, 2019, ████████████, of the ████████████, was deposed in the SEC case. ████████ testified that he recorded the December 2013 telephone call in which ████ participated, consistent with ████'s testimony the following day, and inconsistent with ████'s FBI Interview. ████████ stated that he made the recording using a hand-held device, from a different location than ████. ████████ further testified that he made the recording because it was uncertain whether ████ would participate in the call. Notably, ████ reported a one-hour prep session, on March 21, 2019, with representatives of the SEC and DOJ prior to his deposition. We assume that ████████'s recollection that he recorded the call came up in that prep session.

In light of the centrality of ███'s testimony, Mr. Balwani makes the following specific requests in addition to the requests in our previous discovery correspondence:

1.      Hand-written notes of all interview participants (including, DOJ, SEC, and FBI personnel), drafts of the January 29, 2018 FBI 302 that purports to memorialize the December 20, 2017 interview of ████████, and any other writings that document or memorialize this interview;

2.      All FBI 302s, notes or other writings that document or memorialize the March 21, 2019 prep session with ████████████;[2]

3.      All communications with counsel for ████████████;

4.      All communications with counsel for ████████;

[1] Quotes and references to SEC deposition transcripts rely on rough drafts that are not yet certified by the court reporter.

[2] If notes were not taken, the government should now memorialize all statements made by ████████ or ████████ to counsel for the government that are *Brady*, including but not limited to all statements that contradict, or are inconsistent with, the statements of ████████, ████████ or other witnesses previously made to the government.

4836-1196-4305v.1 0103509-000002

Jeff Schenk
April 2, 2019
Page 3

     5.     All FBI 302s, notes, or other writings that document or memorialize any prep sessions with ███████;

     6.     All FBI 302s, notes, or other writings that document or memorialize any other deposition prep sessions relating to *SEC v. Balwani* (18-cv-01603-EJD);

     7.     Copies of all documents or recordings shown to ███████ or ██████████ in any prep sessions or interviews;

     8.     All documents or communications relating to law enforcement actions taken against, or referral of potential actions involving, ███████ or ██████████;

     9.     All documents or communications relating to decisions not to pursue or refer law enforcement actions against ███████ or ██████████; and

     10.     All communications between government counsel in the above-referenced matter and counsel for the SEC in *SEC v. Balwani* regarding ██████████, ███████, or the audio recording referenced above.

     Thank you for your prompt attention to this matter.

Very truly yours,

Jeffrey B. Coopersmith

cc:     Kevin Downey, Esq.
         Lance Wade, Esq.
         Seema Mittal Roper, Esq.
         Michelle Chen, Esq.