# EXHIBIT G

JINA L. CHOI (NY Bar No. 2699718)
MARC D. KATZ (Cal. Bar No. 189534)
  katzma@sec.gov
SUSAN F. LA MARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
JESSICA W. CHAN (Cal. Bar No. 247669)
  chanjes@sec.gov
RAHUL KOLHATKAR (Cal. Bar No. 261781)
  kolhatkarr@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

RECEIVED

JUN 07 2018

DAVIS WRIGHT TREMAINE LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | CASE NO. 18-CV-0016023-EJDF |
| Plaintiff, | **SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO DEFENDANT RAMESH BALWANI'S FIRST SET OF INTERROGATORIES** |
| vs. | |
| RAMESH "SUNNY" BALWANI. | |
| Defendant. | |

PROPOUNDING PARTY:    RAMESH BALWANI

RESPONDING PARTY:    SECURITIES AND EXCHANGE COMMISSION

SET NUMBER:    ONE

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff Securities and Exchange Commission ("Commission") hereby objects and responds to defendant Ramesh Balwani's First Set of Interrogatories to the Commission.



## OBJECTIONS AND RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 1:

IDENTIFY each and every PERSON YOU allege to be a victim of each fraudulent act alleged in the Complaint, including the PERSON or PERSONS you allege engaged in each such alleged fraudulent act.

RESPONSE TO INTERROGATORY NO. 1:

The above general objections and objections to definitions and instructions are hereby incorporated. The SEC further objects to this interrogatory on the grounds that it is overly broad, oppressive and unduly burdensome, premature, and not proportional to the needs of the case. To the extent the interrogatory intends for the SEC to respond to three questions – who the "victims" are as alleged in the Complaint, what "each fraudulent act" is as alleged in the Complaint, and who engaged in the fraudulent acts, the SEC declines to treat one interrogatory as three questions. The SEC has already identified "each fraudulent act" in the Complaint and the persons who engaged in the fraud, and to the extent necessary and known, identified the persons who were defrauded, misled, or otherwise targeted for deception. The SEC further objects to the interrogatory on the ground that it injects a term – victim – that it suggests is "allege[d]" in the Complaint but which never appears there. To the extent this term is meant to suggest an element of proof that is not a part of the violations in this case, the SEC further objects. Accordingly, in responding the SEC interprets the interrogatory as seeking information about the persons to whom Defendant or his cohorts directed their fraudulent acts alleged in the Complaint.

Notwithstanding, and subject to, the above objections, the SEC responds as follows:  The fraudulent acts, deceptions, deceptive courses of conduct, material misrepresentations and misleading omissions of fact (verbal and in writing) alleged in the Complaint spanned numerous years and included deceptions of and misrepresentations or omissions to large groups of persons including: investors who purchased Theranos's securities and potential investors to whom the same or similar falsehoods or deceptions were directed; business partners and potential business partners; members of the Theranos's former board of directors; medical patients, demonstration and test subjects, medical professionals, and others in the medical field; persons in the media who covered Theranos; and current and former Theranos employees. The persons who are currently known by name and who fall within the above categories have already been identified to Defendant in the SEC's Initial Disclosures (dated May 17, 2018). In addition, persons who regard themselves as the "victims" of the fraud alleged in the Complaint could well include investors who purchased or owned securities of other issuers who partnered with, or invested in, Theranos. Investors in those entities are as accessible to Defendant as

they are to the SEC, and no useful purpose would be served by the SEC, rather than the defendant, determining the identities of such persons.



-21-



DATED:  June 4, 2018

/s/ Rahul Kolhatkar
RAHUL KOLHATKAR
Attorney for Plaintiff
SECURITIES AND EXCHANGE
COMMISSION