# EXHIBIT H

1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           )

               PLAINTIFF,   )

VERSUS                              )   CASE NO. CR-06-0556 CRB

                            )   OCTOBER 4, 2006

GREGORY REYES,                      )   SAN FRANCISCO, CALIFORNIA

STEPHANIE JENSEN,                   )

             DEFENDANTS.  )

_____)

BEFORE THE HONORABLE CHARLES R. BREYER

UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

FOR THE GOVERNMENT:      KEVIN V. RYAN
                         DISTRICT ATTORNEY
                         BY:  CHRISTOPHER STESKAL
                         ASSISTANT UNITED STATES ATTORNEY
                         450 GOLDEN GATE AVENUE
                         SAN FRANCISCO, CALIFORNIA 94102

FOR THE DEFENDANT
GREGORY REYES:           SKADEN, ARPS, SLATE, MEAGHER AND FLOM LLP
                         BY:  RICHARD MARMARO, ESQ.
                         300 SOUTH GRAND AVENUE
                         LOS ANGELES, CALIFORNIA 90071

FOR THE DEFENDANT
STEPHANIE JENS:          KEKER & VAN NEST LLP
                         BY:  JAN NIELSEN LITTLE
                         ATTORNEY AT LAW
                         710 SANSOME STREET
                         SAN FRANCISCO, CALIFORNIA 94111

REPORTED BY:             JUANITA GONZALEZ, CSR NO. 3003

Case 5:18-cv-01602-EJD Document 78-8 Filed 05/23/19 Page 35 of 137
Case 2:05-cv-01631-JCE Document 348-8 Filed 05/23/08 Page 35 of 137

2

THE CLERK: CALLING CASE CR-06-0556, UNITED STATES OF AMERICA VERSUS GREGORY REYES, STEPHANIE JENSEN.

APPEARANCES, PLEASE, COUNSEL.

MR. STESKAL: CHRISTOPHER STESKAL FOR THE UNITED STATES.

MS. LITTLE: JAN LITTLE WITH MICHAEL SILIO(PHONETIC) AND LAURIE MILLS FOR STEPHANIE JENSEN, WHO IS PRESENT.

MR. MARMARO: GOOD AFTERNOON. RICHARD MARMARO FOR MR. REYES, WHO IS PRESENT.

THE COURT: SO WE HAVE A COUPLE OF THEM ON THE AGENDA. FIRST WE HAVE AN APPLICATION FOR RULE 17C SUBPOENAS WHICH BOTH DEFENDANTS HAVE REQUESTED. THE GOVERNMENT TAKES THE POSITION THEY HAVE NO OBJECTION TO THE ISSUANCE OF THESE SUBPOENAS, RESERVING THE RIGHT -- I DON'T KNOW IT'S THEIR RIGHT -- BUT AS THEY POINT OUT, AND I THINK CORRECTLY SO, ANY RECIPIENTS OF THE SUBPOENA WOULD HAVE THE RIGHT TO MOVE FOR FRAUD. WHETHER THAT WOULD BE SUCCESSFUL OR NOT, IS SOMETHING THAT WOULD BE LITIGATED IN A MOTION TO QUASH. MY UNDERSTANDING IS THAT THERE IS AN OBJECTION TO THOSE SUBPOENAS. SUBPOENAS ARE AUTHORIZED. I DON'T KNOW THAT I NEED TO SIGN SOMETHING. I GUESS I DO.

MS. LITTLE: WE SUBMITTED A PROPOSAL.

THE COURT: I THINK YOU DID. HERE WE GO. I HAVE ONE HERE. ONE THAT SAYS "CHAMBERS COPY, DO NOT FILE." I HAVE THAT ONE, ANOTHER ONE.

MS. LITTLE: THE ORDER IS FOR MISS JENSEN. IF YOU WANT

Case 5:18-cv-01603-EJD Document 78-8 Filed 05/02/18 Page 4 of 57
Case 2:05-cv-01631-JCC Document 134-8 Filed 11/20/2006 Page 6 of 27

3

TO ADD MR. REYES TO IT, TOO, THAT'S FINE.

THE COURT: I HAVE MR. REYES' RIGHT HERE AND I'LL SIGN HIS AS WELL. OKAY.

