# EXHIBIT I

MARC J. FAGEL (Cal. Bar No. 154425)
ROBERT L. MITCHELL (Cal. Bar No. 161354)
  mitchellr@sec.gov
CARY S. ROBNETT (Cal. Bar No. 160585)
  robnettc@sec.gov
ERIC M. BROOKS (Cal. Bar No. 209153)
  brookse@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BARBRA ALEXANDER, BETH PIÑA, MICHAEL E. SWANSON, AND APS FUNDING, INC.,<br><br>Defendants. | Case No. 10-cv-4535-LHK<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT SWANSON'S MOTION TO STAY HIS ANSWER TO THE COMPLAINT AND DISCOVERY PENDING RESOLUTION OF THE CRIMINAL CASE**<br><br>**DATE:** December 21, 2010<br>**TIME:** 1:30 p.m.<br>**LOCATION:** Courtroom 4 |

## I.     INTRODUCTION

This is a civil enforcement action by plaintiff Securities and Exchange Commission ("Commission") to enjoin violations of the federal securities laws and recover money taken from defrauded investors. As alleged in the Commission's complaint, defendants Barbra Alexander, Beth Piña, Michael E. Swanson and APS Funding, Inc. (together, "Defendants"), misappropriated approximately $2.5 million of the $7 million they raised from close to 50 investors through the fraudulent sale of interests in two real estate investment funds.

One of the four defendants, Swanson, now asks the Court to stay the Commission's entire action—including all discovery—pending the resolution of a criminal proceeding against him. Swanson contends that, absent a stay, he will be forced to choose between defending himself in this civil action and asserting his Fifth Amendment privilege against self-incrimination.

Swanson's motion should be denied, as it will unnecessarily interfere with the public's interest in this securities enforcement action. As the Ninth Circuit has held, there is no requirement that a court stay a civil action because a defendant is also the subject of a parallel criminal proceeding. *See Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), *cert. denied* 516 U.S. 827 (1995). Rather, where, as here, the civil action is brought by a government agency charged with enforcing federal law, courts recognize that the strong public interest in prompt resolution of enforcement actions weighs heavily against a stay.

Moreover, even if the Court finds it appropriate to stay discovery as to Swanson, it should nonetheless allow the parties to proceed with other discovery, including from defrauded investors and other third-party witnesses. As discussed further below, such a limited stay would allow the parties to preserve testimony from key witnesses before their memories fade, or they otherwise become unavailable.

For these reasons, Swanson's motion should be denied.

## II. FACTS

The Commission filed its complaint in this case on October 7, 2010. *See* Docket Entry 1 (Complaint). The complaint alleges that, from at least 2006 through 2009, Defendants raised $7 million from nearly 50 investors for two real estate investment funds the Defendants controlled. In written offering materials, and also verbally, Defendants told investors that their money would be used to fund short-term, fixed-rate real estate loans. *Id.,* ¶ 1.

The complaint alleges that, contrary to these representations, Defendants misappropriated approximately $2.5 million of investor funds for their own use. *Id.,* ¶ 2. In order to conceal their misappropriation, as well as the poor performance of the real estate loans Defendants did make, Defendants regularly sent investors false account statements. *Id.,* ¶ 4.

The complaint alleges that Defendants' scheme violated the antifraud and registration provisions of the federal securities laws. In relief, the Commission seeks a Court order that enjoins Defendants from further securities law violations, requires them to disgorge their ill-gotten gains plus prejudgment interest, and imposes civil monetary penalties. *Id.,* ¶ 5.

On October 6, 2010, the U.S. Attorney's Office for the Northern District of California ("USAO") unsealed an indictment against Swanson, Alexander and Piña concerning their fraudulent sales and other conduct relating to the two real estate investment funds. *U.S. v. Alexander, et al.,* 10-cr-730-JF. On November 23, 2010, Judge Fogel entered an order finding that the pending civil and criminal actions are related, but that reassignment of the civil case to him was not warranted. *See* Docket Entry 19.

## III. ARGUMENT

### A. The Court Should Not Stay This Commission Enforcement Action

The mere fact that Swanson is a defendant in a parallel criminal proceeding is not, by itself, a basis for the Court to stay this civil enforcement action. Indeed, the Ninth Circuit rejected such a claim in *Keating,* when it upheld a lower court's refusal to stay a banking regulator's enforcement action against a defendant who, like Swanson, had already been criminally charged. The *Keating* court found that:

> A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege. Not only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in the civil proceeding.

*Keating,* 45 F.3d at 326; *see also SEC v. Colello,* 139 F.2d 674, 677 (9th Cir. 1998) ("Parties are free to invoke the Fifth Amendment in civil cases, but the Court is equally free to draw adverse inferences from their failure of proof.")

*Keating* stated that when presented with a stay request like Swanson's, a court should consider "the extent to which the defendant's fifth amendment rights are implicated." 45 F.3d at 324 (*quoting Federal Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir. 1989)). In

addition, the court:

> should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325 (*quoting Molinaro*, 889 F.2d at 903).

Here, Swanson's limited interest in delaying this civil action is outweighed by the other *Keating* factors, which favor allowing this case to proceed. As the primary public agency charged with protecting investors under the securities laws, the Commission has a strong interest in proceeding with this litigation now, in order to promptly obtain the injunctive and monetary relief it seeks against the Defendants.

