ERIN E. SCHNEIDER (Cal. Bar No. 216114)
MARC D. KATZ (Cal. Bar No. 189534)
katzma@sec.gov
SUSAN F. LA MARCA (Cal. Bar No. 215231)
lamarcas@sec.gov
JESSICA W. CHAN (Cal. Bar No. 247669)
chanjes@sec.gov
RAHUL KOLHATKAR (Cal. Bar No. 261781)
kolhatkarr@sec.gov
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone:   (415) 705-2500

*Attorneys for Plaintiff*

JEFFREY B. COOPERSMITH (Cal. Bar No. 252819)
jeffcoopersmith@dwt.com
STEPHEN A. CAZARES (Cal. Bar No. 201864)
stevecazares@dwt.com
KELLY M. GORTON (Cal. Bar No. 300978)
kellygorton@dwt.com
*Additional Attorneys Listed After Signatures*
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone:   (415) 276-6500

*Attorneys for Defendant RAMESH BALWANI*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RAMESH "SUNNY" BALWANI,<br><br>　　　　　Defendant. | CASE NO. 18-CV-01603-EJD<br><br>**[PROPOSED] SUPPLEMENTAL STIPULATED PROTECTIVE ORDER REGARDING FDA OR CMS INFORMATION** |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or otherwise privileged information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Securities and Exchange Commission ("SEC") and Defendant Ramesh Balwani (collectively, the "Parties") hereby stipulate to and petition the court to enter the following Supplemental Stipulated Protective Order.

The Parties agree that this Order applies to any and all documents or information produced, or testimony given, by the Food and Drug Administration ("FDA") and/or the Centers for Medicare and Medicaid Services and its contractors or agents (collectively "CMS") previously, currently, or in the future, in response to requests from the SEC and/or the Department of Justice ("DOJ") and/or to subpoenas in this action (hereafter, "documents and information produced by FDA and CMS"). The Parties also acknowledge and agree that, except as set forth below, this Order incorporates by reference all terms, provisions, and protections set forth in the Stipulated Protective Order entered by this Court on August 27, 2018, and further agree that this Supplemental Stipulated Protective Order shall control with respect to documents and information produced by the FDA and CMS.

2. <u>PROTECTED HEALTH INFORMATION</u>

2.1     "Protected Health Information" or "PHI" means "protected health information" as defined in 45 C.F.R. § 160.103.

2.2     "Covered Entity or Entities" means "covered entity" as defined in 45 C.F.R. §160.103.

2.3     Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of compliance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Parties' legal counsel in this case, the employees and agents of each party, and all non-party Covered Entities are expressly and specifically authorized to use or disclose PHI in accordance with this order to:

      (a) respond to Interrogatories, Requests for Admission, or Requests for Production of Documents, including electronically stored information ("ESI"), served pursuant to the Federal Rules of Civil Procedure in this case seeking PHI;

      (b) request interviews or depositions and interview, depose, or respond in interviews or depositions in which PHI might be disclosed;

      (c) prepare briefs and other materials for the Court so long as such materials are treated in accordance with the Stipulated Protective Order and the Supplemental Stipulated Protective Order; and

      (d) disclose PHI to a party's expert regardless of whether the expert is a consulting or testifying expert.

      2.4    Pursuant to 45 C.F.R. § 164.512(e)(1) and for purposes of HIPAA compliance, each deponent noticed for deposition in this case, including but not limited to a party, a fact witness, a records custodian, an expert, or a Covered Entity of any type, is expressly and specifically authorized to use or to disclose to the Parties' legal counsel in this case and the employees and agents of each party and each party's legal counsel in this case, the PHI that is responsive to deposition questions or a valid subpoena *duces tecum.*

      2.5    The intent of this Supplemental Stipulated Protective Order is to authorize the use and disclosure of PHI in accordance with 45 C.F.R. § 164.512(e) and the terms of this Supplemental Stipulated Protective Order. To the extent that the uses and disclosures of PHI authorized under this Supplemental Stipulated Protective Order may be permitted under other provisions of the HIPAA Privacy Rule, such uses and disclosures shall be made pursuant to and in accordance with 45 C.F.R. § 164.512(e). This section shall not apply to uses and disclosures of PHI that are not authorized under this Supplemental Stipulated Protective Order.

