UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>RAMESH "SUNNY" BALWANI,<br><br>    Defendant. | CASE NO. 18-CV-01603-EJD<br><br>[PROPOSED] SUPPLEMENTAL STIPULATED PROTECTIVE ORDER FOR FORTRESS INVESMENTMENT GROUP LLC |

On February 21, 2019, Defendant Ramesh Balwani served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action on Fortress Investment Group LLC (the "Subpoena"). Fortress Investment Group LLC ("Fortress") declined to produce documents in response to the Subpoena without the entry of a supplemental protective order because Fortress contends that some of the information requested by the Subpoena requires a higher level of protection than currently provided for by the Stipulated Protective Order (Dkt. No. 40) entered by this Court on August 27, 2018 ("Stipulated Protective Order").[1]

Defendant Balwani supports the entry of this Supplemental Protective Order and Plaintiff Securities and Exchange Commission ("SEC") does not oppose it. The SEC and Defendant Balwani expressly acknowledge that this Supplemental Order only applies to documents or information produced by Fortress in response to the Subpoena. Fortress claims that some responsive documents contain confidential, proprietary, or otherwise highly sensitive information for which protection from public disclosure and from use for any purpose other than this Litigation may be warranted. The Parties also acknowledge and agree that, except as set forth below, this Supplemental Order incorporates by reference all terms, provisions, and protections set forth in the Stipulated Protective Order.

2.  DEFINITIONS

2.2-1 "FORTRESS HIGHLY CONFIDENTIAL": information or items (regardless of how generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) which contain highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or the business or competitive position of Fortress. "FORTRESS HIGHLY CONFIDENTIAL" shall constitute a subcategory of the "CONFIDENTIAL PER P.O." designation.

---

[1] Filed herewith is the Declaration of Michele Moreland, an attorney and Director at Fortress, in Support of Supplemental Protective Order for Fortress Investment Group LLC setting forth why Fortress believes a higher level of protection is required for some of its information.

5.  DESIGNATING PROTECTED MATERIAL

    5.4  <u>Designation of material as "FORTRESS HIGHLY CONFIDENTIAL"</u>
Notwithstanding the provisions of paragraph 5.2 of the Stipulated Protective Order, a designation by Fortress of material or information as "<u>FORTRESS HIGHLY CONFIDENTIAL</u>" shall satisfy the duty of Fortress to designate and such materials shall be afforded the full protection of the Stipulated Protective Order.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.4  <u>Judicial Intervention regarding materials designated "FORTRESS HIGHLY CONFIDENTIAL."</u> After two unsuccessful challenges (by any party) to documents designated as "<u>FORTRESS HIGHLY CONFIDENTIAL</u>," the procedure set forth in paragraph 6.3 of the Stipulated Protective Order shall be modified for any subsequent challenge so that any party seeking a third challenge to a designation by Fortress must initiate the court intervention process. In that event, the Challenging Party shall file and serve a motion to challenge the designation, accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in Paragraph 6.3. Failure by the Challenging Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the challenge to the Fortress designation for each challenged designation. The burden of persuasion would remain on Fortress as the Designating Party.

    6.5  <u>Judicial Intervention by Third Parties</u>. The meet and confer and judicial intervention requirements set forth in paragraph 6.3 or paragraph 6.4 apply equally to a Party's motion of support or statement of non-opposition to a third party's motion to unseal filings which contain documents or information designated by Fortress as "CONFIDENTIAL PER P.O" or "FORTRESS HIGHLY CONFIDENTIAL."

7.  ACCESS TO AND USE OF PROTECTED MATERIAL

    For this Supplemental Protective Order, Paragraphs 7.3 and 7.4 are added to the Stipulated Protective Order and read as follows:

    7.3  <u>Disclosure of Information or Items Designated by Fortress as "FORTRESS HIGHLY CONFIDENTIAL."</u> Unless otherwise ordered by the court or permitted in writing by Fortress, a

Receiving Party may disclose any information or item designated "<u>FORTRESS HIGHLY CONFIDENTIAL</u>" only to:

    (a) the Receiving Party's Counsel;

    (b) Subject to paragraph 7.4, experts (as defined in the Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Stipulated Protective Order);

    (c) the court and its personnel;

    (d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    (e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;[2]

    (f) the SEC may use and disclose the information as set forth in the Stipulated Protective Order ¶ 7.1, and in Exhibit B thereto, the SEC Form 1662.

    7.4  <u>Procedure for Disclosure of Information or Items Designated as "FORTRESS HIGHLY CONFIDENTIAL" to Experts.</u> Disclosure may be made to experts under paragraph 7.3 only upon the following terms:

    (a) Prior to a Receiving Party giving, showing, disclosing, making available, or communicating material designated as "<u>FORTRESS HIGHLY CONFIDENTIAL</u>," the expert shall be identified in writing to Fortress' counsel by name, address, and corporate, business, or other professional affiliation or employment, together with a copy of the expert's current curriculum vitae. If not contained within the curriculum vitae, the Receiving Party shall provide a list of the expert's other or former consulting engagements

---

[2] Where it is not clear from the face of a document or the document's metadata that a witness is an author or recipient of a document or a custodian or other person who otherwise possessed or knew the information, the witness may be shown the document for the limited purpose of making this determination. If, after showing the document to the witness, it is determined that the witness is not an author or recipient of a document or a custodian or other person who otherwise possessed or knew the information, then the document must immediately be set aside. Further, after such determination, the document may not be marked as an exhibit or otherwise used to question the witness.

