UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 5:18-cv-01603-EJD |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INTERVENE AND STAY ACTION** |
| v. | Re: Dkt. No. 67 |
| RAMESH "SUNNY" BALWANI, | |
| Defendant. | |

The U.S. Department of Justice ("DOJ") moves this Court to intervene into and to stay this civil enforcement action ("the Civil Action" or "this Action") by the Securities and Exchange Commission ("SEC") against Ramesh "Sunny" Balwani. DOJ says the Motion is necessary to prevent Balwani from impermissibly using civil discovery from this Action in DOJ's parallel criminal case against him, *USA v. Holmes et al.*, 5:18-cr-00258-EJD ("the Criminal Case"). The allegations underlying the Civil Action and the Criminal Case are well known to the Court, Balwani, SEC and DOJ, so the Court does not recount them here. SEC supports the motion. Balwani opposes it. The Court has considered the papers and oral arguments of SEC, DOJ, and Balwani. For the reasons discussed below, the Court will allow DOJ to intervene, but will deny the request to stay this Action.

## I. Intervention

Federal Rule of Civil Procedure 24 provides two means of intervention: intervention of right and permissive intervention. Both require the applicant's motion to be "timely." Fed. R. Civ. P. 24. When an applicant to intervene of right also "claims an interest relating to . . . the subject of the action, and is so situated that disposing of the action may . . . impair or impede the

United States District Court
Northern District of California

1    [applicant's] ability to protect its interest," then the court "must" allow the applicant to intervene.

2    Fed. R. Civ. P. 24(a)(2).  Alternatively, through permissive intervention, a court "may" allow an

3    applicant with "a claim or defense that shares with the main action a common question of law or

4    fact" to intervene.  Fed. R. Civ. P. 24 (b)(2).  The court also "must consider whether the

5    [permissive] intervention will unduly delay or prejudice the adjudication of the original parties'

6    rights." Fed. R. Civ. P. 24(b)(3).  "Timeliness is a flexible concept; its determination is left to the

7    district court's discretion." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir.

8    2004).  Courts should consider three factors in deciding whether a motion to intervene is timely:

9    "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other

10   parties; and (3) the reason for and length of the delay." *Id*. (quotation omitted).  Delay is

11   measured from "when [the applicant] knows or has reason to know that [its] interests might be

12   adversely affected by the outcome of litigation." *Id*. at 923.  The applicant bears the burden of

13   showing intervention is justified. *Id*. at 919.  In the Ninth Circuit, "courts are guided primarily by

14   practical and equitable considerations, and the requirements for intervention are broadly

15   interpreted in favor of intervention." *Id*.

16         Here, DOJ argues that it meets the requirements for both means of intervention.  As to

17   intervention of right, it argues that, through the Criminal Case, it has an interest in the events that

18   are the subject of this Action, and that it is situated so that disposal of this Action would, as a

19   practical matter, impair or impede its ability to prosecute Balwani.  DOJ also urges the Court to

20   grant permissive intervention because DOJ unquestionably has claims in the Criminal Case that

21   share common questions of law or fact with this Action.  Balwani opposes DOJ's intervention on

22   the grounds that (a) the Civil Action has progressed too far, (b) DOJ's delay in bringing its motion

23   prejudiced him, (c) DOJ cannot justify its delay, and (d) that intervention of right is inappropriate

24   because DOJ does not have a protectable interest in the Civil Action.

25         DOJ's motion is timely.  As an initial matter, the Court notes that DOJ moves to intervene

26   solely to move for the stay; DOJ does not seek to become a full litigant to the final outcome.

27   Considering the first timeliness factor, the Court finds that the present stage of the litigation does

Case No.: 5:18-cv-01603-EJD
28   ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INTERVENE AND
     STAY ACTION

United States District Court
Northern District of California

United States District Court
Northern District of California

not weigh against intervention.  The trial schedule has not yet been set.  Balwani recently requested a 12-month discovery extension, SEC agreed to a 90-day extension, and the Court ordered a 120-day extension.  Intervention will not disrupt the case schedule at its current stage.

Second, intervention will not prejudice Balwani.  He argues that he has already expended resources on this Action, which has depleted the resources he has to defend against the Criminal Case.  Had DOJ moved to stay this Action at its outset, he argues, then he would not have spent those resources.  However, this asserted prejudice "does not flow from the intervention, but instead from the proposed stay," so it does not persuade the Court.  *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1068 (C.D. Cal. 2008).

