JEFFREY B. COOPERSMITH (Cal. Bar No. 252819)
WALTER F. BROWN (Cal. Bar No. 130248)
MELINDA HAAG (Cal. Bar No. 132612)
RANDALL S. LUSKEY (Cal. Bar No. 240915)
STEPHEN A. CAZARES (Cal. Bar No. 201864)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, California 94105-2669
Telephone:    +1-415-773-5700
Facsimile:    +1-415-773-5759

Email: jcoopersmith@orrick.com; wbrown@orrick.com;
        mhaag@orrick.com; rluskey@orrick.com; scazares@orrick.com
Attorneys for Defendant RAMESH BALWANI


ERIN E. SCHNEIDER (Cal. Bar No. 216114)
MARC D. KATZ (Cal. Bar No. 189534)
SUSAN F. LA MARCA (Cal. Bar No. 215231)
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone:    (415) 705-2500
Email: katzma@sec.gov; lamarcas@sec.gov
Attorneys for Plaintiff SECURITIES AND EXCHANGE
COMMISSION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> RAMESH "SUNNY" BALWANI, <br><br> Defendant. | CASE NO. 18-CV-01603-EJD <br><br> **[PROPOSED] THIRD SUPPLEMENTAL STIPULATED PROTECTIVE ORDER** |

1.   PURPOSES AND LIMITATIONS

The Securities and Exchange Commission ("SEC") and Ramesh "Sunny" Balwani ("Balwani"), through their attorneys of record, hereby stipulate and jointly request that the Court issue a Third Supplemental Protective Order in this case as described below.

The parties stipulated to, and the Court entered, a protective order in this case on or about August 27, 2018 (Dkt. No. 40) ("the Original Protective Order").  A Supplemental Stipulated Protective Order Regarding FDA or CMS Information was entered by the Court on May 30, 2019 (Dkt. No. 83).  A Second Supplemental Stipulated Protective Order As Modified, also relating to FDA or CMS information, was entered by the Court on September 4, 2019 (Dkt. No. 97).

On or about December 21, 2018, the United States Department of Defense ("DOD") was served with a subpoena for documents, with a return date of January 28, 2019; however, the return date was suspended by the Stipulated Order Regarding Third Party Discovery, entered January 18, 2019 (Dkt. No. 55).  Since that time, the DOD has now collected documents potentially responsive to a subpoena from Balwani in this case.  The DOD has determined, however, that some responsive materials may contain information that is protected by certain privileges and doctrines, such as the work product, attorney-client, and deliberative process.  The materials may also contain information unrelated to Balwani or Theranos, Inc. ("Theranos").  As a result, further review by DOD to remove via redaction information that is protected by certain of these privileges, including deliberative process, will further delay its production of documents.

The Parties agree that this Order applies to any and all documents or information produced, or testimony given, by DOD and/or its contractors or agents (collectively "DOD"), in response to requests by the Parties.  The Parties also acknowledge and agree that, except as set forth below, this Order incorporates by reference all terms, provisions, and protections set forth in the Original Protective Order (Dkt. No. 40), and further agree that this Third Supplemental Stipulated Protective Order shall control with respect to documents and information produced by DOD.

[PROPOSED] THIRD SUPPLEMENTAL
STIPULATED PROTECTIVE ORDER          2
CASE NO. 18-CV-01603-EJD

2.    DESIGNATING PROTECTED MATERIAL

DOD is not subject to the provisions in section 5 of the Original Protective Order.  All documents and information produced by DOD shall either be designated "DOD - CONFIDENTIAL, SUBJECT TO THE COURT'S PROTECTIVE ORDER" or, if not so designated, shall be identifiable as originating from DOD by their Bates number, which shall contain DOD as appropriate.

Mr. Balwani agrees to this provision solely to facilitate the production of responsive documents from DOD without further delay.  He takes no position on the appropriateness of the DOD's request to designate documents as confidential without actually determining whether any particular documents are worthy of that designation.

3.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

Given the nature of the documents and information produced by DOD, in lieu of the procedures set forth in section 6.2 of the Original Protective Order and before a Party seeks judicial intervention under the procedures set forth in section 6.3 of the Original Protective Order, the Parties shall email the assigned Assistant United States Attorney representing DOD in the above-captioned action to inquire whether DOD objects to public disclosure of a specific document(s) and if so, to provide DOD the opportunity to redact the document(s) for public filing, if possible.  The assigned Assistant United States Attorney shall provide an email response to any such inquiries promptly, but no later than seven (7) business days after receiving the inquiry.