MR. MARMARO: YOUR HONOR --

THE COURT: NUMBER TWO, WE HAVE AN APPLICATION FOR STAY OF THE SEC LITIGATION, WHICH IS A STAY OF, I GUESS DISCOVERY OF THE SEC LITIGATION BY THE GOVERNMENT.

IS THAT CORRECT?

MR. STESKAL: IT'S CORRECT THAT THERE IS A MOTION TO STAY CIVIL DISCOVERY IN THE SEC CASE, YOUR HONOR; SO THERE ARE OTHER PARTIES TO THAT CASE THAT WILL BE HEARD TOWARD THE END OF THE MONTH.

THE COURT: I DON'T SEE ANY REASON -- IT'S YOUR MOTION. SEC ISN'T ASKING FOR IT TO BE STAYED.

MR. STESKAL: THE SEC HAS JOINED IN THE MOTION.

THE COURT: JOINED IN.

MR. STESKAL: NOT IN OPPOSITION TO IT.

THE COURT: SO YOU FILED A MOTION, THEY FILED A NON-OPPOSITION AND THE POSITION OF THE DEFENSE IS THAT IT SHOULD BE DENIED.

MS. LITTLE: CORRECT.

MR. MARMARO: YES.

THE COURT: FINE. IT'S DENIED. IT APPEARS TO ME THAT WITH ONE PROVISO -- AND I WANT TO TALK ABOUT THE PROVISO TO SEE IF IT'S A REASONABLE PROVISO -- THE PROVISO BEING THAT IF THE

Case 5:18-cv-01602-EJD Document 78-8 Filed 05/08/08 Page 5 of 15
Case 2:05-cv-01631-JCC Document 34-8 Filed 11/20/2006 Page 5 of 15

4

GOVERNMENT -- WHEN I SAY "THE GOVERNMENT," TALKING ABOUT THE UNITED STATES ATTORNEY'S OFFICE -- WISHES TO HAVE AN OBSERVER AT THE DEPOSITIONS, THEY SHOULD BE ENTITLED TO DO SO. THAT WAS ONE OF THEIR OBJECTIONS. THERE WAS A SERIES, BUT THAT IS ONE. THIS PERSON WOULD NOT PARTICIPATE IN THE DEPOSITION BECAUSE HE IS NOT A PARTY, HE OR SHE WOULD NOT BE A PARTY TO THEM. NEVERTHELESS, SOME OF THESE PEOPLE MAY VERY WELL BE WITNESSES IN THE CRIMINAL ACTION AND I DON'T SEE WHY IF THE DEPONENT -- TRYING TO FIGURE HOW THE DEFENSE HAS STANDING TO OBJECT AND WHY THEY SHOULD OBJECT. I MEAN, YOU MIGHT OBJECT, BUT I'M NOT SURE -- I DON'T KNOW ABOUT THAT, GIVEN THE CHOICE THAT I THINK YOU'RE GOING TO FACE, WHICH IS EITHER I LET THE DISCOVERY GO FORWARD IN ORDER TO PREPARE THE DEFENSE IN THE SEC CASE, BUT NEVERTHELESS RECOGNIZING THE EXISTENCE OF A CRIMINAL PROCEEDING OF WHICH I HAVE TO BELIEVE SOME OF THE MATERIALS AND MATTERS THAT ARE DISCUSSED WOULD BE GERMANE TO THE CRIMINAL PROCEEDING. I DON'T KNOW THAT THE GOVERNMENT SHOULD BE EXCLUDED FROM ATTENDING THAT.

MR. MARMARO: MAY I HAVE A MOMENT TO CONFER WITH COUNSEL?

THE COURT: YES.

(COUNSEL CONFER)

MR. MARMARO: YOUR HONOR, IT'S OUR BELIEF THAT THERE SHOULD BE FULL ROBUST DISCOVERY. WE HAVE NO PROBLEM WITH THE GOVERNMENT ATTENDING ANY DEPOSITION THEY WANT, AS LONG AS THEY UNDERSTAND THEY'RE NOT A PARTICIPANT, THEY COULDN'T COACH

Case 5:18-cv-01602-EJD Document 78-8 Filed 05/08/06 Page 68 of 127
Case 2:05-cv-01631-JCE Document 348-8 Filed 11/20/2006 Page 68 of 127

5

WITNESSES. WE WANT ALL THE FACTS TO COME OUT IN THIS CASE.