In addition to its interest in proceeding with the litigation generally, the Commission has a particular interest in proceeding with one aspect of the case: discovery from third-party witnesses, including investors. As alleged in the complaint, Defendants began their fraud some four years ago. Were the Court to grant Swanson's request for stay of these proceedings, discovery would be delayed indefinitely, substantially increasing the odds that the memories of key third-party witnesses might fade, or that they might otherwise become unavailable, and that documents in their possession may be lost. For these reasons, the second *Keating* factor, the plaintiff's interest in proceeding expeditiously, weighs against a stay.

The fifth *Keating* factor, the interests of non-parties, also weighs against a stay. Findings of fraud against the Defendants in this case may substantially assist non-party investors who lack the resources to litigate their claims individually. Moreover, should the Commission obtain the monetary relief it seeks against Defendants, it may be able to provide defrauded investors with at least a partial recovery of their losses. Thus, the interests of non-party investors who were harmed by the Defendants' fraud also favor prompt resolution of the Commission's case.

SEC v. Alexander, et al.                    -4-                    PLAINTIFF'S OPPOSITION TO
Case No. 10-cv-4535-LHK                                           SWANSON'S MOTION TO STAY

The sixth *Keating* factor, the public's interest in the pending civil and criminal actions, also weighs against a stay. Prompt resolution of Commission enforcement actions promotes public confidence in the securities markets. That the public interest favors allowing the Commission's action to proceed is further evidenced by the fact that the USAO has not requested a stay.

Finally, the third *Keating* factor, the Court's interest in managing its docket, also weighs against a stay. Even should Swanson be acquitted of the criminal charges against him, the Commission's case will remain. Rather than delay discovery pending resolution of the criminal case, the Court's interest in managing its docket favors allowing the parties to proceed with discovery now, to ensure that this case can be promptly brought to trial.

For these reasons, Swanson's request for a stay should be denied.

**B.      Should the Court Impose a Stay, It Should Nonetheless Allow Third-Party Discovery to Proceed**

When faced with a defendant's request to stay a civil action pending resolution of a parallel criminal proceeding, a court should consider whether "less drastic means" exist to protect the defendant's Fifth Amendment rights. *Favaloro v. S/S Golden Gate, et al.*, 687 F. Supp. 475, 482 (N.D. Cal. 1987). The *Favaloro* court, for example, rejected a stay request and instead directed the parties to "agree on a discovery plan that will be least likely to intrude on defendants' *fifth amendment* rights." *Id.* (italics in original).

In this case, the Court should reject Swanson's request for a stay of all proceedings because less drastic means exist to protect his Fifth Amendment interests. Specifically, should the Court impose any stay, it should be a limited one that prohibits only discovery from Swanson, and allows all other discovery to proceed. A limited stay would allow the parties to obtain discovery now from important third-party witnesses, before such evidence is lost due to the passage of time. Moreover, a limited stay would allow Swanson to postpone his decision whether to assert his Fifth Amendment privilege until the resolution of the criminal case against him.

For these additional reasons, Swanson's motion for a stay of all proceedings should be denied. Should the Court enter any stay, it should be limited to prohibit only discovery from

SEC v. Alexander, et al.                          -5-                    PLAINTIFF'S OPPOSITION TO
Case No. 10-cv-4535-LHK                                                  SWANSON'S MOTION TO STAY

Swanson, and should specifically allow third-party discovery to proceed.

## IV. CONCLUSION

For all the foregoing reasons, defendant Swanson's motion to stay his answer to the complaint and all discovery should be denied.

Dated: November 30, 2010                    Respectfully submitted,


                                           /s/ Robert L. Mitchell
                                           Robert L. Mitchell
                                           Attorney for Plaintiff
                                           SECURITIES AND EXCHANGE
                                           COMMISSION

SEC v. Alexander, et al.                    -6-                    PLAINTIFF'S OPPOSITION TO
Case No. 10-cv-4535-LHK                                            SWANSON'S MOTION TO STAY

## CERTIFICATE OF SERVICE

I, Janet Bukowski, am a citizen of the United States, over 18 years of age, and am not a party or counsel to a party in this action. On November 30, 2010, I served a true and correct copy of the following:

**PLAINTIFF'S OPPOSITION TO DEFENDANT SWANSON'S MOTION TO STAY HIS ANSWER TO THE COMPLAINT AND DISCOVERY PENDING RESOLUTION OF THE CRIMINAL CASE**

via **UPS overnight mail** addressed to the following:

Beth Piña
1020 East, 220 North
Fairfield, ID 83327

Barbra Alexander
21 Alta Mesa Circle
Monterey, CA 93940

APS Funding, Inc.
c/o Donald P. Hateley, Esq. CPA
Hateley & Hampton
201 Santa Monica Blvd., Suite 300
Santa Monica, CA 90401-2224

Michael Swanson
1188 Fargo Court
Seaside, CA 93955

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at San Francisco, California, on November 30, 2010.

_Janet Bukowski_
Janet Bukowski

SEC v. Alexander, et al.
Case No. 10-cv-4535-LHK

-7-

PLAINTIFF'S OPPOSITION TO
SWANSON'S MOTION TO STAY