3. **PRIVACY ACT AND OTHER PERSONAL PRIVACY INFORMATION**

Pursuant to 5 U.S.C. § 552a(b)(11), this Supplemental Stipulated Protective Order authorizes CMS to release Privacy Act-protected information covered by this Supplemental Stipulated Protective Order, without the consent of the subject individual.

As set forth in 21 C.F.R. § 20.63, any personnel, medical, and similar files, disclosure of which constitutes a clearly unwarranted invasion of personal privacy, provided by FDA to any Party shall not be disclosed publicly unless the requisite consent, as set forth in the regulation, is obtained.

4. **TRADE SECRET AND CONFIDENTIAL COMMERCIAL INFORMATION**

Subject to the provisions of Section 6, all documents and information produced by FDA and CMS in this matter, including but not limited to documents that Theranos, Inc. marked as confidential commercial information and/or trade secret information and submitted to FDA and/or CMS, shall be treated by default as containing confidential commercial information and/or trade secret information in accordance with Section 5 of this Supplemental Stipulated Protective Order. Theranos (assignment for the benefit of creditors), LLC (hereinafter "Theranos ABC"), the successor in interest to Theranos, Inc., has granted a waiver permitting FDA and CMS to release responsive documents containing its confidential commercial information and trade secret information to the Parties subject to the Court's entry of this Supplemental Stipulated Protective Order.

5. **DESIGNATING PROTECTED MATERIAL**

CMS and FDA are not subject to the provisions in section 5 of the Stipulated Protective Order. All documents and information produced by FDA and CMS shall either be designated "FDA/CMS - CONFIDENTIAL" or, if not so designated, shall be identifiable as originating from FDA or CMS by their Bates number, which shall contain the words FDA, CMS, or DHHS, as appropriate.

Mr. Balwani agrees to this provision solely to facilitate the production of responsive documents from the FDA and CMS without further delay. He takes no position on the appropriateness of the government's request to designate documents as confidential without actually determining whether any particular documents are worthy of that designation.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

Given the nature of the documents and information produced by FDA and CMS, in lieu of the procedures set forth in section 6.2 of the Stipulated Protective Order and before a Party seeks judicial intervention under the procedures set forth in section 6.3 of the Stipulated Protective Order, the Parties shall email the assigned Assistant United States Attorney representing FDA and/or CMS in the above-captioned action to inquire whether the agency objects to public disclosure of a specific document(s) and if so, to provide the agency the opportunity to redact the document(s) for public filing, if possible. The assigned Assistant United States Attorney shall provide an email response to any such inquiries promptly, but no later than seven (7) business days after receiving the inquiry. The Party must also email the relevant Theranos ABC attorneys to inquire whether Theranos ABC objects to public disclosure of a specific document(s) and if so, to provide Theranos ABC the opportunity to redact any Theranos confidential commercial information and/or trade secret information on the document(s) for public filing, if possible. Theranos ABC shall provide an email response to any such inquiries promptly, but no later than seven (7) business days after receiving the inquiry. To the extent Theranos ABC seeks to add any redactions to any document produced by FDA or CMS, a copy of the public filing must immediately be provided to the Assistant United States Attorney representing FDA and/or CMS in the above-captioned action.

7. <u>FILING PROTECTED MATERIAL</u>

In addition to the provisions contained in the Stipulated Protective Order, the Parties agree to redact PHI, personal privacy information, trade secrets, and confidential commercial information subject to the Supplemental Stipulated Protective Order from affidavits, briefs,

1 memoranda, exhibits, motions, or other papers filed under seal in Court in this action where the information is not pertinent to the issue before the Court. All PHI, personal privacy information, trade secrets, and confidential commercial information subject to the Supplemental Stipulated Protective Order will be redacted in all public filings.