1  in the past three (3) years, provided that if the expert is prevented from disclosing the

2  details of a consulting relationship because of a confidentiality or non-disclosure

3  agreement, the expert shall be permitted instead to disclose generally the subject matter or

4  industry involved in the consulting relationship;

5  (b) Fortress may notify the Receiving Party of any objection within seven (7) calendar

6  days after notification, the expert shall thereafter be allowed to have access to the material

7  designated "<u>FORTRESS HIGHLY CONFIDENTIAL</u>" pursuant to the terms and

8  conditions of the Stipulated Protective Order and this Supplemental Order;

9  (c) In the event of a timely objection, which shall be in good faith and which shall be based

10  solely on the existence of a conflict or prejudice to Fortress, the Receiving Party shall

11  refrain from disclosure of the material produced by Fortress to the expert until the

12  objection has been resolved between the parties or ruled upon by the court;

13  (d) The parties shall endeavor in good faith to resolve the dispute without calling upon the

14  intervention of the court. The burden is on the Receiving Party to seek the intervention of

15  the court; and

16  (e) No party shall use its right to object to a proposed expert to interfere with the ability of

17  another party to conduct its case and prepare for trial through the use of experts.

18  11.1   <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

19  The production or disclosure of any information (including documents) in this action that

20  Fortress later claims should not have been produced due to a privilege or protection from

21  discovery, including but not limited to any attorney-client privilege, work product privilege,

22  common interest privilege, joint defense privilege, or settlement privilege, shall not be deemed to

23  waive any such privilege or protection. Fortress may request the return or destruction of such

24  information, which request shall identify the information and the basis for requesting its return. If

25  a Receiving Party receives information from Fortress that the Receiving Party believes may be

26  subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly

27  identify the information to Fortress.

28

1    When Fortress or Receiving Party identifies such information as privileged or protected, a Receiving Party: 1) shall not use, and shall immediately cease any prior use of, such information; 2) shall take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; 3) shall within five (5) business days of Fortress' request: a) return the information and all copies thereof to Fortress; or b) destroy or sequester and confirm to Fortress in writing that the information and all copies thereof have been destroyed or sequestered. No one shall use the fact or circumstances of production of the information in this action to argue that any privilege or protection has been waived. Within fourteen (14) days after Fortress or Receiving Party identifies the information, and not thereafter, the Receiving Party may file a motion to compel the production of the information on the basis that: (a) the information was never privileged or protected from disclosure; or (b) any applicable privilege or immunity has been waived by some act other than the production of the information in this action. Fortress and the Receiving Party shall meet and confer in accordance with applicable law or Court rules regarding any such motion to compel.  Notwithstanding this provision, no party shall be required to return or destroy any information that may exist on any disaster recovery backup system.

12.    MISCELLANEOUS

   12.5    Filing of Information Designated "FORTRESS HIGHLY CONFIDENTIAL."  When the Protected Material to be filed was designated by Fortress as "FORTRESS HIGHLY CONFIDENTIAL," the parties agree to provide Fortress notice of the specific documents or portions of documents intended to be filed at least five (5) days in advance of such filing. The Parties agree that they will take every effort to minimize the number of documents and information designated as "FORTRESS HIGHLY CONFIDENTIAL" that are filed with the court, including documents and information filed under seal. Wherever possible, the Parties will file document excerpts in lieu of filing entire documents with the court.

   12.6    Applicability to "FORTRESS HIGHLY CONFIDENTIAL." The provisions of paragraphs 8 and 9 relating to the handling of materials designated as "CONFIDENTIAL PER P.O." shall equally apply to materials or information designated as "FORTRESS HIGHLY CONFIDENTIAL." Nothing in the Stipulated Protective Order shall be construed as providing

fewer protections to materials or information designated as "<u>FORTRESS HIGHLY CONFIDENTIAL</u>" than that designated "CONFIDENTIAL PER P.O."

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 29, 2019

/s/ *Lauren N. Drake*
LAUREN N. DRAKE
IRELL & MANELLA LLP
Attorneys for Fortress Investment Group
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Direct: (310) 203-7043 |Email: LDrake@irell.com

/s/ *Jeffrey B. Coopersmith*
JEFFREY B. COOPERSMITH
Attorney for Defendant Ramesh Balwani
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone:    (415) 276-6500
Jeffcoopersmith@dwt.com

/s/ *Susan F. La Marca*
SUSAN F. LA MARCA
Attorneys for Plaintiff
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone:    (415) 705-2500
lamarcas@sec.gov

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:   May 30, 2019

_____
United States District/Magistrate Judge

*GRANTED*
*Judge Nathanael M. Cousins*

[~~PROPOSED~~] SUPPLEMENTAL
PROTECTIVE ORDER RE FORTRESS
10685660.1 01
4826-0483-3432v.1 0103509-000002

- 7 -

CASE NO. 18-CV-01603-EJD (NC)