As to the final factor, DOJ contends that it has not delayed in bringing this Motion.  Rather, it argues, it brought this motion after Balwani issued subpoenas to nonparties that seek information that is not relevant to this Action but is directly relevant to the Criminal Case.  Specifically, Balwani issued subpoenas to the following blood-testing centers and medical providers: LabCorp on October 19, 2018; Quest Diagnostics on November 7, 2018; Southwest Contemporary Women's Care P.C. ("Southwest") on March 26, 2019; Fountain Hills Women's Health ("Fountain Hills") on March 26, 2019; and the Arizona Department of Health Services on March 29, 2019.  Balwani contends that these subpoenas are relevant to the Civil Action.  DOJ filed its Motion on April 19, 2019, less than four weeks after the subpoenas to Southwest and Fountain Hills.  Broadly interpreting the facts in favor of intervention—but without deciding the relevancy question—the Court finds that DOJ did not delay in bringing its motion to intervene.

Having found that DOJ's motion is timely, the Court further finds that this Action shares many common questions of fact and law with DOJ's claims in the Criminal Case as their subject matters overlap.  DOJ has satisfied the criteria for permissive intervention.  The Court accordingly grants DOJ's motion to intervene.   The Court does not reach Balwani's argument that DOJ has not adequately shown the protectable interest that is required to intervene of right.

## II.    Stay

Turning to whether to stay the Civil Action pending the outcome of the Criminal Case, the

Ninth Circuit has held that "[i]n the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quotation and alteration omitted).  Nonetheless, a district court may exercise "its discretion to stay civil proceedings when the interests of justice seem to require such action." *Id*. (quotation and alteration omitted).  "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made in light of the particular circumstances and competing interests involved in the case." *Id*. (quotation omitted).  The Ninth Circuit has laid out several factors for a district court to weigh when considering this question: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; . . . (5) the interest of the public in the pending civil and criminal litigation," and (6) the extent to that the defendant's Fifth Amendment rights are implicated.  *Id*. at 325.  "[O]ther courts have looked with disfavor to the Government's request for a stay when a branch of the Government, and not private parties, has brought the civil lawsuit that a U.S. Attorney's office is then seeking to stay." *S.E.C. v. Mazzo*, 2013 WL 812503, at *2 n.3 (C.D. Cal. Feb. 25, 2013).  While DOJ relies heavily upon the *Nicholas*, 569 F. Supp. 2d 1065, case, "the vast majority of cases hold that such a stay is improper absent a specific showing of prejudice that cannot be remedied by anything other than a complete stay of the civil proceeding." *S.E.C. v. Fraser*, 2009 WL 1531854, at *3 (D. Ariz. June 1, 2009); *see also S.E.C. v. O'Neill*, 98 F. Supp. 3d 219, 221 (D. Mass. 2015); *Mazzo*, 2013 WL 812503, at *2; *S.E.C. v. Sandifur*, 2006 WL 3692611, at *3 (W.D. Wash. Dec. 11, 2006).

The first *Keating* factor looks to the interests of the civil plaintiff.  *Keating*, 45 F.3d at 325.  Here, SEC supports the proposed stay.  SEC argues that Balwani has been attempting to push civil discovery beyond the scope of this Action, resulting in wasteful burdens on nonparties, and

increased time, effort, and costs for SEC.  The Court finds that the first factor supports granting a stay.

The second factor looks to the burden a stay would impose on the defendant.  *Keating*, 45 F.3d at 325.  Staying this Action pending resolution of the Criminal Case, for which the Court has not yet set a trial schedule, would impose undue prejudice and a significant burden on Balwani. Balwani has begun to investigate SEC's claims against him and forcing him to halt that investigation indefinitely would unfairly disadvantage him.  It would increase the likelihood that witnesses will not be able to recall information, that they will become unavailable, or that documents may be lost.  Moreover, the Civil Action, "like the [C]riminal [C]ase, asserts serious violations of the securities laws, and Defendant[] ha[s] a strong interest in being able to defend [himself] against the SEC's allegations as quickly as possible."  *Fraser*, 2009 WL 1531854, at *3. An indefinite stay of the Civil Action would override that strong interest. This factor tilts sharply away from granting a stay.