4.    DISCLOSURE OF PROTECTED INFORMATION

The Parties may only disclose documents and information produced by DOD to the parties referenced in sections 7.2(a)-(g) of the Original Protective Order, as modified below (however; the below modifications do not alter the provisions for use of documents and information in section 7.1 of the Original Protective Order):

A.    the Receiving Party's Counsel;

B.    Experts (as defined in this Order) of the Receiving Party to whom disclosure is

[PROPOSED] THIRD SUPPLEMENTAL
STIPULATED PROTECTIVE ORDER          3
CASE NO. 18-CV-01603-EJD

reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A to the Original Protective Order);

C.      the Court and its personnel;

D.      court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

E.      any witness (and their counsel) during examination in this action.  If this disclosure is made in deposition, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

F.      Ramesh "Sunny" Balwani; and

G.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.      ADDITIONAL PROTECTIONS

Accordingly, in order to further facilitate the production of documents by DOD the parties stipulate and agree as follows:

A.      DOD's production to the parties of non-responsive, privileged, or otherwise protected information, including but not limited to deliberative internal communications that are not about Theranos contained in such documents, whether knowing or inadvertent, will not be considered a waiver of any privileges or protections that the DOD may have with regard to such documents or information;

B.      deliberative process privileged information that relates specifically to Theranos is not encompassed within this Order because DOD has agreed to waive the deliberative process privilege for information relating to Theranos;

C.      in addition to the provisions contained in the Original Protective Order, the Parties agree to redact before public filing all DOD documents containing privileged or otherwise protected information, including but not limited to DOD's internal communications that are not about Theranos, or to require that such documents be filed under seal.  The parties

[PROPOSED] THIRD SUPPLEMENTAL
STIPULATED PROTECTIVE ORDER          4
CASE NO. 18-CV-01603-EJD

shall consult with DOD to ensure that redactions are appropriate;

D.    nothing in this Third Supplemental Stipulated Protective Order shall prohibit DOD from seeking additional protections for the documents and information they produce in this matter.  Conversely, nothing in this Third Supplemental Stipulated Protective Order shall prohibit the Parties from seeking from the Court, upon notice to the DOD, reduced protections for documents and information produced by the DOD in this matter; and

E.    if either party desires to utilize any of the documents and information produced by DOD (unless de-designated) for any purposes during the trial in the above captioned matter, the following procedures shall be followed, unless the Court otherwise orders:

(1)    Any documents and information produced by DOD (unless de-designated) actually admitted into evidence shall be placed under seal of the Court, subject only to the inspection of the jury empaneled in this matter and the parties referenced in section 4 above;

(2)    Any documents and information produced by DOD (unless de-designated) used for any purposes during trial but not admitted into evidence shall be retained by the offering party and shall not be further disseminated.

F.    upon completion of this litigation all copies of documents and information produced by DOD (unless de-designated) shall be returned to DOD through the Assistant United States Attorney assigned to represent DOD in the above-captioned action, or (a) destroyed by the Defendant's attorneys in possession of such material; and/or (b) treated as required under the SEC's records retention requirements.  If the Parties opt to destroy the documents subject to this Supplemental Stipulated Protective Order, they shall certify in writing to the Assistant United States Attorney assigned to represent DOD in the above-captioned action within five (5) days of destruction that all such documents have been destroyed.  Documents and information produced by DOD that were admitted into evidence at trial as described in Paragraph 5F of this Third Supplemental Stipulated Protective Order, shall remain under seal;

G.    nothing in this Supplemental Stipulated Protective Order constitutes a waiver of

[PROPOSED] THIRD SUPPLEMENTAL
STIPULATED PROTECTIVE ORDER          5
CASE NO. 18-CV-01603-EJD

Mr. Balwani's constitutional rights; and

H.      the parties stipulate to this Order without prejudice to their ability to seek to modify the terms of the Order at a future date.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 17, 2019

*/s/ Susan F. LaMarca*
Susan F. LaMarca
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone:      (415) 705-2500

DATED: October 17, 2019

/s/ Jeffrey B. Coopersmith
Jeffrey B. Coopersmith
Attorney for Defendant Ramesh Balwani
ORRICK, HERRINGTON & SUTCLIFFE, LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104-7097
Telephone:      +1 206-839-4300
Fax:             +1 206-839-4301
jcoopersmith@orrick.com

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____          _____

                                    United States District/Magistrate Judge

[PROPOSED] THIRD SUPPLEMENTAL
STIPULATED PROTECTIVE ORDER          6
CASE NO. 18-CV-01603-EJD