THE COURT: FINE. I APPRECIATE THAT. THAT'S AN APPROPRIATE RESPONSE UNDER THE CIRCUMSTANCES. AND JUST SO IT'S CLEAR, BECAUSE I HAVEN'T GIVEN A REASON FOR THE COURT RULING, IT APPEARS TO ME THAT WHEN THE SEC DECIDES THEY WANT TO CHARGE PEOPLE WITH A VIOLATION OF SECURITIES LAWS, WHICH THEY ARE ENTITLED TO DO AND HAVE A RIGHT TO DO AND DUTY TO DO, THEY INVITE, OF COURSE, THE DEFENSE TO RESPOND; AND THE DEFENDANT HAS THE RIGHT TO RESPOND IN CIVIL LITIGATION, AND SO I DON'T UNDERSTAND THE LOGIC IF THE SEC IS FILING CHARGES AGAINST PEOPLE AND THEN SAYING, "OH, BY THE WAY, DON'T DO ANY DISCOVERY, WE'LL WAIT A YEAR OR SO".

WHEN I SAY I DON'T UNDERSTAND THE LOGIC, WHAT I AM SAYING IS I DON'T REALLY APPRECIATE THE FUNDAMENTAL FAIRNESS OF THAT APPROACH OR THE FAIRNESS OF THAT APPROACH. THE DECISION WHETHER OR NOT TO FILE CHARGES REMAINS WITH THE SEC, BUT NOT WHEN YOU'RE THE PLAINTIFF CAN YOU DICTATE HOW THE DEFENSE SHOULD PROCEED AND WHEN THE DEFENSE SHOULD PROCEED.

WHEN YOU FILE THE CHARGES, YOU ARE DECIDING THE DEFENSE SHOULD PROCEED, AND SO I DON'T QUITE UNDERSTAND THE LOGIC OF THE MOTION. AND I THINK THAT THE PROBLEM YOU HAVE, MR. STESKAL, YOUR OPPOSITION IS SOMEWHAT TAKEN CARE OF BY THE WILLINGNESS OF THE DEFENSE TO INVITE YOU IN AND HAVE YOU OBSERVE THESE PROCEEDINGS.

SO THAT'S THE REASON FOR THE COURT'S RULING. OKAY?

6

NOW, I AM VERY PLEASED WITH THE DISCOVERY THAT'S BEEN PROVIDED BY THE GOVERNMENT TO DATE AND THEIR STATUS. I THINK THAT THEY APPEAR TO HAVE TAKEN FAIRLY SIGNIFICANT STRIDES IN PROVIDING INFORMATION TO THE DEFENSE. I THINK THE RULE 17C SUBPOENAS -- THE DEFENSE WILL HAVE A FAIR ABUNDANCE OF DISCOVERY MATERIALS IN CONNECTION WITH THE MATTER. I THINK THAT'S THE STATUS OF DISCOVERY. IS THERE SOMETHING I DON'T UNDERSTAND?

MR. MARMARO: YOUR HONOR, WE HAVE RECEIVED A LOT OF MATERIAL. UNFORTUNATELY, WE HAVEN'T RECEIVED SOME IMPORTANT MATERIAL IN THE CASE, AND I JUST WANT TO GIVE THE COURT A LITTLE PERSPECTIVE ON THAT AND TAKE THE COMMENT THE COURT MADE AT OUR LAST HEARING, HOW WE HAVEN'T RECEIVED WHAT THE COURT ENCOURAGED THE GOVERNMENT TO GIVE.

ON AUGUST 9TH THE GOVERNMENT TOLD THE MAGISTRATE JUDGE IT HAD 350 GIGABITS OF INFORMATION AND 80 BOXES OF INFORMATION. THE GOVERNMENT TURNED OVER VERY RECENTLY 164 GIGABITS, SO WE'RE A LITTLE SHY OF 200 GIGABITS IN TERMS OF WHAT THE GOVERNMENT HAD AND WHAT THEY HAVE GIVEN US. JUST TO GIVE A PERSPECTIVE, TALKING ABOUT MILLIONS OF PAGES OF DOCUMENTS. A GIGABIT IS ESTIMATED TO BE THOUSANDS AND THOUSANDS OF PAGES. THERE IS SOMETHING MISSING.