8. <u>DISCLOSURE OF PROTECTED INFORMATION</u>

The Parties may only disclose documents and information produced by FDA and CMS to the parties referenced in in sections 7.2(a)-(g) of the Stipulated Protective Order, as modified below:

(a) the Receiving Party's Counsel;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(e) any witness (and their Counsel) during examination in this action. If this disclosure is made in deposition, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f) Ramesh "Sunny" Balwani;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

9. <u>ADDITIONAL PROTECTIONS</u>

Nothing in this Supplemental Stipulated Protective Order shall prohibit FDA or CMS from seeking additional protections for the documents and information they produce in this matter.  Conversely, nothing in this Supplemental Stipulated Protective Order shall prohibit the

Parties from seeking from the Court, upon notice to the Producing Party and Theranos ABC reduced protections for documents and information FDA or CMS produce in this matter in accordance with section 6 above.

      A.      All documents and information produced by FDA and CMS (unless de-designated) shall not be discussed in a manner that reveals the content of the document or information with any persons except the persons and entities referenced in section 8 above.

      B.      If either party desires to utilize any of the documents and information produced by FDA and CMS (unless de-designated) for any purposes during the trial in the above captioned matter, the following procedures shall be followed unless the Court otherwise orders:

      (1)      Any documents and information produced by FDA and CMS (unless de-designated) actually admitted into evidence shall be placed under seal of the Court, subject only to the inspection of the jury empaneled in this matter and the parties referenced in section 8 above;

      (2)      Any documents and information produced by FDA and CMS (unless de-designated) used for any purposes during trial but not admitted into evidence shall be retained by the offering party and shall not be further disseminated.

      C.      Upon completion of this litigation:

      (1)      The Defendant shall notify CMS of the completion of this litigation so that the agency can complete its disclosure tracking obligations.  Such notification should be sent to DataUseAgreement@cms.hhs.gov and CMS counsel and a copy of this Supplemental Stipulated Protective Order should be attached.

      (2)      All copies of documents and information produced by FDA and CMS (unless de-designated) shall be returned to the FDA or CMS through the Assistant United States Attorney assigned to represent FDA and/or CMS in the above-captioned action, or (1) destroyed by the Defendant's attorneys in possession of such material; and/or (2) treated as required under the SEC's records retention requirements.  If the Parties opt to destroy the documents subject to this

Supplemental Stipulated Protective Order, they shall certify in writing to the Assistant United States Attorney assigned to represent FDA and/or CMS in the above-captioned action and to Theranos ABC attorneys, within five (5) days of destruction, that all such documents have been destroyed. Documents and information produced by FDA and CMS that were admitted into evidence at trial as described in Paragraph C of this Supplemental Stipulated Protective Order, shall remain under seal.

   D. Violation by the Parties of any of the provisions of this Supplemental Stipulated Protective Order shall result in the imposition of penalties and sanctions to be determined by the Court. The Court shall retain jurisdiction to enforce the provisions of this Supplemental Stipulated Protective Order beyond the term of this action.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

E.   Nothing in this Supplemental Stipulated Protective Order constitutes a waiver of Mr. Balwani's constitutional rights.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 29, 2019                    Respectfully submitted,

/s/ Susan F. LaMarca
Susan F. LaMarca
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone:(415) 705-2500
*Attorneys for Plaintiff*

/s/ Jeffrey B. Coopersmith
Jeffrey B. Coopersmith
Stephen A. Cazares
Kelly M. Gorton
Stephen Rummage (*pro hac vice*)
Mark Bartlett (*pro hac vice*)
Benjamin J. Byer (*pro hac vice*)
Amanda McDowell (*pro hac vice*)
Max Hensley (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone:(415) 276-6500
*Attorneys for Defendant Ramesh Balwani*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____        _____
                                United States District/Magistrate Judge