For the third factor, the Court considers "the convenience of the court in the management of its cases, and the efficient use of judicial resources."  *Keating*, 45 F.3d at 325.   "[T]he Court ha[s] an interest in clearing its docket" through the just and efficient resolution of the pending matters.  *Sanrio, Inc. v. Ronnie Home Textile Inc.*, 2015 WL 1062035, at *4 (C.D. Cal. Mar. 10, 2015); *see also ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1047 (C.D. Cal. 2014). This Action involves complicated factual questions, so that the Court (and the parties) will be best served by gathering evidence and establishing a record so that the two trials may proceed as closely together as practicable.

DOJ argues that first resolving the Criminal Case would streamline discovery and decide a number of issues in this Action.  Assuming that is correct, the Court would still be wary of abridging Balwani's procedural and discovery rights in an effort to save resources and time.  *See S.E.C. v. Kanodia*, 153 F. Supp. 3d 478, 483 (D. Mass. 2015).  In any event, DOJ's argument is a gamble.  It is possible that the Criminal Case could result in a mistrial leaving the Criminal Case unresolved and this case stayed with discovery open.  This factor also weighs against a stay.

Case No.: 5:18-cv-01603-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INTERVENE AND STAY ACTION

5

Fourth, the Court considers the interests of nonparties to the civil litigation.  *Keating*, 45 F.3d at 325.  To support its position, DOJ points to Fountain Hills's recent letter to the Court complaining of Balwani's subpoena.  The Court takes seriously the burdens that litigation can force upon nonparties, but the Court must balance those burdens against Balwani's right to build his defense through civil discovery.  After Fountain Hills complained, the assigned Magistrate Judge considered whether to quash the subpoena.  He read the parties' briefing, heard oral arguments on the question, and ultimately quashed the subpoena for being "overly broad, not proportional to the needs of the case," and for "impos[ing] undue burden and expense on [a] non-party."  Dkt. No. 73.  In other words, the system worked.  Nonparty witnesses, DOJ, and SEC may object to Balwani's discovery requests in the future, and the Court will then decide those objections on an case-by-case basis.  The Court's decision to quash one subpoena does not support halting all of Balwani's civil discovery for some indeterminate amount of time.

The fifth factor looks at the interests of the public.  *Keating*, 45 F.3d at 325.  DOJ argues that the public interest favors staying discovery to prevent Balwani from impermissibly using civil discovery to his benefit in the Criminal Case.  But to the extent that this is a problem, it is of DOJ's own making.  *See e.g.*, *Kanodia*, 153 F. Supp. 3d at 482; *S.E.C. v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005).  These case's overlapping subject matter did not come as a surprise to DOJ.  It could have moved to stay the Civil Action immediately after Balwani's indictment, but instead it chose to let this Action proceed far enough that a stay would significantly prejudice Balwani.  The Court does not presently decide whether Balwani's third-party subpoenas go beyond the scope of this Action, but the Court does find that the question of their relevancy in this Action is not so obvious as to cut off all of Balwani's civil discovery.  Even though SEC argued that the Fountain Hills subpoena sought information not relevant to this Action, Magistrate Judge Cousins quashed the subpoena for other reasons.  The Court is not unsympathetic to DOJ's concerns that Balwani may attempt to overreach in civil discovery, but the Court is capable of addressing such concerns with a scalpel instead of a saw.  As with potential concerns over the discovery burdens to nonparties, SEC or DOJ may object to any discovery requests that it believes improperly go

Case No.: 5:18-cv-01603-EJD
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INTERVENE AND STAY ACTION

United States District Court
Northern District of California

beyond the scope of this Action.  The Court will hear those objections and, if appropriate, sustain them.  The fifth *Keating* factor does not support a stay.

Finally, the Court considers how a stay would implicate Balwani's Fifth Amendment rights.  *See Keating*, 45 F.3d at 325-26.  Balwani opposes the proposed stay, so he has "[himself] elected to be put in the position of having to decide whether to assert their Fifth Amendment rights."  *Fraser*, 2009 WL 1531854, at *2 n.3.  And as Balwani points out, he was already put in that position in the *Colman* litigation after DOJ indicted him.  This factor does not support a stay.

The Court finds that, in sum, the *Keating* factors do not support staying the Civil Action, so the Court denies the motion to stay.

## III.     Conclusion

For the reasons discussed above, the Court grants DOJ's motion to intervene, but denies the motion to stay.  Having allowed DOJ to intervene, it may remain in the case to object to any of Balwani's discovery requests that it contends are only relevant to the Criminal Action.

**IT IS SO ORDERED.**

Dated: June 14, 2019

EDWARD J. DAVILA
United States District Judge