MORE IMPORTANT, BECAUSE I DON'T REALLY THINK THE CASE IS IN THOSE GIGABITS, I ACTUALLY THINK THE CASE IS IN THE JENS(PHONETIC) MATERIAL AND THE COURT ENCOURAGED THE GOVERNMENT TO OPEN ITS FILES IN THIS CASE. THE COURT SAID THERE SHOULD BE

Case 5:18-cv-01603-EJD Document 78-8 Filed 05/23/19 Page 8 of 15
Case 2:05-cv-01631-JCE JD Document 348-8 Filed 02/28/08 Page 20 of 37

7

NO -- THE COURT SAID, "IF THERE IS A WITNESS OR SOME WITNESSES THAT YOU DON'T WANT TO GIVE, LET ME KNOW WHICH ONES." THAT'S WHAT THE COURT SAID. AND THEN THE COURT ENDED BY SAYING, "PLEASE TURN OVER EVERYTHING".

WE HAVE GOTTEN NO JENS MATERIAL TO DATE, NO COMMITMENT FROM THE GOVERNMENT WHEN WE WILL GET JENS MATERIAL; AND ON THE ISSUE OF WHAT WE HAVEN'T GOTTEN, YOUR HONOR, MY VIEW, THE GOVERNMENT HAS A CORE SET OF DOCUMENTS IT KNOWS OF TODAY; IT'S IN THEIR OFFICE, EITHER IN BINDERS OR BOXES, MAYBE 100 PAGES, MAYBE A THOUSAND, BUT THE COURT AND THE GOVERNMENT NOTE THERE IS A CORE SET.

THE COURT: HAS THE GRAND JURY TESTIMONY BEEN TURNED OVER?

MR. MARMARO: NO; WE HAVEN'T GOTTEN IT. SO WHAT I AM SAYING IS, WHILE WE HAVE GOTTEN A LOT, YOUR HONOR, WE HAVEN'T GOTTEN THE CORE.

THE COURT: WHAT ABOUT THE JENS ACT MATERIAL AND THE GRAND JURY, WHEN WILL THAT BE TURNED OVER?

MR. STESKAL: I DID ADDRESS IT IN MY STATUS CONFERENCE STATEMENT AND THE ISSUE IS THIS -- AND AS I FRAMED IN THE STATUS CONFERENCE STATEMENT, TO WHAT EXTENT CAN THE JENS MATERIAL, THE F.B.I. 302 SUMMARIZING STATEMENT, BE USED DURING THE CIVIL DISCOVERY, AND PARTICULARLY THE CIVIL DEPOSITIONS? IN MY MIND, IT WOULD BE IMPROPER FOR THE CIVIL LAWYERS TO MARK THOSE 302'S AS EXHIBITS AND CROSS-EXAMINE THE DEPONENTS ON THOSE

302'S. THAT IS THE TYPE OF DISCOVERY THAT ISN'T PERMITTED. IT'S THERE UNDER CRIMINAL OR CIVIL RULES.

CRIMINAL RULES ALLOWS A LOT OF DEPOSITIONS AND CIVIL RULES A LOT OF DEPOSITIONS, BUT YOU DON'T GET SUMMARIES OF WITNESS STATEMENTS, NORMALLY WORK PRODUCT OF THE LAWYERS. I HAVE A CONCERN HOW THOSE DEPOSITIONS WILL BE USED. MY INITIAL SOLUTION WAS TO STAY DISCOVERY, WHICH WE ARE NOW BEYOND, AND I UNDERSTAND THAT. MY FALL-BACK SOLUTION WOULD BE A PROTECTIVE ORDER LIMITING THE USE OF THE 302'S IN THE CIVIL DEPOSITION PROCESS. IF THE DEFENSE WANTS CIVIL DISCOVERY AND YOUR HONOR IS WILLING TO GIVE IT TO THEM, I UNDERSTAND THAT RATIONALE. YOU STAKED OUT A POSITION ON THAT ISSUE BEFORE THIS WAS AN UPHILL BATTLE. LET THEM HAVE CIVIL DISCOVERY, BUT IT SHOULDN'T BE TO COMBINE THE CRIMINAL DISCOVERY INTO THE CIVIL PROCESS. THAT IS NOT --

THE COURT: YOU HAVE TWO CASES, ONE CIVIL, ONE CRIMINAL, NEITHER OF WHICH WERE INVITED BY THE DEFENSE, AND THE MATERIALS IN ONE CASE WOULD BE RELEVANT TO THE MATERIAL IN THE OTHER, SO IT'S A SOMEWHAT UNUSUAL SITUATION.

NOW, THERE ARE SEVERAL WAYS TO APPROACH IT. MAYBE YOUR APPROACH IS REASONABLE. MAY BE THAT THERE ARE WAYS TO PERHAPS ACCOMPLISH WHAT YOU WANT. IF IN FACT YOU'RE SAYING TO ME, "LOOK, WHAT WE DON'T WANT IS 302'S AS AN EXHIBIT IN A CIVIL DEPOSITION," WELL, I DON'T KNOW THAT THEY NEED TO HAVE IT AS AN EXHIBIT. THEY NEED THE INFORMATION, IS WHAT THEY NEED TO HAVE.

Case 5:18-cv-01603-EJD   Document 78-8   Filed 05/03/19   Page 12 of 15
Case 2:05-cv-01651-JCC   Document 134-8   Filed 11/20/2006   Page 22 of 27

9

YOU MUST GET REAL.  THEY WANT TO FIND OUT WHAT DID THIS WITNESS SAY ON WHAT OCCASION.  THEY WANT TO ASK QUESTIONS ABOUT IT.  I DON'T KNOW THAT THEY WANT TO SAY, "ISN'T IT A FACT THAT YOU TOLD SO AND SO ON A PARTICULAR DATE --" WOULDN'T BE AN IMPROPER QUESTION, BUT, "SHOWING YOU YOUR 302'S AND THE FACT YOU SAID THIS AND THAT," AND MARKING 302'S AS AN EXHIBIT, IF IN FACT ALL YOU WANT TO DO IS GET SOME AGREEMENT AS TO LIKE A PROTECTIVE ORDER WITH RESPECT TO 302'S AND YOU'RE HOLDING BACK THE PRODUCTION OF THOSE 302'S AND GRAND JURY TESTIMONY AND SO FORTH UNTIL YOU ARRIVE AT SOME SORT OF PROTECTIVE ORDER AS TO HOW IT WILL BE USED, MY SUGGESTION IS GO OUT IN THE HALL OR SPEND AN HOUR TRYING TO WORK IT OUT, OR HALF A DAY, WHATEVER, SEE IF YOU CAN COME TO AN AGREEMENT.  SEEMS THAT'S VERY EASY TO SAY SITTING HERE.  BUT WHY WOULDN'T THAT BE POSSIBLE?  TRADE OFF.  HAVE THOSE DOCUMENTS RIGHT AWAY.

MR. STESKAL:  THAT'S FAIR, YOUR HONOR, AND I THINK THAT'S WHERE WE'RE AT ORIGINALLY, WAS TO WAIT FOR THE CIVIL STAY TO BE RULED ON.

THE COURT:  HAVE A MEET AND CONFER ON IT.

MS. LITTLE:  I WOULD SAY IF THE ONLY ISSUE IS WHETHER WE MARK THESE EXHIBITS OR NOT, I WOULD BE AGREEABLE TO THAT.

THE COURT:  MIGHT BE A BIT MORE THAN THAT.  MIGHT BE YOU CAN EXAMINE BASED UPON THE INFORMATION THERE, BUT YOU OUGHT NOT TO BE ABLE TO SAY, "THE FACT THAT YOU TOLD AGENT X ON A PARTICULAR DAY," WHICH I CAN'T BELIEVE, SINCE THERE IS NO TRIER

Case 5:18-cv-01603-EJD   Document 78-8   Filed 05/03/19   Page 23 of 127
Case 2:05-cv-01631-JCG   Document 34-8   Filed 11/20/2006   Page 23 of 27

10

OF FACT IN FRONT OF YOU ANYWAY, THAT YOU WOULD CARE ABOUT THAT. YOU'RE NOT THERE TO IMPEACH THEM. YOU MIGHT BE THERE TO DEVELOP IMPEACHING MATERIAL, BUT THAT IS DIFFERENT FROM IMPEACHMENT. SO WHY CAN'T YOU WORK IT OUT?

MR. MARMARO: I DON'T KNOW THE GOVERNMENT'S POSITION. SEEMS TO ME THAT THIS IS A TRUTH FINDING TYPE PROCESS. IF THERE IS A STATEMENT IN THE 302'S THAT CANNOT WITHSTAND SCRUTINY IN DEPOSITION, THE GOVERNMENT SHOULD WANT TO KNOW THAT. IF THE F.B.I. AGENT SUMMARIZED IT WRONG, THE GOVERNMENT, SOMEBODY INTERESTED IN CORRECTING THE RECORD; AND IF WE CAN FACILITATE THAT IN A DEPOSITION, THEY SHOULD SAY MORE POWER TO US. I DON'T UNDERSTAND THE POSITION WHERE WE SHOULDN'T BE ABLE TO USE WHATEVER AVAILABLE DISCOVERY WE HAVE IN THE  --

THE COURT: WHAT'S WRONG WITH THAT IS YOU RUN AFOUL OF THE JENS ACT. YOU CAN ARGUE -- AND I THINK WHAT YOU ARE ARGUING TO ME IS THAT THE JENS ACT DOESN'T MAKE A LOT OF SENSE IN THE QUEST FOR THE TRUTH. THE MATERIAL SHOULD BE GIVEN AT THE OUTSET AND ALL YOUR ARGUMENTS WOULD FLOW FROM THAT, BUT THAT'S NOT THE LAW.

SO THE QUESTION IS, HOW DO YOU ACCOMMODATE WITHIN THE LAW YOUR UNDERSTANDING OF WHAT THEIR RIGHTS ARE UNDER THE LAW? HOW DO YOU GET ABOUT 80 PERCENT OR 70 PERCENT OF WHAT YOU NEED? I WILL GIVE YOU A FAIR AMOUNT OF LATITUDE. MAYBE YOU HAVE TO SIT DOWN AND GET INVOLVED WITH SOME NEGOTIATIONS, BASICALLY, YOU GAVE US WHAT WE NEED, BUT NOT EXACTLY THE WAY YOU WOULD LIKE TO

Case 5:18-cv-01603-EJD   Document 78-8   Filed 05/03/19   Page 12 of 15
Case 2:05-cv-01651-JCC   Document 134-8   Filed 1/20/2006   Page 124 of 127

11

USE IT.

MR. MARMARO:  WE'LL DO THAT, YOUR HONOR.

MR. STESKAL:  JUST FOR THE RECORD, WITH RESPECT TO GRAND JURY MATERIALS, THERE IS VERY LITTLE EXCEPT FOR AGENT SUMMARY'S (PHONETIC) TESTIMONY, AND THAT'S NOT A PERCIPIENT WITNESS.  WE DON'T INTEND TO TURN THAT OVER UNTIL HE IS GOING TO TESTIFY AT TRIAL.

THE COURT:  WELL, IF THE INFORMATION SAY THIS IS WHAT THE CASE IS ABOUT, LET'S GET THE JENS CASE OUT FIRST AND THEN WORRY ABOUT THE GRAND JURY.  THAT MAY BE OF SOME VALUE, MAY NOT.

MR. STESKAL:  JUST SUMMARIZING HIS REPORT.

THE COURT:  REPORT IS INCONSISTENT WITH -- OKAY.

MR. MARMARO:  WE HAVE ASKED FOR BRADY MATERIAL.

THE COURT:  THEY HAVE A CONTINUING OBLIGATION FOR BRADY MATERIAL.

MR. STESKAL:  I KNOW MY OBLIGATIONS.

MR. MARMARO:  WELL, YOUR HONOR, WE GET THAT A LOT -- "I KNOW MY OBLIGATIONS".  I THINK THEIR VIEW OF THE OBLIGATIONS AND THE COURT AND OUR VIEW MAY BE DIFFERENT.  CAN WE GET A STATEMENT FROM THE GOVERNMENT THEY'LL TURN OVER MATERIAL, ANY MATERIAL, BY A CERTAIN DATE?

THE COURT:  YOU CAN DO THAT.

MR. STESKAL:  ONCE WE RESOLVE THE JENS ISSUES, THEY WILL HAVE EVERYTHING BY A CERTAIN DATE.

MR. MARMARO:  THANK YOU.

Case 5:18-cv-01603-EJD   Document 78-8   Filed 05/03/19   Page 13 of 15
Case 2:05-cv-01651-JCC   Document 134-8   Filed 11/20/2006   Page 13 of 15

12

MS. LITTLE:  MIGHT I INQUIRE THROUGH THE COURT ABOUT THIS MISSING 150 GIGABITS OF MATERIAL?

MR. STESKAL:  I DON'T HAVE ANY MORE GIGABITS TO GIVE. IF I SAID 350 IN FRONT OF THE MAGISTRATE, I THINK 300 IN FRONT OF THIS COURT, I HAVEN'T GONE INTO THE HARD DRIVE AND LOOKED AT THE GIGABITS.

THE COURT:  OKAY.  GOT YOUR CALENDAR IN FRONT OF YOU?

MR. MARMARO:  YES.

THE COURT:  MARK THE DAY OF JUNE 18.  THAT'S THE DAY THAT TRIAL WILL START.  THE JURY SELECTION WILL BE JUNE 11TH. TESTIMONY WILL BEGIN ON JUNE 18 AND OPENING STATEMENTS. PRETRIAL WILL BE MAY 15, 2:30.

THANK YOU VERY MUCH.

MR. STESKAL:  EXCLUDE TIME UP TO PRETRIAL CONFERENCE?

THE COURT:  YES, FOR A VARIETY -- THERE'S GOING TO BE A FAIR AMOUNT OF DISCOVERY REVIEW OF THESE MATERIALS AND STUFF. ANY OBJECTION TO MY EXCLUDING TIME?

MR. MARMARO:  NO.

MS. LITTLE:  NO.  DOES THE COURT HAVE PREFERENCE ABOUT MOTIONS?

THE COURT:  YOU WORK IT ALL OUT YOURSELF.  JUST KNOW THAT THESE DATES, THE ONES I PICKED, IS WHEN THE CASE GOES. FIGURE OUT WHAT YOU NEED TO DO, HOW YOU'RE GOING TO DO IT, AND WORK WITHIN --

MR. MARMARO:  WE ARE GOING TO DO EVERYTHING TO COMPLY.

13

WE DON'T KNOW HOW MUCH MATERIAL THERE IS TO REVIEW AND HAVEN'T GOTTEN INTO THE DISCOVERY YET.  I WANTED TO ALERT THE COURT TO THAT FACT.

THE COURT:  SOMEBODY TOLD ME YOUR FIRM IS LARGER THAN THE U.S. ATTORNEY'S OFFICE.  IS THAT TRUE OR NOT?

MR. MARMARO:  THE QUALITY OR QUANTITY?

THE COURT:  QUANTITY.

MR. MARMARO:  YES; I THINK WE PROBABLY HAVE MORE LAWYERS, BUT NOT ON THIS CASE.

THE COURT:  YOU MAY HAVE TO MATCH THEM LAWYER TO LAWYER.  MY GUESS IS YOU'VE ALREADY DONE THAT, TIMES SEVERAL.

MR. MARMARO:  WE'LL DO THE BEST WE CAN, YOUR HONOR.

ONE OTHER SCHEDULING MATTER.  ON OCTOBER 20TH I THINK WE HAVE ANOTHER MATTER ON CALENDAR, SEC CASE, I BELIEVE.  THE ONLY REASON I RAISE IT IS THAT I HAVE A LONGSTANDING PERSONAL OBLIGATION IN WASHINGTON.

THE COURT:  WORK IT OUT WITH THE SEC.

MR. MARMARO:  I JUST WANTED TO TELL THE COURT.  WE'LL SUBMIT A STIPULATION OF PROPOSED ORDER.

THE COURT:  SEE YOU IN MAY.

14

        I CERTIFY THAT THE FOREGOING TRANSCRIPT IS A TRUE AND CORRECT RECORD OF THE PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER.

JUANITA GONZALEZ
CSR NO. 3003