1

2                    UNITED STATES DISTRICT COURT

3                  NORTHERN DISTRICT OF CALIFORNIA

4                        SAN JOSE DIVISION

5

    SECURITIES AND EXCHANGE          )   CR-18-01603-EJD
6   COMMISSION                       )
                       PLAINTIFF,    )
7                                    )   SAN JOSE, CALIFORNIA
              VS.                    )
8                                    )   JUNE 10, 2019
    RAMESH SUNNY BALWANI,            )
9                                    )   PAGES 1 - 53
                       DEFENDANTS.   )
10   _____ )

11

                        TRANSCRIPT OF PROCEEDINGS
12            BEFORE THE HONORABLE EDWARD J. DAVILA
                  UNITED STATES DISTRICT JUDGE
13
    A P P E A R A N C E S:
14
    FOR THE PLAINTIFF:    U.S. SECURITIES AND EXCHANGE COMMISSION
15                        BY:  MARC D. KATZ
                          44 MONTGOMERY STREET, SUITE 2800
16                        SAN FRANCISCO, CALIFORNIA 94104

17                        UNITED STATES ATTORNEY'S OFFICE
                          BY:  JOHN C. BOSTIC
18                             JEFFREY B. SCHENK
                          150 ALMADEN BOULEVARD, SUITE 900
19                        SAN JOSE, CALIFORNIA 95113

20                        BY:  ROBERT S. LEACH
                          1301 CLAY STREET, SUITE 340S
21                        OAKLAND, CALIFORNIA 94612

22         (APPEARANCES CONTINUED ON THE NEXT PAGE.)

23   OFFICIAL COURT REPORTER:
                            IRENE L. RODRIGUEZ, CSR, RMR, CRR
24                          CERTIFICATE NUMBER 8074

25        PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
               TRANSCRIPT PRODUCED WITH COMPUTER

1

    <u>A P P E A R A N C E S:</u> (CONT'D)

2

3    FOR DEFENDANT BALWANI:  DAVIS, WRIGHT & TREMAINE, LLP
                             BY:   JEFFREY COOPERSMITH
4                                  KELLY M. GORTON
                                   STEPHEN A. CAZARES
5                            505 MONTGOMERY STREET, SUITE 800
                             SAN FRANCISCO, CALIFORNIA 94111
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1     SAN JOSE, CALIFORNIA                    JUNE 10, 2019

 2                    P R O C E E D I N G S

 3          (COURT CONVENED AT 10:09 A.M.)

 4              THE COURT:  LET'S CALL OUR MORNING CALENDAR.  THIS

 5     IS 18-1603, S.E.C. VERSUS BALWANI MATTER.

 6          MAY I HAVE THE APPEARANCES, PLEASE.

 7              MR. KATZ:  GOOD MORNING, YOUR HONOR.  MARC KATZ FOR

 8     THE S.E.C.

 9              THE COURT:  THANK YOU.  GOOD MORNING.

10              MR. LEACH:  GOOD MORNING, YOUR HONOR.  ROBERT LEACH,

11     JEFF SCHENK, AND JOHN BOSTIC FOR THE UNITED STATES.

12              THE COURT:  GIVE ME JUST A MOMENT, PLEASE.

13          (PAUSE IN PROCEEDINGS.)

14              THE COURT:  LET ME JUST INDICATE THAT THERE IS NO

15     RECORDING OF THESE PROCEEDINGS, EITHER VIDEO OR AUDIO TAPING IS

16     PERMITTED.  THERE IS A SIGN OUTSIDE OF OUR COURTROOM THAT

17     INDICATES AS SUCH.  SO IF ANYONE IS ENGAGED IN THAT, I'D ASK

18     YOU TO PLEASE DISENGAGE YOUR DEVICES AT THIS TIME, AND IF YOU

19     HAVE A REQUEST TO DO SO, PLEASE MAKE THAT OF THE COURT.

20          LET ME CAPTURE APPEARANCES.

21              MR. LEACH:  CERTAINLY.  ROBERT LEACH, JOHN BOSTIC,

22     AND JEFF SCHENK FOR THE UNITED STATES.

23              THE COURT:  THANK YOU.  GOOD MORNING.

24              MR. COOPERSMITH:  GOOD MORNING, YOUR HONOR.

25     JEFF COOPERSMITH FOR DEFENDANT SUNNY BALWANI, AND WITH ME ARE
```

Timestamps (left margin): 10:09AM lines 3–14; 10:10AM lines 15–25.

10:10AM  1    MY COLLEAGUES, STEPHEN CAZARES AND KELLY GORTON.  MR. BALWANI

10:10AM  2    IS ALSO PRESENT.

10:10AM  3                THE COURT:  THANK YOU.  GOOD MORNING.

10:10AM  4                MS. GORTON:  GOOD MORNING.

10:10AM  5                THE COURT:  SO WE'RE ON CALENDAR THIS MORNING IN

10:10AM  6    THIS MATTER, AND I BELIEVE THERE ARE MOTIONS TO INTERVENE AND

10:10AM  7    TO STAY.

10:10AM  8                MR. LEACH:  THAT'S CORRECT, YOUR HONOR.

10:10AM  9                THE COURT:  WHAT WOULD YOU LIKE ME TO KNOW,

10:10AM  10   MR. LEACH, ABOUT THAT?

10:10AM  11        COUNSEL, YOU COULD BE SEATED IF YOU WOULD LIKE, OR IF

10:10AM  12   YOU'RE GOING TO BE SPEAKING OR COMING UP, THAT'S FINE, TOO, BUT

10:11AM  13   OTHERWISE YOU CAN FEEL FREE BE SEATED IF YOU WOULD LIKE.

10:11AM  14                MR. BOSTIC:  THANK YOU, YOUR HONOR.

10:11AM  15                THE COURT:  MR. LEACH.

10:11AM  16                MR. LEACH:  THANK YOU, YOUR HONOR.

10:11AM  17        THE UNITED STATES IS SEEKING TO INTERVENE AND STAY THIS

10:11AM  18   CIVIL ENFORCEMENT ACTION BY THE S.E.C. FOR ESSENTIALLY TWO

10:11AM  19   REASONS.

10:11AM  20        FIRST, IT HAS BECOME APPARENT THAT THE DEFENDANT,

10:11AM  21   MR. BALWANI, IS IMPERMISSIBLY USING CIVIL DISCOVERY TO GATHER

10:11AM  22   EVIDENCE FOR THE CRIMINAL CASE, AND THAT BECAME EVIDENT

10:11AM  23   ESSENTIALLY WITH TWO SUBPOENAS THAT THE DEFENDANT SERVED IN THE

10:11AM  24   S.E.C. CASE TO TWO DOCTORS IN THE PHOENIX, ARIZONA SEEKING

10:11AM  25   INFORMATION ABOUT PATIENTS AND DOCTORS RELATED TO THERANOS THAT

10:11AM  1   HAVE NOTHING TO DO WITH THE S.E.C. CASE, BUT EVERYTHING TO DO

10:11AM  2   WITH THE CRIMINAL CASE.

10:11AM  3        SECOND --

10:11AM  4            THE COURT:  I'M SORRY TO INTERRUPT YOU, MR. LEACH,

10:11AM  5   BUT IS THAT NOT PERMITTED?

10:11AM  6            MR. LEACH:  SURE.  WELL, IN THE CIVIL CASE DISCOVERY

10:11AM  7   IS BOUNDED BY RULE 26, WHICH IMPOSES A RELEVANCE STANDARD.

10:12AM  8   THERE IS ALSO THE RULE 45 STANDARD FOR THE BREADTH OF

10:12AM  9   SUBPOENAS.

10:12AM  10       AND SINCE THE FILING OF THE MOTION, JUDGE COUSINS HAS

10:12AM  11  QUASHED ONE OF THOSE SUBPOENAS BEING OUT OF THE BOUNDS UNDER

10:12AM  12  RULE 45, SO IT'S NOT PERMITTED UNDER THE CIVIL RULES.

10:12AM  13       BUT I ALSO THINK IF YOU LOOK AT THE KEATING FACTORS IN THE

10:12AM  14  S.E.C. V. NICHOLAS CASE, AND OTHER CASES INVOLVING THIS, KIND

10:12AM  15  OF THIS UNDERLAY IS, IS THE DEFENDANT USING THE DISCOVERY FOR

10:12AM  16  THE PRIMARY OR EXCLUSIVE PURPOSE OF DEFENDING THE CRIMINAL

10:12AM  17  CASE.

10:12AM  18       SO I THINK IT'S BOUNDED BOTH BY THE STANDARDS OF FEDERAL

10:12AM  19  RULES OF CRIMINAL PROCEDURE AND THE RULES OF FEDERAL CIVIL

10:12AM  20  PROCEDURE, BUT I THINK IT'S ALSO EMBEDDED IN THE FACTORS IN THE

10:12AM  21  NINTH CIRCUIT'S KEATING CASE.

10:12AM  22            THE COURT:  I SEE.  SO AT SOME POINT -- PARDON ME

10:12AM  23  FOR INTERRUPTING YOUR PRESENTATION EARLY WITH THAT QUESTION,

10:12AM  24  BUT IT SOUNDS LIKE YOU'RE GOING TO INFORM ME AS TO YOUR OPINION

10:12AM  25  AS TO THOSE KEATING FACTORS.

| | |
|---|---|
| 10:12AM | 1 |
| 10:12AM | 2 |
| 10:12AM | 3 |
| 10:13AM | 4 |

10:12AM  1                    MR. LEACH:  YES.

10:12AM  2          THE COURT:  AND THAT'S SUBSEQUENT TO WHETHER OR NOT

10:12AM  3  WE SHOULD ALLOW INTERVENTION, I SUPPOSE, THAT'S THE CONDITION

10:13AM  4  PRECEDENT.

10:13AM  5          MR. LEACH:  SURE, YOUR HONOR.  THE UNITED STATES --

10:13AM  6  IF YOU'D LIKE ME TO ADDRESS INTERVENTION FIRST?

10:13AM  7          THE COURT:  SURE.  SO WHY DON'T WE DO THAT.  LET'S

10:13AM  8  DO THAT.

10:13AM  9          MR. LEACH:  I'M HAPPY TO DO THAT.

10:13AM 10      THERE ARE TWO GROUNDS FOR INTERVENTION, YOUR HONOR, BOTH

10:13AM 11  INTERVENTION AS A MATTER OF RIGHT AND INTER -- PERMISSIBLE

10:13AM 12  INTERVENTION.

10:13AM 13      EVERY CASE THAT WE'VE BEEN ABLE TO FIND INVOLVING THE

10:13AM 14  UNITED STATES GOVERNMENT TRYING TO INTERVENE IN AN S.E.C. OR A

10:13AM 15  PARALLEL CIVIL CASE GRANTS INTERVENTION.  IT'S NOT ALWAYS CLEAR

10:13AM 16  WHETHER IT'S AS A MATTER OF RIGHT OR IF IT'S UNDER THE

10:13AM 17  PERMISSIBLE STANDARD, BUT HERE WE'RE SEEKING TO INTERVENE

10:13AM 18  EXCLUSIVELY FOR THE PURPOSE OF MAKING THIS MOTION AND STAYING

10:13AM 19  PROCEEDINGS.

10:13AM 20      WE'VE BROUGHT -- THE STANDARDS ARE SET FORTH IN RULE 24

10:13AM 21  AND IT'S ESSENTIALLY DOES THE THIRD PARTY HAVE AN INTEREST THAT

10:13AM 22  OTHERWISE WOULD NOT BE VINDICATED IF IT COULD NOT BE HEARD?

10:13AM 23      OUR SUBMISSION IS ALTHOUGH WE'RE BOTH PART OF THE UNITED

10:14AM 24  STATES GOVERNMENT IN THE BIG G SENSE, THE UNITED STATES IS A

10:14AM 25  LITIGATING AUTHORITY, AND THE CRIMINAL CONTEXT IS DIFFERENT

| | |
|---|---|
| 10:14AM | 1 |

FROM THE S.E.C. WHICH HAS A DIFFERENT MISSION.  IT FOCUSSES
EXCLUSIVELY ON REMEDIES.  SO OUR INTERESTS AREN'T ALWAYS
EXACTLY ALIGNED, AND THE ONLY WAY FOR US TO PROTECT THIS IS TO
INTERVENE AND TO BRING THIS MOTION.

SO I DON'T THINK EITHER PARTY HAS CITED A CASE WHERE THE
GOVERNMENT WAS DENIED INTERVENTION TO AT LEAST MAKE THIS
THRESHOLD SHOWING WHETHER OR NOT THERE SHOULD BE A STAY.

SO FOR THOSE REASONS I DON'T THINK THERE'S A SERIOUS
QUESTION ABOUT WHETHER OR NOT THE GOVERNMENT SHOULD BE HEARD ON
THIS.

THE COURT:  OKAY.

MR. LEACH:  IN TERMS OF TIMELINESS, WHICH I KNOW THE
DEFENSE HAS RAISED, WE DID NOT SEEK A STAY AT THE OUTSET.

WE SOUGHT A STAY ONLY WHEN IT BECAME APPARENT TO US THAT
DISCOVERY IN THE S.E.C. CASE WAS, IF YOU WILL, CROSSING THE
LINE INTO MATTERS OF IRRELEVANCE IN THE S.E.C. CASE, BUT VERY
RELEVANT IN OUR CASE, AND WHEN IT BECAME APPARENT THAT
DISCOVERY IN THE S.E.C. CASE WAS DISTRACTING ALL OF THE PARTIES
FROM FOCUSSING ON WHAT I THINK SHOULD BE OF PARAMOUNT
IMPORTANCE TO THE COURT AND TO THE PUBLIC, WHICH IS RESOLUTION
OF THE CRIMINAL CASE, AND I'LL GET TO THAT POINT IN A LITTLE
BIT AS I ADDRESS THE KEATING FACTORS.

BUT AS THE COURT IDENTIFIED, THERE ARE ESSENTIALLY FIVE,
MAYBE SIX FACTORS IF YOU COUNT THE FIFTH AMENDMENT INTEREST
SEPARATELY.  WE LAY THOSE FACTORS OUT ON PAGE 7 IN OUR BRIEF,

10:15AM  1    AND THEY ARE THE INTERESTS OF THE PLAINTIFFS IN PROCEEDING

10:15AM  2    EXPEDITIOUSLY WITH THE LITIGATION, THE BURDEN ON WHICH THE

10:15AM  3    PARTICULAR ASPECT OF THE PROCEEDINGS MAY IMPOSE ON THE

10:15AM  4    DEFENDANT, THE CONVENIENCE OF THE COURT IN THE MANAGEMENT OF

10:15AM  5    ITS CASES AND EFFICIENT USE OF JUDICIAL RESOURCES, THE INTEREST

10:15AM  6    OF PERSONS NOT PARTIES TO THE LITIGATION, SO THE THIRD PARTY

10:15AM  7    WITNESSES, AND THE INTEREST OF THE PUBLIC.

10:15AM  8         THE COURT ALSO NEEDS TO CONSIDER THE EXTENT TO WHICH THE

10:15AM  9    DEFENDANT'S FIFTH AMENDMENT RIGHTS ARE IMPLICATED.

10:15AM 10         OUR SUBMISSION IS ALL OF THOSE FACTORS WEIGH IN FAVOR OF A

10:16AM 11    STAY HERE.

10:16AM 12         FIRST, WITH RESPECT TO THE S.E.C., I WOULD NOTE THAT

10:16AM 13    ORDINARILY THE S.E.C. TAKES NO POSITION WHEN THE UNITED STATES

10:16AM 14    ATTORNEY'S OFFICE MOVES TO INTERVENE.

10:16AM 15         HERE THEY'VE DONE SOMETHING DIFFERENT.  THEY ACTUALLY

10:16AM 16    SUPPORT THE STAY, AND I THINK THAT'S REFLECTIVE OF HOW THE

10:16AM 17    S.E.C. PERCEIVES SOME OF THE DISCOVERY REQUESTS GOING ON IN THE

10:16AM 18    CIVIL CASE.

10:16AM 19         IN ADDITION, THE S.E.C. WILL BE BENEFITTED FIRST.  WHEN

10:16AM 20    THE CRIMINAL CASE IS RESOLVED, IT'S GOING TO NARROW AND FOCUS

10:16AM 21    THE ISSUES THAT WILL BE RESOLVED IN THE S.E.C. CASE.  IF

10:16AM 22    THERE'S A CONVICTION, IT WILL BE RES JUDICATA AND COLLATERAL

10:16AM 23    ESTOPPEL ON THE FRAUD CLAIMS.

10:16AM 24              THE COURT:  IF THERE'S AN ACQUITTAL?

10:16AM 25              MR. LEACH:  IF THERE'S AN ACQUITTAL, WE LEAVE THAT

10:16AM 1    POSSIBILITY OPEN, TOO.

10:16AM 2        WE NOTE IN OUR BRIEF, ORDINARILY WHEN THERE'S ACQUITTAL,

10:16AM 3    THE S.E.C. RESOLVES THEIR CASE RATHER QUICKLY AFTER THE

10:16AM 4    GOVERNMENT CASE, AND WE WROTE THAT IN OUR BRIEF.

10:16AM 5        I HADN'T HEARD ANY INSTANCES FROM THE OTHER SIDE WHERE

10:17AM 6    AFTER THERE'S AN ACQUITTAL THERE'S ANOTHER TRIAL IN THE S.E.C.

10:17AM 7    CASE, AND ORDINARILY BECAUSE THE HEIGHTENED BURDEN OF PROOF AND

10:17AM 8    THE ABILITY TO IMMUNIZE WITNESSES IS A PRETTY GOOD PREDICTOR OF

10:17AM 9    WHAT THE RESULT IN THE OTHER CASES IS GOING TO BE.

10:17AM 10        SO I THINK EXPERIENCE DICTATES IF THERE'S AN ACQUITTAL,

10:17AM 11    THE S.E.C. CASE ONE WAY OR ANOTHER WILL RESOLVE ITSELF WITHOUT

10:17AM 12    THE NEED FOR A TRIAL, AND I'M NOT AWARE OF ANY INSTANCES OF

10:17AM 13    THAT NOT HAPPENING.  CERTAINLY THERE AREN'T ANY CITED IN THE

10:17AM 14    BRIEF.

10:17AM 15        WITH RESPECT TO THE BURDEN ON THE DEFENDANT, I THINK THERE

10:17AM 16    ARE ESSENTIALLY TWO ARGUMENTS.  FIRST, I DON'T HAVE THE ABILITY

10:17AM 17    TO CLEAR MY NAME IN THE S.E.C. CASE, AND I DON'T THINK THAT'S

10:17AM 18    PERSUASIVE HERE.  FIRST, BECAUSE THE DEFENSE HAS ACKNOWLEDGED

10:17AM 19    THE CRIMINAL TRIAL IS GOING TO GO FIRST HERE.  THERE'S NOT

10:17AM 20    GOING TO BE VINDICATION IN THE S.E.C. CASE UNTIL THE CRIMINAL

10:17AM 21    CASE IS RESOLVED.

10:17AM 22        SECOND -- THE SECOND ARGUMENT IS THAT, WELL, I'M NOT GOING

10:17AM 23    TO GET THE DISCOVERY I'M ENTITLED TO IN THE CIVIL CASE.

10:17AM 24        FIRST, WE'RE ASKING TO DELAY THAT, NOT TO TOTALLY EXCLUDE

10:18AM 25    THE CIVIL DISCOVERY.

10:18AM  1     BUT SECOND OF ALL, ONE THING THAT I THINK IS SOMEWHAT

10:18AM  2  UNIQUE HERE IS THAT THIS DEFENDANT HAS HAD EXTRAORDINARY ACCESS

10:18AM  3  TO DISCOVERY BY MEANS OF OTHER CASES THAT ARE OUT THERE.

10:18AM  4     THERE WAS A CASE CALLED --

10:18AM  5         THE COURT:  CIVIL CASES?

10:18AM  6         MR. LEACH:  CIVIL CASES.  THERE'S A CASE BROUGHT BY

10:18AM  7  ONE OF THE INVESTORS, PFM.  MR. BALWANI WAS A DEFENDANT IN THAT

10:18AM  8  CASE AND HAD VIRTUALLY THE SAME RIGHTS TO GATHER EVIDENCE THAT

10:18AM  9  HE HAS IN THE S.E.C. CASE.

10:18AM  10     HE WAS ALSO A DEFENDANT IN THIS COURT IN THE COLEMAN CASE

10:18AM  11  AND HAD THE OPPORTUNITY TO GATHER DOCUMENTS AND TESTIMONY.

10:18AM  12     HE'S CURRENTLY A DEFENDANT IN A CASE IN ARIZONA.

10:18AM  13     SO THIS IS NOT A SITUATION WHERE A DEFENDANT WOULD BE LEFT

10:18AM  14  COMPLETELY HELPLESS TO OBTAIN EVIDENCE UNDER THE CIVIL RULES.

10:18AM  15     I ALSO NOTE HE'S GETTING EXTENSIVE DISCOVERY, ALL OF THE

10:18AM  16  DISCOVERY THAT HE'S ENTITLED TO IN THE CRIMINAL CASE.

10:18AM  17         THE COURT:  MR. COOPERSMITH TELLS US THAT THE

10:18AM  18  GOVERNMENT HAS NOT ASKED FOR A STAY IN ANY OF THOSE CASES.

10:18AM  19         MR. LEACH:  WELL, THE PFM AND THE COLEMAN CASE ARE

10:19AM  20  RESOLVED SO THERE'S NOTHING TO STAY.

10:19AM  21     WE HAVE NOT SOUGHT A STAY IN THE, IN THE ARIZONA CASE.

10:19AM  22  PART OF THAT IS THAT WE SEE NO INDICATION THAT THE DISCOVERY

10:19AM  23  HAS VEERED INTO IRRELEVANT MATTERS IN THAT CASE.

10:19AM  24     BUT ALSO ONE OF THE PRIMARY REASONS FOR THIS MOTION IS WE

10:19AM  25  DO NOT WANT CIVIL DISCOVERY IN THIS CASE TO BURDEN THE CRIMINAL

10:19AM 1    TRIAL HERE.  WE THINK IT'S OF PARAMOUNT IMPORTANCE THAT THIS

10:19AM 2    CASE GET SET FOR TRIAL AND GET SET FOR TRIAL QUICKLY.

10:19AM 3         AND IN TERMS OF THE BURDEN THAT THE S.E.C. CIVIL DISCOVERY

10:19AM 4    IS PUTTING ON ALL PARTIES HERE, FIRST OF ALL, EVERY TIME THE

10:19AM 5    S.E.C. OR THE DEFENDANT GETS A DOCUMENT THAT HAS TO BE

10:19AM 6    PROCESSED AND PRODUCED IN THIS CASE.  IT HAS TO BE REVIEWED.

10:19AM 7         EVERY TIME A DEPOSITION IS TAKEN THE GOVERNMENT OR

10:19AM 8    MR. BALWANI IN ADVANCE MAY SEEK TO TRY TO INTERVIEW THAT PERSON

10:19AM 9    TO TRY TO SEE WHAT IS GOING TO COME OUT IN THE DEPOSITION TO

10:19AM 10   TRY TO PREPARE.  SO THAT IS A BURDEN ON THE UNITED STATES.

10:20AM 11   IT'S A BURDEN ON THE S.E.C., AND IT'S A BURDEN ON THE

10:20AM 12   DEFENDANT.

10:20AM 13        THERE ARE 25 DEPOSITIONS ON EACH SIDE HERE.  I THINK

10:20AM 14   THERE'S 8 OR 7 HAVE BEEN TAKEN TO DATE BY MR. BALWANI.  THERE

10:20AM 15   ARE 18 MORE TO GO, AND THE S.E.C. STILL HAS 25.  SO THAT'S 43

10:20AM 16   DEPOSITIONS THAT CAN OCCUR BETWEEN NOW AND OCTOBER.  IF YOU

10:20AM 17   ASSUME 1 DAY OF PREP, THAT'S 86 DAYS BETWEEN NOW AND OCTOBER

10:20AM 18   THAT ARE NECESSARILY GOING TO DISTRACT EVERYBODY IN THIS

10:20AM 19   COURTROOM FROM PREPARING FOR THE CRIMINAL TRIAL, AND WE THINK

10:20AM 20   THAT'S OF THE UTMOST IMPORTANCE.

10:20AM 21             THE COURT:  SO, MR. LEACH, AGAIN, MR. COOPERSMITH,

10:20AM 22   I'M NOT SPEAKING FOR HIM, BUT I'VE READ THE BRIEFS, OF

10:20AM 23   COURSE --

10:20AM 24             MR. LEACH:  YES.

10:20AM 25             THE COURT:  -- AND HE SUGGESTS THIS IS PURELY

10:20AM   1    STRATEGIC ON YOUR TEAM'S BEHALF.

10:20AM   2           MR. LEACH:  IT IS NOT, YOUR HONOR.  WE MOVED AT THE

10:20AM   3    FIRST AVAILABLE OPPORTUNITY WHEN WE SAW THAT THE DISCOVERY WAS

10:20AM   4    GOING INTO IRRELEVANT MATTERS IN THE S.E.C. CASE AND MATTERS

10:20AM   5    THAT ARE DIRECTLY RELEVANT TO THE CRIMINAL CASE.

10:21AM   6           WE ALSO DID IT WHEN IT BECAME APPARENT THAT THE DEFENDANTS

10:21AM   7    WERE NOT ASKING FOR AN EARLY TRIAL DATE WHEN IT LOOKED LIKE,

10:21AM   8    YOU KNOW, HOPE SPRINGS ETERNAL, BUT -- AND MR. COOPERSMITH CAN

10:21AM   9    SPEAK TO THIS -- BUT I DO NOT THINK THAT THEY'RE GOING TO SAY

10:21AM  10    THAT THEY'RE READY FOR A TRIAL WHEN WE GET TO OUR STATUS

10:21AM  11    CONFERENCE ON JUNE 28TH.

10:21AM  12           IT BECAME APPARENT TO US THAT THIS WAS BECOMING A WEIGHT

10:21AM  13    ON THE CRIMINAL CASE.  THAT'S WHEN WE MOVED.

10:21AM  14           THERE'S NO STRATEGY TO IT, YOUR HONOR.  WE WANT A TRIAL IN

10:21AM  15    THE CRIMINAL CASE AS QUICKLY AS WE CAN.  WE WANT THE PARTIES

10:21AM  16    FOCUSSED ON THAT, NOT ON THE BROADER STANDARD OF RELEVANCE IN

10:21AM  17    THE S.E.C. CASE.  THAT'S WHERE WE THINK ALL OF THE PARTIES'S

10:21AM  18    RESOURCES SHOULD BE FOCUSSED.

10:21AM  19           SO THERE IS NO STRATEGY TO THIS.  THERE IS -- WE MOVED AT

10:21AM  20    THE FIRST AVAILABLE OPPORTUNITY WHEN WE SAW THAT THE KEATING

10:22AM  21    FACTORS WEIGHED IN THAT WAY.

10:22AM  22           I WANT TO TALK A LITTLE BIT ABOUT THE CONVENIENCE OF

10:22AM  23    WITNESSES, YOUR HONOR.  I THINK THIS BECAME MOST EVIDENT WHEN

10:22AM  24    ONE OF THE DOCTORS IN ARIZONA SPOKE UP VERY PUBLICLY ABOUT THE

10:22AM  25    SUBPOENA FOR HER PATIENT INFORMATION THAT HAD BEEN SUBPOENAED.

10:22AM 1    THESE ARE WITNESSES IN OUR CASE.  EVERY TIME THAT THEY GET

10:22AM 2    HIT WITH NEW PROCESS, EVERY TIME THEY HAVE TO SIT FOR A

10:22AM 3    DEPOSITION, THAT'S TIME AND RESOURCES THAT ARE TAKEN AWAY FROM

10:22AM 4    THEIR FOCUS.

10:22AM 5    WE'VE HAD SOME INVESTORS WHO HAVE BEEN DEPOSED IN THE PMF

10:22AM 6    CASE, WHO HAVE BEEN INTERVIEWED ON MULTIPLE OCCASIONS BY THE

10:22AM 7    GOVERNMENT, AND WHO HAVE NOW BEEN DEPOSED IN THE S.E.C. CASE.

10:22AM 8    EVERY TIME THEY GO THROUGH THAT PROCESS IT DISTRACTS THEM A

10:22AM 9    LITTLE BIT.  IT MINIMIZES THEIR INTEREST IN PARTICIPATING IN

10:22AM 10   THE PROCESS, AND IT'S REALLY JUST A BURDEN ON EVERYBODY

10:22AM 11   INVOLVED.

10:22AM 12   OUR SUBMISSION IS THAT WE SHOULD HAVE ONE TRIAL, WE SHOULD

10:22AM 13   HAVE -- WE SHOULDN'T MAKE WITNESSES COME HERE THREE, FOUR, FIVE

10:23AM 14   TIMES ALL TO ASK ABOUT ESSENTIALLY THE SAME TOPICS.  SO I THINK

10:23AM 15   THE INTEREST OF THE WITNESSES WEIGHS VERY HEAVILY HERE.

10:23AM 16   AND THEN FINALLY, YOUR HONOR, I WANT TO SAY ONE POINT

10:23AM 17   ABOUT THE LAST FACTOR OR THE INTEREST OF THE PUBLIC.  THERE'S

10:23AM 18   SIGNIFICANT ATTENTION IN THIS CASE.  THESE EVENTS FIRST CAME TO

10:23AM 19   LIGHT IN OCTOBER OF 2015 WHEN THERE WAS A "WALL STREET JOURNAL

10:23AM 20   ARTICLE" QUESTIONING SOME OF THERANOS'S PRACTICES.

10:23AM 21   SINCE THEN THERE'S BEEN GREAT INTEREST IN WHAT IS THE

10:23AM 22   TRUTH?  WHAT HAPPENED HERE?  AND I THINK IT'S VERY MUCH IN THE

10:23AM 23   PUBLIC INTEREST TO HAVE THESE ISSUES RESOLVED IN ONE PROCEEDING

10:23AM 24   AND THE ONLY PROCEEDING THEY CAN DO THAT IS THE CRIMINAL TRIAL.

10:23AM 25   THERE'S ALSO THE FACTOR OF THE DEFENDANT'S FIFTH AMENDMENT

10:23AM  1    INTEREST, AND IT'S NOT CLEAR WHETHER IT'S A FIFTH OR SIXTH

10:23AM  2    FACTOR, BUT I THINK EVERYTHING THAT THE DEFENDANT IS RAISING

10:23AM  3    THERE IS RETROSPECTIVE, THINGS THAT HAVE HAPPENED BEFORE.

10:24AM  4         HE NOTES THAT HE TESTIFIED DURING THE INVESTIGATION IN THE

10:24AM  5    S.E.C. CASE.  HE HAD A VERY EXPERIENCED LAWYER AND THE S.E.C.

10:24AM  6    INVESTIGATION, NOT THE UNDERLYING LITIGATION.  HE WAS

10:24AM  7    REPRESENTED BY VERY EXPERIENCED COUNSEL THERE.  I DON'T THINK

10:24AM  8    THE KEATING FACTORS, IF YOU LOOK AT SOME OF THE CASES,

10:24AM  9    REGULARLY SUPPORTS STAYS OF S.E.C. INVESTIGATIONS IN LIGHT OF

10:24AM  10   SOME GRAND JURY INVESTIGATION.

10:24AM  11        SO EVERYTHING THAT HE'S TALKING ABOUT IS REALLY

10:24AM  12   RETROSPECTIVE, STATEMENTS HE MAY HAVE MADE IN THE PAST.  HE'S

10:24AM  13   SILENT ABOUT WHAT HIS INTENTIONS ARE GOING FORWARD ABOUT

10:24AM  14   ACTUALLY PROVIDING SUBSTANTIVE TESTIMONY IN THE S.E.C. CASE.

10:24AM  15        SO I THINK THAT FACTOR IS REALLY KIND OF A WASH HERE AND

10:24AM  16   CERTAINLY DOESN'T OUTWEIGH THE OTHER FIVE.

10:24AM  17        SO FOR ALL OF THOSE REASONS, YOUR HONOR, WE THINK A STAY

10:24AM  18   IS VERY MUCH IN THE INTEREST OF JUSTICE, AND WE URGE THE COURT

10:24AM  19   TO PERMIT THE GOVERNMENT TO INTERVENE AND GRANT THE MOTION TO

10:24AM  20   STAY.

10:24AM  21             THE COURT:  THANK YOU.

10:25AM  22             MR. COOPERSMITH:  THANK YOU, JUDGE DAVILA.  LET ME

10:25AM  23   ADDRESS THE ISSUE OF INTERVENTION FIRST OF ALL.  SO MR. LEACH

10:25AM  24   IS RIGHT THAT WHEN YOU READ THE CASES, THE COURTS GENERALLY

10:25AM  25   GRANT INTERVENTION.

10:25AM  1        THE PROBLEM IS THAT THERE'S NO CASE WHERE THE

10:25AM  2   EXTRAORDINARY TIMING OF WHAT HAPPENED HERE OCCURRED, AND, THAT

10:25AM  3   IS, FOR EXAMPLE, IN THE NICHOLAS CASE, WHICH IS THE CENTRAL

10:25AM  4   DISTRICT OF CALIFORNIA CASE THAT WAS BEFORE JUDGE CARNEY, THAT

10:25AM  5   THAT'S REALLY THE CASE THAT THE GOVERNMENT RELIES ON FROM 2008.

10:25AM  6        THE GOVERNMENT MOVED TO STAY, INTERVENE AND STAY THE

10:25AM  7   S.E.C. CASE WITHIN A WEEK OF THE FIRST STATUS CONFERENCE.

10:25AM  8   WE'VE HAD FOUR STATUS CONFERENCES IN THIS CASE.

10:25AM  9        AND AT NO POINT DID THE GOVERNMENT EVER MENTION STAYING --

10:25AM  10  THAT THEY WANTED TO STAY THE CASE.

10:25AM  11       AS JUDGE NICHOLAS -- I'M SORRY, JUDGE CARNEY SAID IN THE

10:25AM  12  NICHOLAS CASE, AND THIS IS A QUOTE, "THE U.S. ATTORNEY'S

10:25AM  13  OFFICE'S MOTION IS TIMELY, FILED LESS THAN ONE WEEK AFTER THE

10:25AM  14  INITIAL STATUS CONFERENCE IN THE CRIMINAL CASE, AND PROMPTLY

10:26AM  15  UPON THE COURT'S INVITATION TO DO SO."  AND IT CITES UNITED

10:26AM  16  STATES VERSUS WASHINGTON FROM THE NINTH CIRCUIT CIRCUIT, AND

10:26AM  17  JUDGE CARNEY'S PARENTHETICAL IS "THAT CASE EXPLAINS WHY ANY

10:26AM  18  SUBSTANTIAL LAPSE OF TIME WEIGHS HEAVILY AGAINST INTERVENTION."

10:26AM  19       AND I WANT TO PASS UP, IF I CAN, YOUR HONOR, A COUPLE OF

10:26AM  20  DEMONSTRATIVE EXHIBITS IF IT IS OKAY.  YES, YOUR HONOR.

10:26AM  21       (HANDING.)

10:26AM  22        THE COURT:  HAVE YOU PROVIDED THESE TO YOUR

10:26AM  23  COLLEAGUES?

10:26AM  24       ANY OBJECTION TO THE COURT RECEIVING THIS, MR. LEACH?

10:26AM  25        MR. LEACH:  NO, YOUR HONOR.

10:26AM  1          MR. COOPERSMITH:  AND THERE'S A SECOND ONE, YOUR

10:26AM  2     HONOR.

10:27AM  3          (PAUSE IN PROCEEDINGS.)

10:27AM  4          MR. COOPERSMITH:  SO, YOUR HONOR, IF WE CAN START

10:27AM  5     WITH THE TIMELINE, AND WHAT WE DID IS WE JUST LAID OUT SOME OF

10:27AM  6     THE KEY EVENTS AT ISSUE.

10:27AM  7          WHAT THE GOVERNMENT SAID JUST A MINUTE AGO AND ALSO IN

10:27AM  8     THEIR BRIEF IS THAT THEY, THEY MOVED FOR A STAY AND TO

10:27AM  9     INTERVENE THE STAY AT THE FIRST AVAILABLE OPPORTUNITY.

10:27AM  10         WELL, IN THEIR BRIEF, YOUR HONOR, THEY COMPLAIN THAT THE

10:27AM  11    SUBPOENAS THAT WE ISSUED TO BIG LABORATORY COMPANIES, LABCORP

10:27AM  12    AND QUEST, AND ANOTHER COMPANY CALLED SONORA QUEST, THAT THOSE

10:27AM  13    WERE APART OF THE PROBLEM OF HOW, IN THEIR VIEW, WE'RE USING

10:27AM  14    CIVIL DISCOVERY BEYOND THE SCOPE OF CIVIL DISCOVERY.

10:27AM  15         AND I WANT TO NOTE FOR --

10:27AM  16         THE COURT:  IS THAT A -- PARDON ME FOR INTERRUPTING.

10:27AM  17         IS THE ANSWER TO THAT QUESTION, IS THAT SOMETHING THAT I

10:27AM  18    SHOULD CONSIDER?

10:27AM  19         MR. COOPERSMITH:  I'M SORRY, I DON'T UNDERSTAND THE

10:27AM  20    QUESTION, YOUR HONOR.

10:27AM  21         THE COURT:  WELL, YOU SAID THAT THEY OBJECT TO US

10:27AM  22    USING CIVIL DISCOVERY FOR PURPOSES OF DEFENDING IN THE CRIMINAL

10:27AM  23    CASE I THINK IS WHAT YOU SAID.

10:28AM  24         MR. COOPERSMITH:  OH, I UNDERSTAND, YOUR HONOR.

10:28AM  25         THE COURT:  SO IS THAT A QUESTION THAT NEEDS TO BE

10:28AM  1    DETERMINED OR ANSWERED FOR THIS?

10:28AM  2              MR. COOPERSMITH:  ACTUALLY NOT, YOUR HONOR.  AND I'M

10:28AM  3    GLAD THE COURT ASKED THAT QUESTION.

10:28AM  4        SO MR. LEACH MAKES SOME HAY OF THAT.  IN FACT, THE CASES

10:28AM  5    ONE AFTER THE OTHER SAY THAT WHEN THE GOVERNMENT BRINGS

10:28AM  6    TWO CASES, AND THEY DON'T HAVE TO DO THAT, BUT WHEN THE S.E.C.

10:28AM  7    BRINGS IN A CIVIL CASE AND THE DOJ BRINGS A CRIMINAL CASE, AND

10:28AM  8    THEY'RE OVERLAPPING AS MUCH AS THEY'RE OVERLAPPING HERE, THEN

10:28AM  9    OF COURSE THERE'S GOING TO BE DISCOVERY ISSUED IN THE CIVIL

10:28AM  10   CASE THAT IS FOR THE PURPOSE OF DEFENDING THE CIVIL CASE BUT

10:28AM  11   ALSO MAY HAVE PRODUCED RELEVANT MATERIAL IN THE CRIMINAL CASE.

10:28AM  12   SO THAT'S NOT A FACTOR.

10:28AM  13       AND AS THE COURT HAS -- AS THE COURTS HAVE SAID MANY

10:28AM  14   TIMES, FOR EXAMPLE, IN THE FRASER CASE THE FACT THAT THE

10:28AM  15   CRIMINAL DEFENDANTS WILL HAVE MORE INFORMATION THAN OTHERWISE

10:28AM  16   WOULD BE ENTITLED TO UNDER THE FEDERAL RULES OF CRIMINAL

10:28AM  17   PROCEDURE IS NOT A FACTOR AND THAT THE LOSS OF THE GOVERNMENT'S

10:29AM  18   USUAL TACTICAL ADVANTAGE IS INSUFFICIENT TO JUSTIFY A STAY.

10:29AM  19       SO THE COURTS, YOU'RE RIGHT, YOUR HONOR, THAT IS NOT A

10:29AM  20   FACTOR, BUT SINCE MR. LEACH MENTIONED IT I THOUGHT I WOULD AS

10:29AM  21   WELL.

10:29AM  22       GOING BACK TO THE TIMELINE, YOU CAN SEE THAT THE SUBPOENAS

10:29AM  23   THAT THE GOVERNMENT STARTS COMPLAINING ABOUT IN THEIR BRIEF

10:29AM  24   ARE, FIRST OF ALL, THE SUBPOENAS TO LABCORP, QUEST, AND

10:29AM  25   SONORA QUEST.  THOSE HAPPENED IN JULY AND AUGUST OF 2018.  IF

10:29AM 1    YOU LOOK AT THE JULY 2019 EVENTS, IT'S THE THIRD ITEM -- I'M

10:29AM 2    SORRY, THE FOURTH ITEM, THE OCTOBER 19TH AND NOVEMBER 7TH.

10:29AM 3         AND THEN THE TIMELINE IN 2019 -- AND THE REASON I'M

10:29AM 4    FOCUSSING ON 2019, THAT MARCH-APRIL PERIOD, IS BECAUSE THE

10:29AM 5    GOVERNMENT CLAIMS THAT THE REASON WHY THEY ALL OF A SUDDEN HAD

10:29AM 6    TO MOVE FOR A STAY WAS BECAUSE OF THE SUBPOENA TO TWO HEALTH

10:29AM 7    CARE PROVIDERS.  ONE WAS CALLED FOUNTAIN HILLS AND ONE WAS

10:29AM 8    CALLED SOUTHWEST CONTEMPORARY WOMEN'S CLINIC.  FOUNTAIN HILLS

10:30AM 9    IS THE ACTUAL HEALTH CARE PROVIDER THAT ACTUALLY BROUGHT THE

10:30AM 10   MOTION TO QUASH BEFORE JUDGE COUSINS, SO I WANT TO ADDRESS

10:30AM 11   THAT.

10:30AM 12        THE COURT:  HE GRANTED THAT MOTION.

10:30AM 13        MR. COOPERSMITH:  HE DID, YOUR HONOR.  HE QUASHED

10:30AM 14   THE SUBPOENA, BUT IT'S NOT -- THE CHARACTERIZATION THAT THE

10:30AM 15   GOVERNMENT IS GIVING TO IT IS NOT ENTIRELY CORRECT, AND LET ME

10:30AM 16   EXPLAIN THAT.

10:30AM 17        SO JUDGE COUSINS MADE YOUR TYPICAL RELATIVE BURDEN

10:30AM 18   ANALYSIS UNDER RULE 26.

10:30AM 19        YOU KNOW, I WENT AND PULLED THE TAPE AND LISTENED TO IT,

10:30AM 20   AND HERE'S WHAT JUDGE COUSINS SAID.  HE SAID THAT IN HIS

10:30AM 21   CONCLUSION IS THAT THERE'S A LOT OF INFORMATION THAT CAN BE

10:30AM 22   DIRECTLY DISCOVERED FROM THERANOS, FROM THE FEDERAL GOVERNMENT,

10:30AM 23   AND FROM OTHER PARTIES AND THAT IT'S POSSIBLE THAT A MORE

10:30AM 24   NARROW SUBPOENA CAN ISSUE TO THE SAME FOUNTAIN HILLS CLINIC IN

10:30AM 25   THE FUTURE.  SO HE DIDN'T FIND THAT THE INFORMATION WAS

10:30AM 1    IRRELEVANT.  HE JUST FOUND THAT RELATIVE BURDENS, WE SHOULD BE

10:30AM 2    LOOKING TO OTHER PARTIES TO GET THE SAME INFORMATION.

10:30AM 3        AND IT'S VERY IMPORTANT IN CONTEXT THAT JUDGE COUSINS MADE

10:30AM 4    THAT REMARK RIGHT AFTER COUNSEL FOR THE S.E.C. ARGUED THAT THE

10:31AM 5    INFORMATION WE WERE SEEKING WAS ALREADY IN THE DISCOVERY THAT

10:31AM 6    HAD BEEN PROVIDED BY THE S.E.C., AND, THEREFORE, WE SHOULD LOOK

10:31AM 7    AT THAT FIRST BEFORE WE BOTHER FOUNTAIN HILL.  SO JUDGE COUSINS

10:31AM 8    QUASHED THE SUBPOENA ON THAT BASIS.

10:31AM 9        AND THEN THE GOVERNMENT MAKES A BIG DEAL IN THEIR BRIEF

10:31AM 10   ABOUT HOW WE THEN WITHDREW ON THEIR OWN THE SUBPOENA TO THE

10:31AM 11   OTHER HEALTH CARE PROVIDER.

10:31AM 12       THE REASON, OF COURSE, IS THAT WE DIDN'T WANT TO BURDEN

10:31AM 13   JUDGE COUSINS WITH ANOTHER MOTION.  GIVEN HIS RULING, WE FELT

10:31AM 14   THAT WAS THE PROPER THING TO DO.  IT WAS NOT SOME KIND OF

10:31AM 15   CONCESSION OF RELEVANCE.

10:31AM 16       AND THAT LEADS ME TO THE SECOND DEMONSTRATIVE EXHIBIT.

10:31AM 17   SO, IN FACT, THE DISCOVERY THAT WE WERE SEEKING UNDER THE CIVIL

10:31AM 18   RULES FROM THESE HEALTH CARE PROVIDERS IN MARCH, FOUNTAIN HILLS

10:31AM 19   AND SOUTHWEST, IS NOT IRRELEVANT TO THE S.E.C. CASE.  SO IF YOU

10:31AM 20   LOOK AT THIS CHART, YOU SEE THAT THERE'S A NUMBER OF

10:31AM 21   ALLEGATIONS.

10:31AM 22       I WANT TO POINT OUT THAT THE S.E.C. COMPLAINT ALLEGES THAT

10:32AM 23   ONE OF THE MISREPRESENTATIONS IN THIS CASE WAS THAT MR. BALWANI

10:32AM 24   TOLD INVESTORS THAT THE BLOOD TESTING THAT THERANOS WAS DOING

10:32AM 25   WAS FASTER, CHEAPER, AND MORE ACCURATE THAN EXISTING BLOOD

10:32AM 1       TESTING LABORATORIES.

10:32AM 2           THEN IN THE S.E.C. INTERROGATORY RESPONSES THEY INCLUDED

10:32AM 3       AMONG THE VICTIMS OF THE FRAUD MEDICAL PATIENTS, MEDICAL

10:32AM 4       PROFESSIONALS.  AND OTHERS IN THE MEDICAL FIELD.

10:32AM 5           IF YOU LOOK AT THE SUPERSEDING INDICTMENT ALLEGATIONS,

10:32AM 6       WHICH ARE THE SECOND TWO ITEMS ON THAT EXHIBIT, YOU CAN SEE

10:32AM 7       THAT THE -- I WON'T READ IT BECAUSE THE COURT CAN DO THAT, BUT

10:32AM 8       IT'S VIRTUALLY IDENTICAL.

10:32AM 9           SO THE IDEA THAT THE ACCURACY OF THERANOS'S TESTING IS NOT

10:32AM 10      AN ISSUE IN THE S.E.C. CASE -- AND THERE'S ONE OTHER POINT,

10:32AM 11      YOUR HONOR, THAT I THINK REALLY NAILS THAT ISSUE DOWN, AND THAT

10:32AM 12      IS THAT WE CITED DOCKET NUMBER 62 IN THIS CASE AS WELL AS

10:32AM 13      DOCKET NUMBER 64-1 AT 4.  AND THE REASON WE CITED THAT IS

10:33AM 14      BECAUSE PRIOR TO THE STATUS CONFERENCE THIS COURT HELD ON

10:33AM 15      APRIL 22ND, IN FACT PRIOR TO THE GOVERNMENT EVER SAYING

10:33AM 16      ONE WORD ABOUT A STAY MOTION, IT WAS DAYS BEFORE THAT SO WE

10:33AM 17      DIDN'T KNOW THE GOVERNMENT WAS GOING TO MOVE TO STAY, I WROTE A

10:33AM 18      NOTE TO S.E.C. COUNSEL AND TOLD THEM THAT WE WERE WILLING, IF

10:33AM 19      THE S.E.C. TOOK THE POSITION THAT THE ISSUE OF ACCURACY OF

10:33AM 20      THERANOS'S TEST WAS NOT PART OF THE S.E.C. CASE, THAT WE WOULD

10:33AM 21      STIPULATE TO TWO THINGS:

10:33AM 22          ONE WAS THAT ACCURACY IS NOT AN ISSUE, AND THE SECOND ONE

10:33AM 23      WAS THAT PATIENT HARM IS NOT AN ISSUE.  SO TWO DIFFERENT

10:33AM 24      CONCEPTS.

10:33AM 25          THE S.E.C. DIDN'T COME BACK TO ME AND SAY, WELL, WE HAVE

10:33AM 1    SOME ISSUES WITH YOUR LANGUAGE BUT THE CONCEPT IS FINE.  THEY

10:33AM 2    DIDN'T DO ANY OF THAT.  THEY DIDN'T RESPOND AT ALL ACTUALLY.

10:33AM 3        WHAT THEY DID WAS SUBMITTED A PAPER TO JUDGE COUSINS AND

10:33AM 4    THEY SAID THEY WOULD BE WILLING TO STIPULATE THAT PATIENT HARM

10:33AM 5    WAS NOT AN ISSUE.  THEY SAID NOTHING ABOUT ADDRESSING OUR

10:33AM 6    STIPULATION THAT ACCURACY WOULD NOT BE AN ISSUE, AND THERE'S A

10:34AM 7    REASON FOR THAT BECAUSE THEIR COMPLAINT ALLEGES THAT.

10:34AM 8        SO THE IDEA THAT THE SUBPOENAS WERE IRRELEVANT IS NOT WELL

10:34AM 9    TAKEN.

10:34AM 10       ONE OTHER THING, YOUR HONOR.  SO THERE ARE THOUSANDS OF

10:34AM 11   HEALTH CARE PROVIDERS THAT USE THERANOS TESTING.  MR. LEACH

10:34AM 12   SAYS IN HIS BRIEF THAT WE ARE SCORCHING THE EARTH.  WE DIDN'T

10:34AM 13   ISSUE SUBPOENAS TO THOUSANDS OF HEALTH CARE PROVIDERS.  WE

10:34AM 14   ISSUED SUBPOENAS TO TWO, ONE WAS FOUNTAIN HILLS AND ONE WAS

10:34AM 15   SOUTHWEST.

10:34AM 16       FOUNTAIN HILL'S -- THERE'S A PATIENT OF FOUNTAIN HILLS WHO

10:34AM 17   IS THE SUBJECT OF ONE OF THE COUNTS IN THE INDICTMENT.

10:34AM 18   SOUTHWEST, THAT'S NOT THE CASE.  THERE'S NOTHING -- NO PATIENT

10:34AM 19   THAT WE'RE AWARE OF THAT'S A COUNT IN THE INDICTMENT.

10:34AM 20       SO WHEN WE CHOSE THOSE TWO HEALTH CARE PROVIDERS AMONG THE

10:34AM 21   THOUSANDS OF HEALTH CARE PROVIDERS, IT WAS FOR A PARTICULAR

10:34AM 22   REASON AND THAT IS THAT BOTH OF THOSE HEALTH CARE PROVIDERS

10:34AM 23   CLAIMED THAT THEY DID COMPARATIVE STUDIES WHERE THEY LOOKED AT

10:34AM 24   THERANOS TESTING AND THEY COMPARED IT TO TESTING BY

10:34AM 25   LABORATORIES LIKE LABCORP, QUEST AND SO FORTH.

10:34AM  1       SO THAT COMPARISON, YOU KNOW, IS OBVIOUSLY HIGHLY RELEVANT

10:35AM  2   TO THE ACCURACY ISSUE, AND THAT'S WHY WE ISSUED THOSE

10:35AM  3   SUBPOENAS.

10:35AM  4       SO, YOU KNOW, THE IDEA THAT IT'S NOT RELEVANT, I THINK, IS

10:35AM  5   JUST NOT THE CASE.

10:35AM  6       BUT IN ANY EVENT, YOUR HONOR, EVEN IF THE COURT WERE TO

10:35AM  7   BELIEVE THAT THERE'S SOMETHING ABOUT THE SUBPOENAS THAT GO

10:35AM  8   BEYOND THE SCOPE OF THE CIVIL DISCOVERY --

10:35AM  9          THE COURT:  WELL, THOSE TWO ARE NOT IN THE S.E.C.'S

10:35AM 10   COMPLAINT, THOUGH, RIGHT?  IS THAT RIGHT?

10:35AM 11          MR. COOPERSMITH:  WHAT?

10:35AM 12          THE COURT:  SOUTHWEST AND FOUNTAIN HILL.

10:35AM 13          MR. COOPERSMITH:  WELL, THEY DON'T MENTION ANYONE.

10:35AM 14   WHAT THEY SAY IS THAT AMONG THE VICTIMS ARE MEDICAL

10:35AM 15   PROFESSIONALS AND -- I'M SORRY, MEDICAL PROFESSIONALS AND

10:35AM 16   MEDICAL PATIENTS.

10:35AM 17       SO IT IS IN THE COMPLAINT.  THEY DON'T MENTION IT BY NAME.

10:35AM 18   THEY DON'T MENTION ANY INVESTOR BY NAME.  THE S.E.C. DOESN'T

10:35AM 19   MENTION ANY INVESTOR OR PATIENT BY NAME, BUT THEY SAY IN THEIR

10:35AM 20   INTERROGATORY RESPONSE MEDICAL PATIENTS AND MEDICAL PROVIDERS

10:35AM 21   AMONG THE FRAUD.

10:35AM 22       AND THEN AS SHOWN IN THE CHART, THEY ALLEGE THAT THE

10:35AM 23   ACCURACY OF THE DEFENDANT MISREPRESENTED THE ACCURACY OF

10:36AM 24   THERANOS TESTING.

10:36AM 25       SO -- BUT, YOUR HONOR, MOVING FORWARD.  EVEN IF THE COURT

10:36AM 1    THINKS THAT THOSE SUBPOENAS WERE IN PART OUTSIDE THE REALM OF

10:36AM 2    CIVIL DISCOVERY, THAT IS NOT A REASON TO QUASH.

10:36AM 3        SO THE GOVERNMENT COULD COME IN HERE AND ASK TO INTERVENE

10:36AM 4    AND SAY, WELL, WE WANT TO ADDRESS THIS ONE SUBPOENA.

10:36AM 5        YOU KNOW, CASE AFTER CASE TAKES THAT APPROACH.  FOR

10:36AM 6    EXAMPLE, THE S.E.C. VERSUS OAKFORD CASE THAT WE CITED IN OUR

10:36AM 7    BRIEFING FROM THE SOUTHERN DISTRICT OF NEW YORK, THAT COURT

10:36AM 8    SAID TO THE EXTENT THAT THE DEFENDANT'S DISCOVERY DEMANDS GO

10:36AM 9    BEYOND WHAT WOULD ORDINARILY BE PERMITTED IN A CIVIL CASE

10:36AM 10   INVOLVING THE SAME UNDERLYING CIRCUMSTANCES, SUCH DEMANDS ARE

10:36AM 11   SUBJECT TO BEING QUASHED.

10:36AM 12       AND THEN THE COURT THEN GOES ON TO SAY THAT THE DOJ CAN

10:36AM 13   MOVE TO -- FOR A PROTECTIVE ORDER, OR TO STOP A PARTICULAR

10:36AM 14   DISCOVERY, BUT IF IT THREATENS THE INTEGRITY OF THE CRIMINAL

10:37AM 15   CASE.

10:37AM 16       AND WHAT THE OAKFORD CASE EXPLAINED THAT MEANT WAS THINGS

10:37AM 17   LIKE WITNESS TAMPERING AND OBSTRUCTION, WHICH IS IN NO WAY AT

10:37AM 18   ISSUE HERE.  THAT HAS NEVER OCCURRED.  I WOULD BE SURPRISED IF

10:37AM 19   MR. LEACH HAD ANY CONTRARY VIEW.

10:37AM 20       AND CASE AFTER CASE THEY TAKE THE SAME POSITION.  THE

10:37AM 21   S.E.C. VERSUS CIOFFI CASE FROM THE EASTERN DISTRICT OF

10:37AM 22   NEW YORK.  IF THE GOVERNMENT IS CONCERNED ABOUT SOME INTEGRITY

10:37AM 23   OF THE CRIMINAL PROCESS ISSUE, THEY CAN COME IN AND OBJECT TO

10:37AM 24   CERTAIN DISCOVERY.

10:37AM 25       THE MAZZO CASE FROM THE CENTRAL DISTRICT OF CALIFORNIA,

10:37AM  1    SAME THING.

10:37AM  2         S.E.C. VERSUS O'NEILL FROM MASSACHUSETTS, SAME THING.

10:37AM  3         SO CASE AFTER CASE SAYS THAT THE GOVERNMENT CAN AT MOST

10:37AM  4    OBJECT TO PARTICULAR DISCOVERY.  THAT'S NOT WHAT THE GOVERNMENT

10:37AM  5    IS TRYING TO DO HERE.  REMEMBER IN ALL OF THE TIME THAT WE'VE

10:37AM  6    BEEN LITIGATING THIS CASE, SINCE THE S.E.C. CASE WAS FILED IN

10:37AM  7    MARCH OF 2018, YOUR HONOR, THERE'S BEEN EXACTLY ONE DISPUTE

10:37AM  8    BEFORE THE COURT ABOUT THE SCOPE OF DISCOVERY, AND THAT WAS

10:37AM  9    WITH RESPECT TO FOUNTAIN HILLS.

10:37AM 10         SO IT'S NOT THE CASE THAT WE'RE SOMEHOW BURDENING THE

10:38AM 11    COURT.  I THINK THIS COURT HAS BEEN MANAGING THE CIVIL CASES

10:38AM 12    QUITE WELL BY THE JOINT STATUS CONFERENCES, AND THERE HASN'T

10:38AM 13    BEEN ANY PROBLEMS IN THAT REGARD.

10:38AM 14         I WANT TO TURN, THOUGH, YOUR HONOR -- AND I'VE ADDRESSED

10:38AM 15    INTERVENTION.  I THINK INTERVENTION IS NOT PROPER BECAUSE UNDER

10:38AM 16    EITHER STANDARD OR PROVISION, BOTH AS OF RIGHT AND PERMISSIVE

10:38AM 17    REQUIRES TIMELINESS, AND WHEN THE GOVERNMENT KNOWS ABOUT THE

10:38AM 18    S.E.C.'S ALLEGATION FROM MARCH OF 2018, WHICH ARE IN THE

10:38AM 19    EXHIBITS THAT WE HANDED UP TO THE COURT, AND THEY KNOW ABOUT

10:38AM 20    THE LABCORP AND QUEST SUBPOENAS, WHICH THEY SAY WERE

10:38AM 21    IMPERMISSIBLE, IN THE FALL OF 2018 AND THEY DO NOTHING, IT IS

10:38AM 22    EXACTLY WITHIN JUDGE CARNEY'S STATEMENT FROM NICHOLAS THAT THIS

10:38AM 23    IS NOT TIMELY.

10:38AM 24         AND THERE ISN'T A CASE WHERE THE GOVERNMENT WAITED THAT

10:38AM 25    LONG AND IT'S SIMPLY TOO LATE.

10:38AM 1      BUT FURTHER TO THE MERITS MORE SPECIFICALLY, I WANT TO

10:38AM 2  ADDRESS THE PREJUDICE TO MR. BALWANI, AND IT'S PROFOUND, YOUR

10:38AM 3  HONOR.

10:38AM 4      SO FIRST OF ALL, WE HAVE NOT SEEN A CASE CITED HERE WHERE

10:39AM 5  WHEN THE GOVERNMENT OR BY THE TIME THE GOVERNMENT GETS AROUND

10:39AM 6  FOR MOVING FOR A STAY THE DEFENDANT HAS ALREADY PROVIDED

10:39AM 7  DISCOVERY TO THE S.E.C.

10:39AM 8      WE WENT INTO THIS.  NO STAY WAS ASKED FOR OR PUT INTO

10:39AM 9  PLACE.  WE FULLY INTENDED AND WE DID DEFEND THE S.E.C. CASE,

10:39AM 10  WHICH IS MR. BALWANI'S RIGHT, AND WE DID THAT BY ANSWERING THE

10:39AM 11  COMPLAINT.  WE GOT INTERROGATORIES THAT MR. BALWANI ANSWERED

10:39AM 12  UNDER OATH.

10:39AM 13      HE WAS ASKED TO BRING DOCUMENTS BY THE COMMISSION, AND HE

10:39AM 14  DID THAT.  IN FACT, ON APRIL 18TH OF THIS YEAR, 2019, ONE DAY

10:39AM 15  AFTER THE GOVERNMENT, MR. LEACH, SENT AN E-MAIL ANNOUNCING THAT

10:39AM 16  THEY WOULD MOVE FOR A STAY THE S.E.C. SENT A LETTER ASKING FOR

10:39AM 17  MORE DOCUMENTS, WHICH WE PRODUCED.

10:39AM 18      SO THE IDEA THAT YOU COULD ASK FOR A STAY AFTER THE

10:39AM 19  DEFENDANT HAS DONE ALL OF THAT -- AND THERE'S A CASE THAT IS

10:39AM 20  NOT CITED IN OUR BRIEFING, YOUR HONOR, BUT IT'S S.E.C. VERSUS

10:40AM 21  GILBERTSON FROM THE DISTRICT OF MINNESOTA.  AND IN FACT -- I'M

10:40AM 22  SORRY, YOUR HONOR.  I'M ACTUALLY TALKING ABOUT THE KELLY CASE.

10:40AM 23  THIS IS A CASE THAT WE PUT IN OUR EXHIBITS, AND THE S.E.C.

10:40AM 24  ACTUALLY PUT IN BRIEFING IN THE KELLY CASE ARGUING WHY A STAY

10:40AM 25  SHOULD NOT BE GRANTED.

10:40AM 1      AND AMONG THE THINGS THEY SAID IS THAT THE DEFENDANT HAD

10:40AM 2  ALREADY RECEIVED THE BENEFIT OF DISCOVERY, AND THE DEFENDANT IN

10:40AM 3  THAT CASE WANTED A STAY AFTER GETTING ALL OF THE DISCOVERY HE

10:40AM 4  WANTED.

10:40AM 5      IN THIS CASE WE'RE IN THE OPPOSITE POSITION.  THE S.E.C.

10:40AM 6  GOT TO DISCOVERY.  IT ISSUED WHATEVER DISCOVERY IT WANTED, AND

10:40AM 7  IT ISSUED WHAT IT DID, AND WE RESPONDED TO IT AND ALL OF A

10:40AM 8  SUDDEN IT SAYS NOW IT WANTS A STAY ALONG WITH THE DEPARTMENT OF

10:40AM 9  JUSTICE.

10:40AM 10      YOUR HONOR, I WANT TO CONTINUE ON THE PREJUDICE ISSUE

10:40AM 11  BECAUSE THIS IS REALLY CRUCIAL.

10:40AM 12      SO IN THE FRASER CASE THE COURT MAKES A POINT TO TALK

10:40AM 13  ABOUT THE BURDEN OF A -- ON A DEFENDANT WHEN THE GOVERNMENT

10:41AM 14  DECIDES TO BRING PARALLEL CASES.  AND THE THINGS THAT THE

10:41AM 15  FRASER COURT SAID ARE VERY APROPOS TO WHAT IS GOING ON HERE.

10:41AM 16      SO IN FRASER THE COURT SAID THAT THE DEFENDANT HAS A

10:41AM 17  STRONG INTEREST IN BEING ABLE TO DEFEND HIMSELF AGAINST S.E.C.

10:41AM 18  ALLEGATIONS AS QUICKLY AS POSSIBLE.

10:41AM 19      THE COURT HAD POINTED OUT THAT THE CASE HAD BEEN GOING ON

10:41AM 20  FOR YEARS, INCLUDING THE INVESTIGATION, AND THAT THE DEFENDANTS

10:41AM 21  WERE IN THEIR MID 50'S, AND THAT IF THE COURT STAYED THE CASE,

10:41AM 22  THEY WILL HAVE ADDITIONAL YEARS OF LIVING UNDER THE ALLEGATION.

10:41AM 23      SO TWO THINGS, YOUR HONOR.  FIRST OF ALL, THERE'S NO BASIS

10:41AM 24  TO ISSUE A STAY BECAUSE THERE COULD BE A CONVICTION IN THE

10:41AM 25  S.E.C. CASE.  THAT'S NOT A BASIS FOR A STAY.

10:41AM  1        I THINK THE COURT SAID THAT BEST IS THE <u>S.E.C. VERSUS</u>

10:41AM  2   <u>KANODIA</u> CORP WHICH WE CITED.  HERE'S WHAT THE COURT SAID ABOUT

10:41AM  3   ISSUING A STAY BECAUSE THERE COULD BE A CONVICTION.  THE COURT

10:41AM  4   SAID, "THE COURT WILL NOT IN ANY WAY ABRIDGE THE DEFENDANT'S

10:41AM  5   PROCEDURAL RIGHTS SIMPLY TO PRESERVE S.E.C. RESOURCES.  NOR

10:42AM  6   WILL THE COURT PERMIT THE S.E.C. TO DEFER ITS CASE SO AS TO

10:42AM  7   CAPITALIZE MORE EFFICIENTLY ON A SUCCESSFUL CRIMINAL

10:42AM  8   PROSECUTION."

10:42AM  9        SO THAT'S NOT A BASIS FOR A STAY.

10:42AM  10            THE COURT:  I'LL ASK MR. LEACH, BUT I DON'T THINK

10:42AM  11  HE'S SAYING STAY THE CASE BECAUSE WE'RE GOING TO GET A

10:42AM  12  CONVICTION IN THE CRIMINAL CASE.  I DON'T THINK HE'S -- PERHAPS

10:42AM  13  HE'S AROUND THE MARGINS SUGGESTING THAT BUT --

10:42AM  14        MR. LEACH, IS THAT WHAT YOUR POSITION IS?

10:42AM  15            MR. LEACH:  THAT'S NOT MY POSITION, YOUR HONOR.  IT

10:42AM  16  WORKS BOTH WAYS.  IF THERE'S A CONVICTION, IT'S RES JUDICATA

10:42AM  17  AND COLLATERAL ESTOPPEL ON THE FRAUD.

10:42AM  18        IF THERE'S AN ACQUITTAL, THERE'S A FULLY DEVELOPED RECORD

10:42AM  19  ON WHAT THE FACTS ARE AND BOTH THE S.E.C. AND MR. BALWANI CAN

10:42AM  20  EVALUATE IN ORDER TO RESOLVE THAT ACTION.

10:42AM  21        SO I THINK THIS EFFICIENCY POINT WORKS BOTH WAYS.  IF

10:42AM  22  THERE'S A CONVICTION, THE ACTUAL ISSUES THAT CAN BE LITIGATED

10:42AM  23  ARE NARROW.  IF THERE'S AN ACQUITTAL, THERE'S A FULLY DEVELOPED

10:42AM  24  RECORD AND BOTH PARTIES CAN MAKE A FAIR ASSESSMENT.

10:43AM  25            THE COURT:  THANK YOU.  I JUST WANTED THAT QUESTION

10:43AM  1    ANSWERED.

10:43AM  2              MR. COOPERSMITH:  YES, YOUR HONOR.  THANK YOU.

10:43AM  3        SO AS I UNDERSTAND THE ARGUMENT IS THAT IF THERE'S A

10:43AM  4    CONVICTION, THEN THAT CREATES SOME INEFFICIENCIES, AND

10:43AM  5    MR. LEACH'S VIEW IT SOUNDS LIKE THAT THERE IS SOMEHOW -- THE

10:43AM  6    CRIMINAL TRIAL ITSELF COULD BE A SUBSTITUTE FOR SOME OF THE

10:43AM  7    DISCOVERY.  WE REJECT BOTH OF THOSE POINTS FOR A FEW REASONS.

10:43AM  8        FIRST OF ALL, IF IT WAS A BASIS TO STAY FOR THAT REASON,

10:43AM  9    THEN EVERY CASE WOULD BE STAYED BECAUSE OBVIOUSLY THE CRIMINAL

10:43AM  10   TRIALS ALWAYS GO FIRST IN THESE SITUATIONS, AND IF IT'S A

10:43AM  11   REASON TO STAY THE S.E.C.'S CASE THAT THERE WILL BE A CRIMINAL

10:43AM  12   TRIAL AND IT COULD RESULT IN A CONVICTION, THEN EVERY CASE

10:43AM  13   WOULD BE STAYED, AND THAT'S NOT THE CASE.

10:43AM  14       IN FACT, MR. LEACH AND THE GOVERNMENT RELY ON S.E.C.

10:43AM  15   VERSUS NICHOLAS FROM 2008 IN THE CENTRAL DISTRICT OF

10:43AM  16   CALIFORNIA.

10:43AM  17       EVERY SINGLE CASE CITED BY THE PARTIES AFTER THAT DENIES

10:44AM  18   THE GOVERNMENT'S STAY IN EXACTLY THE SAME SITUATION.  I THINK

10:44AM  19   THERE'S ONE EEOC CASE THAT IS CITED THAT IS DIFFERENT, BUT

10:44AM  20   SIX CASES WHERE THE DEPARTMENT OF JUSTICE MOVES TO INTERVENE

10:44AM  21   AND STAY ALL DENIED.  THOSE WERE ALL OF THE CASES CITED BY THE

10:44AM  22   PARTIES.

10:44AM  23       SO THE IDEA, THE OTHER IDEA, YOUR HONOR, OR CONCEPT THAT A

10:44AM  24   CRIMINAL TRIAL IS A SUBSTITUTE FOR DISCOVERY, OF COURSE THAT'S

10:44AM  25   NOT THE CASE.

10:44AM   1          ALL OF US IN THIS ROOM ARE TRIAL LAWYERS OR FORMER TRIAL

10:44AM   2   LAWYERS.  AND WHEN YOU HAVE A TRIAL, THERE'S A PARTICULAR WAY

10:44AM   3   THAT YOU'RE GOING TO EXAMINE A WITNESS.  YOU'RE NOT GOING TO GO

10:44AM   4   INTO AN OPEN ENDED DISCOVERY QUESTIONING.  AND SO THE IDEA THAT

10:44AM   5   YOU COULD DO THAT.

10:44AM   6          ALSO, OF COURSE THE WITNESSES THAT ARE GOING TO BE CALLED

10:44AM   7   AT THE CRIMINAL TRIAL ARE GOING TO BE UP TO THE GOVERNMENT, NOT

10:44AM   8   UP TO US.  SO THAT'S NOT AT ALL A SUBSTITUTE TO DISCOVERY.

10:44AM   9          THERE'S ADDITIONAL PREJUDICE, YOUR HONOR, THAT I WANT TO

10:44AM   10  MENTION TO THE COURT, PREJUDICE TO MR. BALWANI.

10:44AM   11         FIRST OF ALL, AS THE COURT MAY KNOW FROM PRIOR STATUS

10:44AM   12  CONFERENCES, WE'VE BEEN STRUGGLING WITH SOME PARTIES TO GET THE

10:45AM   13  DISCOVERY THAT WE'RE ENTITLED TO UNDER THE S.E.C. CASE.  FOR

10:45AM   14  EXAMPLE, ONE OF THE PARTIES THAT WE ISSUED SUBPOENAS TO, WHICH

10:45AM   15  THE GOVERNMENT DOES NOT COMPLAIN ABOUT, ARE SUBPOENAS THAT WE

10:45AM   16  ISSUED TO GOVERNMENT AGENCIES, FDA AND CMS, AND WE ISSUED THE

10:45AM   17  SUBPOENAS IN SEPTEMBER 2018.  SOMETHING LIKE NINE MONTHS LATER

10:45AM   18  AS WE STAND HERE TODAY WE STILL HAVE NOT RECEIVED THAT.  THERE

10:45AM   19  ARE DISPUTES ABOUT THE SCOPE OF THAT, BUT THERE ARE OTHER

10:45AM   20  THINGS THAT THOSE AGENCIES ADMIT THEY WILL PRODUCE.

10:45AM   21         THE COURT:  WASN'T THERE A MEET AND CONFER WITH THE

10:45AM   22  GOVERNMENT ABOUT THIS AND YOU ENGAGED SOME TYPE OF PROTOCOL TO

10:45AM   23  ENHANCE THE RELEASE OF THIS INFORMATION?

10:45AM   24         MR. COOPERSMITH:  YES, YOUR HONOR, THE MEET AND

10:45AM   25  CONFER I THINK THE COURT WAS REFERRING TO WAS IN THE CRIMINAL

10:45AM  1    CASE BECAUSE THERE WAS A PENDING MOTION TO COMPEL.

10:45AM  2           THE COURT:  YES.

10:45AM  3           MR. COOPERSMITH:  AND THERE WERE ALSO CIVIL

10:45AM  4    SUBPOENAS THAT WE ISSUED TO CMS AND FDA, AND THEY AGREED TO

10:45AM  5    PRODUCE SOME DOCUMENTS, ALTHOUGH NOT ALL OF THE DOCUMENTS THAT

10:45AM  6    WE THOUGHT WE WERE ENTITLED TO.  AND IT'S TAKEN THEM SO FAR

10:45AM  7    NINE MONTHS.

10:45AM  8        WE JUST GOT A LETTER TODAY FROM THE FDA, OR IT WAS FROM

10:46AM  9    MR. BOSTIC BUT WE SAW IT, AND THE FDA IS NOW SAYING WE MAY BE

10:46AM 10    ABLE TO START SOME PRODUCTION IN A MONTH.

10:46AM 11           THE POINT I'M MAKING, YOUR HONOR, IS WHEN YOU STOP

10:46AM 12    DISCOVERY AND THEN YOU HAVE TO RESTART IT IN A CASE LIKE THIS,

10:46AM 13    IT'S VERY TIME CONSUMING AND BURDENSOME.  YOU DON'T KNOW WHAT

10:46AM 14    PERSONNEL IS GOING TO BE THERE.  YOU DON'T KNOW WHERE DOCUMENTS

10:46AM 15    ARE.  MEMORIES FADE.

10:46AM 16           THE COURT:  SURE.  SURE.

10:46AM 17        SO, MR. COOPERSMITH, TALK TO ME A LITTLE BIT ABOUT HOW YOU

10:46AM 18    SEE THE CASES GOING FORWARD IF THERE IS NOT A STAY.  JUST FROM

10:46AM 19    A PRACTICAL FROM THE COURT -- AND THE COURT, AS YOU UNDERSTAND,

10:46AM 20    IS ALWAYS CONCERNED ABOUT ITS DOCKET, ITS CALENDAR, AND THE

10:46AM 21    EFFICIENT HANDLING OF ITS CASES.

10:46AM 22           MR. COOPERSMITH:  YES, YOUR HONOR.

10:46AM 23           THE COURT:  AND JUST CANDIDLY, IN THE SPIRIT OF FULL

10:46AM 24    DISCLOSURE, I'M CONCERNED THAT WE WILL HAVE S.E.C. AND THE

10:46AM 25    CRIMINAL CASE LEAPFROGGING EACH OTHER FOR THE NEXT SIX OR SEVEN

10:47AM 1    YEARS.  I'M BEING A LITTLE FACETIOUS THERE BECAUSE I CAN ASSURE

10:47AM 2    YOU THAT'S NOT GOING TO HAPPEN.

10:47AM 3         BUT I COULD SEE THIS COMING OUT AND INTO CREATING A SORT

10:47AM 4    OF A DISPARATE PROCEEDING THAT, CANDIDLY, WOULD PREJUDICE BOTH

10:47AM 5    PARTIES.

10:47AM 6              MR. COOPERSMITH:  ACTUALLY, YOUR HONOR, THAT'S A

10:47AM 7    GOOD QUESTION.  I THINK THE OPPOSITE OF THAT IS TRUE, AND

10:47AM 8    HERE'S WHY.

10:47AM 9         SO, FIRST OF ALL, THE DISCOVERY DEADLINE IN THE S.E.C.

10:47AM 10   CASE IS OCTOBER 25TH.  SO WE'VE BEEN DOING DISCOVERY FOR A,

10:47AM 11   YEAR, AND WE HAVEN'T TAKEN 86 DEPOSITIONS.  I DON'T THINK WE

10:47AM 12   COULD HUMANLY POSSIBLE TAKE 86 DEPOSITIONS OR 43 DEPOSITIONS

10:47AM 13   BEFORE OCTOBER.  SO WE HAVE APPROXIMATELY FOUR MONTHS LEFT IN

10:47AM 14   THE DISCOVERY PROCESS.  SO THAT'S THE DISCOVERY PROCESS.

10:47AM 15        WHAT'S GOING TO HAPPEN, YOUR HONOR, IS I BELIEVE -- BUT

10:47AM 16   THIS WILL BE UP TO THE COURT OBVIOUSLY -- IS THERE WILL BE A

10:47AM 17   TRIAL DATE SET.  I BELIEVE THE HEARING THAT IS GOING TO HAPPEN

10:47AM 18   ON JUNE 28TH.

10:47AM 19             THE COURT:  THANK YOU.  LET ME STOP YOU THERE JUST

10:47AM 20   TO INTERJECT SOMETHING.  THANK YOU FOR THE ENTRE.  THAT'S WHAT

10:47AM 21   I EXPECT TO DO ON JUNE 28TH, JUST FOR YOUR INFORMATION, ALL OF

10:48AM 22   THE PARTIES, I AM HOPING THAT EVERYONE WILL BRING THEIR

10:48AM 23   CALENDARS FORWARD, AND WE WILL SELECT A HARD TRIAL DATE FOR THE

10:48AM 24   CRIMINAL CASE ON JUNE 28TH.

10:48AM 25        LET ME THANK YOU FOR ADVANCING THAT DATE TO THE 20TH, I

10:48AM   1     APPRECIATE THAT.

10:48AM   2              MR. COOPERSMITH:  YES, YOUR HONOR, THAT WAS MY

10:48AM   3     UNDERSTANDING FROM THE PRIOR STATUS CONFERENCE WAS THE COURT'S

10:48AM   4     INTENT WAS TO SET A TRIAL DATE AND NOW IT'S GOING TO BE

10:48AM   5     JUNE 28TH.

10:48AM   6          I THINK THAT THE CRIMINAL CASE WILL, UNLESS WE HAVE SOME

10:48AM   7     MAJOR DEVIATION FROM THE USUAL PRACTICE, WILL BE SET FIRST.

10:48AM   8     DISCOVERY WILL END IN THE S.E.C. CASE.  THE CRIMINAL TRIAL WILL

10:48AM   9     PROCEED WHEN IT'S SET, AND THEN THERE WON'T BE ANY EFFICIENCY

10:48AM   10    ISSUES AFTER THAT.

10:48AM   11         IN FACT, WHAT MR. BALWANI IS ENTITLED TO AND WHAT THE

10:48AM   12    CASES SUPPORT IS THAT RATHER THAN HAVE A CRIMINAL TRIAL, AND

10:48AM   13    OBVIOUSLY OUR GOAL IS TO GET AN ACQUITTAL, GOING WITH THAT --

10:48AM   14              THE COURT:  WELL, HE'S PRESUMED INNOCENT.

10:49AM   15              MR. COOPERSMITH:  ABSOLUTELY, YOUR HONOR.  THAT IS

10:49AM   16    ABSOLUTELY RIGHT.  HE'S PRESUMED INNOCENT IN THE CRIMINAL CASE,

10:49AM   17    AND HE HASN'T BEEN FOUND LIABLE IN THE S.E.C. CASE, AND HE HAS

10:49AM   18    A RIGHT TO DEFEND THOSE.

10:49AM   19         SO WHEN THE CRIMINAL TRIAL ENDS WITH AN ACQUITTAL IN MY

10:49AM   20    EXAMPLE, THEN WE'LL BE IN A POSITION, DISCOVERY WILL BE

10:49AM   21    CONCLUDED, AND WE'LL BE IN A POSITION TO SCHEDULE THAT.  AND IT

10:49AM   22    WILL BE EFFICIENT.  IT WON'T BE MR. BALWANI NOW HAS TO WAIT

10:49AM   23    MONTHS AND MONTHS OR A YEAR WHILE WE RESTART CIVIL DISCOVERY

10:49AM   24    WITH ALL OF THE DIFFICULTY OF RESTARTING CIVIL DISCOVERY, WE

10:49AM   25    FINISH THAT PROCESS, AND THEN SOME OTHER TIME WE HAVE THE

10:49AM  1    S.E.C. TRIAL.

10:49AM  2        YOU KNOW, MR. LEACH SAYS, OH, MANY DEFENDANTS DECIDE IF

10:49AM  3    THEY WIN THE CRIMINAL TRIAL THAT THEY'LL SETTLE WITH THE S.E.C.

10:49AM  4    I DON'T THINK THAT'S A FAIR PRESUMPTION.  MR. BALWANI, AS WE

10:49AM  5    STAND HERE, INTENDS TO DEFEND HIMSELF FULLY IN BOTH CASES.

10:49AM  6    HE'S ENTITLED TO DO THAT.

10:49AM  7        THE FACT THAT SOME OTHER DEFENDANT OR DEFENDANTS SETTLED

10:49AM  8    AN S.E.C. CASE IS MEANINGLESS I THINK.

10:49AM  9            THE COURT:  WHAT ABOUT MR. LEACH'S, PARDON ME,

10:49AM 10    MR. LEACH'S POINT THAT A RECORD WILL BE FULLY DEVELOPED IN THE

10:50AM 11    CRIMINAL TRIAL SUCH THAT IT MIGHT ENURE TO THE BENEFIT OF ALL

10:50AM 12    PARTIES IN THE S.E.C. CASE?

10:50AM 13            MR. COOPERSMITH:  WELL, YOUR HONOR, WHEN YOU SAY

10:50AM 14    "THE RECORD IS FULLY DEVELOPED," SO THE DEFENDANT DOESN'T HAVE

10:50AM 15    TO CALL ANY WITNESSES, AND WE MAY CALL WITNESSES, BUT THE

10:50AM 16    GOVERNMENT CHOOSES THE WITNESS IT CALLS.  SO THE GOVERNMENT

10:50AM 17    CASE IS THE RECORD IT CHOOSES TO DEVELOP.  IT'S NOT DISCOVERY

10:50AM 18    THAT THE DEFENSE CAN TAKE IN A CIVIL CASE TO TRY AND DEFEND

10:50AM 19    ITSELF IN A CIVIL CASE.

10:50AM 20        SO THAT'S NOT -- YES, THERE WILL BE MORE TESTIMONY FROM

10:50AM 21    SOME PEOPLE.

10:50AM 22            THE COURT:  UNTIL YOU SEE THEIR WITNESS LIST IN THE

10:50AM 23    CRIMINAL CASES YOU CAN'T ANSWER THAT QUESTION.

10:50AM 24            MR. COOPERSMITH:  THAT'S CORRECT, YOUR HONOR, AND I

10:50AM 25    HAVEN'T SEEN ANY SIGN OF THAT, AND I EXPECT I WON'T SEE IT FOR

10:50AM 1    SOME TIME TO COME.

10:50AM 2              THE COURT:  SOONER THAN YOU THINK.

10:50AM 3              MR. COOPERSMITH:  WELL, AGAIN, UP TO THE COURT.

10:50AM 4        YOUR HONOR, I WANT TO ADDRESS THE FIFTH AMENDMENT ISSUE

10:50AM 5    THAT MR. LEACH MENTIONED BECAUSE THE FIFTH AMENDMENT CONCERNS

10:50AM 6    DO WEIGH HEAVILY IN MR. BALWANI'S FAVOR.

10:51AM 7        SO IN THEIR BRIEFING, AND THEY TOUCHED ON THIS IN

10:51AM 8    ARGUMENT, THE GOVERNMENT SAYS, OH, IT COULD BE THAT THE S.E.C.

10:51AM 9    WILL WANT A DEPOSITION OF MR. BALWANI BEFORE THE DISCOVERY

10:51AM 10   DEADLINE IS OVER, AND HE HASN'T SAID, AND I HAVEN'T SAID

10:51AM 11   WHETHER HE'LL ASSERT HIS FIFTH AMENDMENT RIGHTS OR NOT.  HE HAS

10:51AM 12   A RIGHT TO ASSERT A FIFTH AMENDMENT RIGHT IF HE CHOOSES TO.

10:51AM 13       THEY ALSO SAY IN THEIR BRIEF THAT ANOTHER THING THAT IS

10:51AM 14   SUPPOSEDLY UNFAIR TO THE S.E.C. IS THAT THEY MAY WANT TO TAKE

10:51AM 15   ELIZABETH HOLMES'S TESTIMONY AND SHE MIGHT ALSO TAKE THE FIFTH.

10:51AM 16       WELL, THE REASON THAT IS A COMPLETE RED HERRING, YOUR

10:51AM 17   HONOR, IS THAT THE S.E.C., UNLIKE THE NICHOLAS CASE THE

10:51AM 18   GOVERNMENT CITES WHERE HENRY NICHOLAS, FOUNDER OF BROADCOM,

10:51AM 19   TOOK THE FIFTH IN THE S.E.C. DEPOSITION.  HE PROVIDED NO

10:51AM 20   SUBSTANTIVE TESTIMONY.

10:51AM 21       IN THIS CASE BOTH MR. BALWANI AND MS. HOLMES PROVIDED

10:51AM 22   THREE DAYS OF SUBSTANTIVE TESTIMONY WITHOUT TAKING THE FIFTH IN

10:51AM 23   THE S.E.C. INVESTIGATION, AND THE S.E.C. HAS THAT.  THE

10:51AM 24   DEPARTMENT OF JUSTICE HAS THAT.

10:52AM 25       SO THE IDEA THAT THE S.E.C. SOMEHOW COULD BE PREJUDICED BY

10:52AM  1    NOT HAVING YET ANOTHER SESSION WITH MS. HOLMES OR MR. BALWANI

10:52AM  2    IS JUST NOT WELL TAKEN.

10:52AM  3         AND IN ADDITION, YOUR HONOR, EVEN IF MR. BALWANI TOOK THE

10:52AM  4    FIFTH IN RESPONSE TO AN S.E.C. DEPOSITION, THEN THAT'S HIS

10:52AM  5    RIGHT, AND THE S.E.C. IN EVERY CASE WHERE THAT HAS HAPPENED

10:52AM  6    THAT I'VE EVER SEEN STARTS ARGUING THAT THEY GET SOME ADVERSE

10:52AM  7    INFERENCE INSTRUCTION ON THE BASIS OF THAT.  WE MIGHT CONTEST

10:52AM  8    THAT.  IN FACT, I THINK THEY WOULD, BUT THERE ARE SOME ISSUES

10:52AM  9    WHEN THE DEFENDANT TAKES THE FIFTH IN A CIVIL CASE.

10:52AM 10         SO THE IDEA THAT THE S.E.C. IS SOMEHOW PREJUDICED BY THAT

10:52AM 11    IS JUST NOT CORRECT.

10:52AM 12         YOUR HONOR, I WANT TO TRY TO WRAP THIS UP, BUT THERE'S A

10:52AM 13    FEW OTHER POINTS I WANT TO MAKE.  SO THE S.E.C., YOU KNOW, EVEN

10:52AM 14    THOUGH THEY'VE PUT IN THEIR BRIEF AFTER THE DOJ MOVED TO STAY

10:52AM 15    SAYING THAT THEY FAVOR A STAY, I MEAN, THEY, LIKE THE DOJ, BASE

10:53AM 16    THIS REALLY ENTIRELY ON THE SUBPOENA TO FOUNTAIN HILLS; AND,

10:53AM 17    SECOND, YOUR HONOR, AS WE POINTED OUT IN THE ALEXANDER CASE AND

10:53AM 18    THE KELLY CASE, THE S.E.C., WHEN THE DEFENDANT WANTED A STAY,

10:53AM 19    CAME IN AND SAID, OH, IT'S ABSOLUTELY IN A PUBLIC INTEREST NOT

10:53AM 20    TO HAVE A STAY AND THE S.E.C. HAS AN INDEPENDENT LAW

10:53AM 21    ENFORCEMENT AUTHORITY TO BRING THE SECURITY CASES AND THE COURT

10:53AM 22    SHOULD ABSOLUTELY NOT STAY.

10:53AM 23         ANOTHER THING ABOUT THE S.E.C. IS THAT, AS THE COURT

10:53AM 24    KNOWS, WE HAD AN ISSUE AT THE LAST STATUS CONFERENCE ON

10:53AM 25    APRIL 22ND AS TO WHETHER THERE SHOULD BE A CONTINUANCE OR AN

10:53AM 1    EXTENSION OF CIVIL DISCOVERY.  THE S.E.C. AGREED TO THE

10:53AM 2    EXTENSION.  THERE'S A LITTLE DEBATE AS TO WHETHER IT SHOULD BE

10:53AM 3    THREE MONTHS OR FOUR MONTHS, BUT THE COURT ULTIMATELY WENT WITH

10:53AM 4    FOUR MONTHS.  BUT HAVING ON APRIL 22ND -- AND ACTUALLY BEFORE

10:53AM 5    THAT, ON APRIL 15TH, BEFORE THE GOVERNMENT ANNOUNCED THE STAY,

10:53AM 6    THE S.E.C. SAID, YES, WE SUPPORT AN EXTENSION OF DISCOVERY, AND

10:53AM 7    THEN HAVING ASKED US FOR DOCUMENTS A DAY AFTER MR. LEACH TOLD

10:53AM 8    US HE WAS GOING MOVE FOR A STAY, BUT FOR THE S.E.C. TO COME IN

10:54AM 9    NOW AND SAY, OH, ACTUALLY WE DO WANT A STAY ALL BECAUSE OF

10:54AM 10   FOUNTAIN HILLS I THINK IS NOT A POINT WELL TAKEN, EITHER.

10:54AM 11       THE LAST THING I WANT TO TELL THE COURT, THERE'S A SIMPLE

10:54AM 12   REMEDY FOR THIS.

10:54AM 13           THE COURT:  YES, LET ME KNOW THAT.  YES, WE'RE

10:54AM 14   INTERESTED IN THAT.  YES.

10:54AM 15           MR. COOPERSMITH:  IT'S THE SAME THAT THE COURTS IN

10:54AM 16   CIOFFI, MAZZO, O'NEILL, KANODIA, ALL OF THESE COURTS FASHIONED,

10:54AM 17   AND, THAT IS, SINCE THE GOVERNMENT IS ONLY COMPLAINING WHEN IT

10:54AM 18   ALL COMES DOWN TO IT TO ONE SUBPOENA, ACTUALLY TWO, TO TWO

10:54AM 19   HEALTH CARE PROVIDERS, AND OTHERWISE THE COURT HAS BEEN

10:54AM 20   MANAGING THE DOCKET EFFICIENTLY, EVERYTHING HAS BEEN GOING AS

10:54AM 21   WELL AS YOU CAN IMAGINE IN A CASE THIS COMPLEX, BECAUSE OF THAT

10:54AM 22   WHAT THE COURTS DID IN DENYING THE STAY, AND WHAT WE WOULD ASK

10:54AM 23   THIS COURT TO DO, IS TO SIMPLY DENY THE GOVERNMENT'S BLANKET

10:54AM 24   STAY OF EVERYTHING IN THE S.E.C. CASE AND SIMPLY TELL THE

10:54AM 25   GOVERNMENT THAT IF THERE'S A SUBPOENA THAT THEY THINK IS

10:55AM 1    OBJECTIONABLE, THAT THEY CAN OBJECT TO IT, AND WE DON'T EXPECT

10:55AM 2    THAT TO HAPPEN, BUT IT CONCEIVABLY COULD.

10:55AM 3                THE COURT:  YOU DON'T EXPECT THE GOVERNMENT TO

10:55AM 4    OBJECT?

10:55AM 5                MR. COOPERSMITH:  NO, WE DON'T EXPECT THERE TO BE A

10:55AM 6    DISPUTE BECAUSE WE THINK THE DISCOVERY WE PLAN I THINK IS GOING

10:55AM 7    TO BE WELL, WELL WITHIN WHAT IS ALLOWED IN THE S.E.C. CASE, AND

10:55AM 8    I THINK IT HAS BEEN ALREADY.

10:55AM 9        BUT IN THE EVENT THAT THEY THINK SOMETHING IS OUT OF

10:55AM 10   BOUNDS FOR SOME REASON, THEY CAN CERTAINLY OBJECT.

10:55AM 11               THE COURT:  WHAT DO WE DO ABOUT THE QUESTION OF THE

10:55AM 12   CIVIL CASE BEING USED AS EXTRA DISCOVERY PURPOSES FOR THE

10:55AM 13   CRIMINAL CASE?  I GUESS THAT CROSS-POLLINIZATION ISSUE.

10:55AM 14               MR. COOPERSMITH:  YES, YOUR HONOR.  SO THE PURE FACT

10:55AM 15   THAT IT'S POSSIBLE THAT INFORMATION THAT WE OBTAIN IN THE CIVIL

10:55AM 16   DISCOVERY COULD BENEFIT US IN THE CRIMINAL CASE IS ABSOLUTELY

10:55AM 17   NOT A REASON FOR A STAY.  CASE AFTER CASE SAYS THAT, AND THE

10:55AM 18   REASON IS THAT THE GOVERNMENT CHOSE TO BRING THESE CASES.

10:55AM 19       I MEAN, THE S.E.C. HAS ANOTHER OPTION IF THEY DON'T WANT

10:56AM 20   DISCOVERY, AND THAT'S SOMETHING THAT HAS HAPPENED IN SOME OF

10:56AM 21   THESE CASES CITED IN THE BRIEFS WHERE THEY COULD SIMPLY

10:56AM 22   DISMISS.  WE WOULD ASK THAT DISMISSAL BE WITH PREJUDICE.  THEY

10:56AM 23   DON'T WANT TO PROCEED.  THEY HAVE THE ABILITY TO DO THAT, AND

10:56AM 24   THERE WON'T BE ANY DISCOVERY AFTER THAT.

10:56AM 25       SO WHEN THEY BRING THE TWO CASES, ALL THE COURTS SAY THE

10:56AM 1      FACT THAT THE GOVERNMENT DOESN'T LIKE THAT WE'RE USING THE

10:56AM 2      CIVIL DISCOVERY RULES, THAT IS NOT A REASON FOR THE STAY.

10:56AM 3              THE COURT:  NO, I CAPTURE THAT.  THE PARTIES PROCEED

10:56AM 4      AT THEIR OWN PERIL WHEN THEY FILE ACTIONS.

10:56AM 5              MR. COOPERSMITH:  YES, YOUR HONOR.

10:56AM 6              THE COURT:  BUT IN A CASE WHERE THERE ARE TWO

10:56AM 7      ACTIONS LIKE THAT, WHAT IS THE CONCERN AND HOW CONCERNED SHOULD

10:56AM 8      THE COURT BE ABOUT THE USE OF A CIVIL CASE FOR EXTRAORDINARY

10:56AM 9      DISCOVERY PURPOSES IN THE CRIMINAL CASE?

10:56AM 10             MR. COOPERSMITH:  WELL, FIRST OF ALL, I WOULDN'T

10:56AM 11     DESCRIBE IT AS EXTRAORDINARY.  I THINK IT'S ROUTINE CIVIL

10:56AM 12     DISCOVERY, BUT I THINK THE COURT SHOULD NOT BE CONCERNED AT

10:56AM 13     ALL.

10:56AM 14         AND THE REASON IS THAT WHEN YOU GO TO THE CASES THAT HAVE

10:56AM 15     ADDRESSED THIS POINT BEFORE, FOR EXAMPLE -- I'M SORRY, YOUR

10:57AM 16     HONOR, THE CIOFFI CASE AND THE OAKFORD CASE IN PARTICULAR, THE

10:57AM 17     COURTS SAY THE GOVERNMENT DOESN'T HAVE A CONCERN.  THE REASON

10:57AM 18     WHY CRIMINAL DISCOVERY RULES EXIST AS THEY DO, WHICH HAVE MORE

10:57AM 19     LIMITED DISCOVERY THAN CIVIL RULES, IS NOT TO KEEP DEFENDANTS

10:57AM 20     IN THE DARK.

10:57AM 21         THE GOVERNMENT HAS NO INTEREST IN KEEPING DEFENDANTS IN

10:57AM 22     THE DARK OR PREVENTING US FROM GETTING INFORMATION.

10:57AM 23         WHAT THEY DO HAVE AN INTEREST IN, THE COURTS SAY, IS IF

10:57AM 24     THE DEFENDANT IS USING CIVIL DISCOVERY FOR SOME KIND OF

10:57AM 25     OBSTRUCTIVE PURPOSE, WHICH IS NOT THE CASE.  NOTHING COULD BE

10:57AM  1    FURTHER FROM THE TRUTH HERE.

10:57AM  2        AND I'LL ALSO NOTE, YOUR HONOR, THAT LET ME GIVE YOU A

10:57AM  3    SPECIFIC EXAMPLE OF HOW THAT WORKS.  SO IF YOU GO BACK TO THE

10:57AM  4    TIMELINE THAT I PUT FORWARD IN THE COURT ON MARCH 25TH AND

10:57AM  5    26TH, WHICH IS THE SECOND ENTRY IN 2019, AND ON APRIL 10TH, YOU

10:57AM  6    KNOW, WE TOOK DEPOSITIONS OF TWO INVESTORS.  NOW, THOSE

10:57AM  7    INVESTORS ARE RELEVANT TO THE CRIMINAL CASE.  THEY'RE ALSO

10:57AM  8    RELEVANT TO THE S.E.C. CASE.  THERE ARE NO -- CAN BE NO DISPUTE

10:58AM  9    ABOUT THAT.

10:58AM  10        AND AT THOSE DEPOSITIONS IT EMERGED THAT WHAT THOSE

10:58AM  11    DEPONENTS WERE SAYING WAS DIFFERENT FROM WHAT THEY HAD TOLD THE

10:58AM  12    GOVERNMENT DURING INTERVIEWS, JOINT INTERVIEWS BY THE S.E.C.

10:58AM  13    AND THE DEPARTMENT OF JUSTICE.

10:58AM  14        AND WITHIN DAYS OF THAT HAPPENING WE SENT THE GOVERNMENT A

10:58AM  15    DISCOVERY LETTER SAYING BRADY EVIDENCE HAS SURFACED IN THESE

10:58AM  16    DEPOSITIONS, AND WE SHOULD BE ENTITLED TO RECEIVE THAT.  I

10:58AM  17    THINK WE ARE WORKING ON A PROTOCOL NOW TO GET THAT FROM THE

10:58AM  18    GOVERNMENT.

10:58AM  19        BUT THE POINT IS, YOUR HONOR, IS THAT THE GOVERNMENT IS

10:58AM  20    SUPPOSED TO BE GIVING US BRADY EVIDENCE, AND IF WE UNCOVER IT

10:58AM  21    IN A CIVIL DEPOSITION, YOU KNOW, THAT IS GOOD FOR THE PROCESS.

10:58AM  22    THAT IS GOOD FOR THE FINDING OF TRUTH.  THAT'S NOT CONTRARY TO

10:58AM  23    THE RULES.

10:58AM  24        AS I SAID, THE DEFENDANTS ARE NOT SUPPOSED TO BE IN THE

10:58AM  25    DARK.  YOU KNOW, THE REASON WHY THE CRIMINAL RULES EXIST IN A

10:58AM 1   MORE LIMITED FASHION IS TO PREVENT THINGS LIKE OBSTRUCTION AND

10:59AM 2   WITNESS TAMPERING WHICH HISTORICALLY HAS HAPPENED IN CRIMINAL

10:59AM 3   CASES.  NOT IN THIS CASE.  NOTHING COULD BE FURTHER FROM THE

10:59AM 4   TRUTH.

10:59AM 5       SO, YOUR HONOR, FOR ALL OF THESE REASONS WE THINK THAT AT

10:59AM 6   MOST, IF THE GOVERNMENT IS ALLOWED TO INTERVENE, AND WE SUBMIT

10:59AM 7   THAT THEY SHOULD NOT BE ALLOWED BECAUSE OF HOW UNTIMELY, HAVING

10:59AM 8   KNOWN ALL OF THESE FACTS GOING BACK TO 2018, WE THINK THEIR

10:59AM 9   INTERVENTION REQUEST IS UNTIMELY, AND IT SHOULD BE DENIED.

10:59AM 10      BUT IF IT ALLOWS THEM TO INTERVENE, THE MOST THE REMEDY

10:59AM 11  SHOULD BE IS TO ALLOW THEM TO ADDRESS SPECIFIC DISCOVERY IF

10:59AM 12  THEY THINK IT SOMEHOW THREATENS THE CRIMINAL PROCESS SUCH AS

10:59AM 13  THE ONES THAT THEY COMPLAIN ABOUT.

10:59AM 14          THE COURT:  THAT SHOULD HAPPEN IN THE MAGISTRATE

10:59AM 15  COURT OR IN THIS COURT?

10:59AM 16          MR. COOPERSMITH:  THAT WOULD BE UP TO YOUR HONOR.

10:59AM 17  I'M HAPPY TO APPEAR BEFORE YOU OR JUDGE COUSINS, BUT IT COULD

10:59AM 18  BE EITHER, YOUR HONOR.

10:59AM 19      AGAIN, NOT THAT I EXPECT IT TO HAPPEN.

10:59AM 20      REMEMBER, IN ALL OF THIS TIME THAT WE HAVE BEEN LITIGATING

10:59AM 21  WITH THE S.E.C. AND HAVING DISCOVERY OPEN FOR A YEAR, THERE'S

10:59AM 22  BEEN EXACTLY ONE DISPUTE THAT IS COMING BEFORE THE COURT, AND

10:59AM 23  THAT'S THE ONE BEFORE JUDGE COUSINS.  SO IT'S HARDLY BEEN A

11:00AM 24  BURDEN TO ANYBODY.

11:00AM 25      THANK YOU, YOUR HONOR.

| | | |
|---|---|---|
| 11:00AM | 1 | THE COURT:  THANK YOU.  THANK YOU VERY MUCH. |
| 11:00AM | 2 | MR. LEACH. |
| 11:00AM | 3 | MR. LEACH:  BRIEFLY, YOUR HONOR.  LET ME RESPOND TO |
| 11:00AM | 4 | THE PROFOUND PREJUDICE POINT THAT MR. COOPERSMITH MADE. |
| 11:00AM | 5 | FIRST, HE SAYS I PROVIDED DISCOVERY IN THE S.E.C. CASE. |
| 11:00AM | 6 | WELL, FIRST OF ALL, THE ANSWER TO THE COMPLAINT WAS TWO MONTHS |
| 11:00AM | 7 | BEFORE THE GRAND JURY RETURNED THE INDICTMENT. |
| 11:00AM | 8 | IF YOU DIVE INTO THE SPECIFICS OF THE DISCOVERY THAT HE'S |
| 11:00AM | 9 | PROVIDED TO THE S.E.C., IT'S ESSENTIALLY DOCUMENTS THAT HE'S |
| 11:00AM | 10 | OBTAINED IN THE COURSE OF OTHER LITIGATION AND TRANSCRIPTS THAT |
| 11:00AM | 11 | HAVE BEEN GENERATED IN THE SOURCE OF OTHER LITIGATION. |
| 11:00AM | 12 | WE HAVE A FOOTNOTE IN OUR REPLY BRIEF THAT I THINK SAYS |
| 11:00AM | 13 | THAT THERE'S BASICALLY 1- TO 200 DOCUMENTS THAT THE S.E.C. HAS |
| 11:00AM | 14 | GOTTEN FROM MR. BALWANI IN ITS CASE. |
| 11:00AM | 15 | I DON'T THINK THERE'S ANY MEANINGFUL PREJUDICE IN THE |
| 11:00AM | 16 | DISCOVERY THAT HE'S PRODUCED. |
| 11:00AM | 17 | HE ALSO SAYS THE S.E.C. HAS NO NEED FOR MR. BALWANI'S |
| 11:01AM | 18 | DEPOSITION IN THE CASE.  INVESTIGATIVE TESTIMONY IS VERY |
| 11:01AM | 19 | DIFFERENT THAN THE MORE FOCUSSED TESTIMONY IT WOULD TAKE IN A |
| 11:01AM | 20 | CIVIL DEPOSITION. |
| 11:01AM | 21 | IF WHAT MR. COOPERSMITH WAS SAYING IS CORRECT, THERE WOULD |
| 11:01AM | 22 | BE NO NEED FOR HIM TO TAKE THE TESTIMONY OF BRIAN GROSSMAN, THE |
| 11:01AM | 23 | INVESTOR IN PFM, AND THERE'S NO NEED FOR HIM TO TAKE TESTIMONY |
| 11:01AM | 24 | OF OTHER INVESTORS THAT HE HAS PREVIOUSLY TAKEN TESTIMONY OF. |
| 11:01AM | 25 | HE ALSO TALKS ABOUT THE FRASER CASE.  THIS IS AN AREA |

11:01AM   1    WHERE THE COURT HAS TREMENDOUS DISCRETION, AND WE CITED IT AT

11:01AM   2    LENGTH, THE NICHOLAS CASE.  I THINK THE STATEMENTS FROM THAT

11:01AM   3    CASE ARE VERY POWERFUL AND FOCUSSED ON THIS PARTICULAR CASE.

11:01AM   4        IT'S NOT JUST ABOUT TWO SUBPOENAS, YOUR HONOR.  IT'S

11:01AM   5    ABOUT THE BURDEN THAT IS BEING IMPOSED ON EVERYBODY INVOLVED IN

11:01AM   6    THIS CASE, EVERYBODY IN THIS ROOM, AND ALL OF THE WITNESSES

11:01AM   7    THAT ALL OF THE PARTIES HAVE IDENTIFIED.

11:01AM   8        MR. COOPERSMITH BROUGHT UP THE FDA AND CMS.  WHAT HAS

11:01AM   9    HAPPENED HERE IS MR. BALWANI WHO HAS ISSUED, WHAT I WOULD CALL,

11:01AM  10    A VERY BROAD, TYPICAL CIVIL DISCOVERY SUBPOENA FOR EVERYTHING

11:02AM  11    THAT MENTIONS THERANOS, AND ON SOME LEVEL LABCORP AND QUEST,

11:02AM  12    PRODUCE ALL RELEVANT DOCUMENTS RELATING TO THAT.  WE ALSO --

11:02AM  13    THE CRIMINAL AUTHORITIES GET REQUESTS FROM THE DEFENDANT FOR

11:02AM  14    DIFFERENT SUBSETS OF FDA AND CMS DOCUMENTS, AND THERE'S AN FDA

11:02AM  15    AND CMS LAWYER WHO HAS TO FIELD THESE DIFFERENT REQUESTS IN THE

11:02AM  16    DIFFERENT ENVIRONMENTS.  SOME OF THEM ARE FOR DIFFERENT TIME

11:02AM  17    PERIODS, AND SOME OF THEM MAY INVOLVE DIFFERENT CUSTODIANS.

11:02AM  18        THAT'S THE TYPE OF THING THAT IS HAPPENING WITH MORE THAN

11:02AM  19    THE 33 SUBPOENAS THAT THEY HAVE ISSUED IN THAT CASE, AND IF

11:02AM  20    WHAT THEY SAID IN THEIR STATUS CONFERENCE IS RIGHT, THE

11:02AM  21    REMAINING 43 DEPOSITIONS THAT HAVE TO GO.

11:02AM  22        SO I THINK IT'S NOT JUST TWO SUBPOENAS.  IT'S THE BURDEN

11:02AM  23    OF THE ENTIRE S.E.C. LITIGATION AND MANAGING THAT, BUT IT

11:02AM  24    DETRACTS FROM THE FOCUS OF GETTING THIS CASE TO THE CRIMINAL

11:02AM  25    TRIAL.

| | | |
|---|---|---|
| 11:02AM | 1 | SO I THINK THAT THE REMEDY THAT MR. BALWANI SUGGESTS IS |
| 11:03AM | 2 | REALLY NOT A REMEDY AT ALL.  IT WILL IMPOSE ONGOING BURDENS ON |
| 11:03AM | 3 | THE S.E.C. AND THE GOVERNMENT TO BASICALLY MONITOR EVERY |
| 11:03AM | 4 | REQUEST THAT COMES THROUGH THE DOOR, ASSESS HOW THAT FITS IN |
| 11:03AM | 5 | WITH OUR TRIAL STRATEGY, ASSESS WHAT HAS HAPPENED WITH THAT |
| 11:03AM | 6 | WITNESS IN OTHER CONTEXTS, AND I REALLY THINK THAT IT'S |
| 11:03AM | 7 | BACKWARDS.  IT'S, IT'S -- YOU KNOW, WE SHOULDN'T HAVE TO MANAGE |
| 11:03AM | 8 | BY EXCEPTION THERE.  I REALLY THINK THAT A STAY IS THE ONLY |
| 11:03AM | 9 | ANSWER HERE. |
| 11:03AM | 10 | THE COURT:  YOU MAY HAVE JUST ANSWERED MY QUESTION, |
| 11:03AM | 11 | THIS QUESTION. |
| 11:03AM | 12 | BUT AS I ASKED MR. COOPERSMITH, WHAT DOES THE CASE LOOK |
| 11:03AM | 13 | LIKE GOING FORWARD IF THE COURT DENIES YOUR REQUEST?  WHAT DOES |
| 11:03AM | 14 | THAT LOOK LIKE? |
| 11:03AM | 15 | MR. LEACH:  EVERY TIME MR. BALWANI ISSUES A |
| 11:03AM | 16 | SUBPOENA, I EXPECT THAT THE S.E.C. WILL ADVISE ME.  WE WILL |
| 11:03AM | 17 | MAKE EFFORTS TO GET THOSE DOCUMENTS FROM THE S.E.C.  WE WILL |
| 11:03AM | 18 | REVIEW THEM THROUGH THE RULE 16 FILTER TO DECIDE WHETHER WE |
| 11:03AM | 19 | NEED TO PRODUCE THAT TO MS. HOLMES.  I THINK THE ANSWER IS |
| 11:04AM | 20 | ALMOST ALWAYS YES. |
| 11:04AM | 21 | EVERY TIME THERE'S A DEPOSITION NOTICE, WE WILL NEED TO |
| 11:04AM | 22 | ASSESS HOW THIS -- AND THERE'S 43 MORE TO GO ACCORDING TO WHAT |
| 11:04AM | 23 | THEY SAID, WE'LL ASSESS IS THIS A WITNESS THAT WE MAY CALL AT |
| 11:04AM | 24 | TRIAL?  HAVE THEY PROVIDED FURTHER STATEMENTS?  DO WE WANT TO |
| 11:04AM | 25 | MEET WITH THEM FURTHER?  ARE THEY REPRESENTED? |

| | | |
|---|---|---|
| 11:04AM | 1 | YOU KNOW, WHERE ARE THEY?  THESE WITNESSES ARE EVERYWHERE. |
| 11:04AM | 2 | ALL OF THIS, ACCORDING TO THE CURRENT SCHEDULE, IS GOING TO |
| 11:04AM | 3 | HAPPEN IN A VERY COMPRESSED TIMEFRAME OVER THE SUMMER.  I |
| 11:04AM | 4 | EXPECT WHEN DISCOVERY CLOSES THERE WILL BE MOTIONS OR THERE |
| 11:04AM | 5 | WILL EXPERT DISCOVERY, AND THERE WILL BE MOTIONS FOR SUMMARY |
| 11:04AM | 6 | JUDGMENT.  I DON'T THINK IT ENDS THERE. |
| 11:04AM | 7 | SO I REALLY THINK ALL OF THIS TIME IS TIME THAT |
| 11:04AM | 8 | MR. BALWANI'S TEAM, THE GOVERNMENT'S TEAM WILL NOT BE SPENDING |
| 11:04AM | 9 | BRINGING THIS CASE TO THE EFFICIENT RESOLUTION THAT IT SHOULD |
| 11:04AM | 10 | COME TO.  THAT'S WHAT I THINK IT LOOKS LIKE. |
| 11:04AM | 11 | THE COURT:  DO YOU ANTICIPATE THAT PROCESS THAT |
| 11:04AM | 12 | YOU'VE JUST DESCRIBED IN ANY WAY AFFECTING EITHER ADVERSELY OR |
| 11:05AM | 13 | BENEFICIALLY TO THE CRIMINAL CASE? |
| 11:05AM | 14 | MR. LEACH:  I'M SURE THERE ARE SOME BENEFITS.  I |
| 11:05AM | 15 | MEAN, FIRST OF ALL, THIS IS NOT ABOUT KEEPING ANYBODY IN THE |
| 11:05AM | 16 | DARK.  NOBODY IS ADVOCATING FOR THAT. |
| 11:05AM | 17 | SO, YES, WHEN PARTIES IN THE S.E.C. CASE LEARN SOMETHING, |
| 11:05AM | 18 | I ALSO LEARN SOMETHING.  SO I LIKE TO THINK THAT THAT IS NOT |
| 11:05AM | 19 | GOING TO HAPPEN TOO MUCH GIVEN THE LENGTH OF THE |
| 11:05AM | 20 | INVESTIGATIONS, BUT OF COURSE WE GET THE BENEFIT OF THAT.  THAT |
| 11:05AM | 21 | DOES WORK THAT WAY. |
| 11:05AM | 22 | THE COURT:  OKAY. |
| 11:05AM | 23 | MR. LEACH:  THANK YOU, YOUR HONOR. |
| 11:05AM | 24 | THE COURT:  THANK YOU VERY MUCH.  THANK YOU, |
| 11:05AM | 25 | COUNSEL.  I APPRECIATE IT.  I APPRECIATE YOUR COMMENTS THIS |

11:05AM 1     MORNING.  THE MATTER WILL BE UNDER SUBMISSION.  I WILL GET AN

11:05AM 2     ORDER OUT SHORTLY.

11:05AM 3         I GUESS WE'LL NEXT SEE EACH OTHER ON THE 28TH, THE

11:05AM 4     CRIMINAL PARTIES.

11:05AM 5              MR. KATZ:  I HAD TWO QUICK THINGS TO SUPPLEMENT OUR

11:05AM 6     BRIEF.

11:05AM 7              THE COURT:  YES.

11:05AM 8              MR. KATZ:  THANK YOU, YOUR HONOR.  MARC KATZ FOR THE

11:06AM 9     S.E.C.

11:06AM 10        THE FIRST POINT IS THAT THE S.E.C. VERY OFTEN OPPOSES A

11:06AM 11    STAY, THAT'S TRUE, AND THE S.E.C. VERY OFTEN TAKES NO POSITION

11:06AM 12    ON A STAY.  THAT'S ALSO TRUE.

11:06AM 13        IT'S EXCEEDINGLY RARE, IN FACT I THINK ALL OF THE CASES

11:06AM 14    THAT WERE CITED, THAT THE S.E.C. AFFIRMATIVELY SUPPORTS AND

11:06AM 15    THAT'S BECAUSE THE S.E.C. VIEWS THIS SITUATION AS EXTREME.

11:06AM 16        WE'VE SEEN DEPOSITIONS FOR VERY SENSITIVE HEALTH

11:06AM 17    INFORMATION FOR OUR PATIENTS THAT HAVE NOTHING TO DO WITH OUR

11:06AM 18    CASE, AND IN OUR DEPOSITIONS, MR. COOPERSMITH, MULTIPLE TIMES

11:06AM 19    TAKES OUT AN FBI 302 AND STARTS CROSS-EXAMINING, "DID YOU TELL

11:06AM 20    THE FBI THIS?  DIDN'T YOU TELL THE FBI THAT?"  THIS DOESN'T

11:06AM 21    SEEM TO BE AT ALL ABOUT OUR CASE.  THAT'S POINT ONE.

11:06AM 22        THE SECOND POINT WAS ON THE BURDEN ISSUE FOR THE DEFENSE.

11:06AM 23    I BELIEVE IT WAS THE VERY LAST TIME THAT THE PARTIES WERE IN

11:06AM 24    FRONT OF YOUR HONOR THE DEFENSE SAID THAT THEY NEEDED AN EXTRA

11:06AM 25    YEAR FOR CIVIL DISCOVERY BECAUSE OF THE ENORMOUS BURDEN OF

11:06AM  1      OVERLAPPING CASES.

11:06AM  2          SO WE CAME HERE AND SAID, THIS IS REALLY ROUGH, HAVING TWO

11:07AM  3      CASES GO AT THE SAME TIME, WE NEED ANOTHER YEAR.  SO I JUST

11:07AM  4      WISH THE COURT TO CONSIDER THOSE PIECES AS WELL.

11:07AM  5              THE COURT:  YOU WANT TO REMIND ME OF THAT STATEMENT.

11:07AM  6          YES, MR. COOPERSMITH, YOU'RE ON YOUR FEET.

11:07AM  7              MR. COOPERSMITH:  YES, I'M SORRY.  IF HAD COULD

11:07AM  8      BRIEFLY RESPOND TO MR. KATZ.

11:07AM  9          FIRST THING.  ONE THING MR. LEACH SAID, I WANT TO MAKE

11:07AM  10     SURE THE RECORD IS CLEAR, HE MENTIONED THAT WE GOT A CHANCE TO

11:07AM  11     TAKE BRIAN GROSSMAN'S DEPOSITION IN THE PFM CASE.  AND

11:07AM  12     MR. GROSSMAN IS AN IMPORTANT INVESTOR IN BOTH CASES.  WE DID

11:07AM  13     NOT TAKE MR. BRIAN GROSSMAN'S DEPOSITION.  WE DID NOT HAVE AN

11:07AM  14     OPPORTUNITY IN PFM.  WE DID TAKE HIS DEPOSITION IN THIS CASE,

11:07AM  15     IN THE S.E.C. CASE.  THAT'S FACTUALLY INACCURATE, AND I WANT TO

11:07AM  16     MAKE SURE THAT'S CLEAR.

11:07AM  17         AND THEN IN TERMS OF THE BURDEN BEING DESCRIBED HERE OF

11:07AM  18     HAVING LOTS OF DOCUMENTS PRODUCED AND DEPOSITIONS, AND THERE

11:07AM  19     HAVEN'T BEEN THAT MANY.  THAT BURDEN WAS KNOWN TO THE

11:07AM  20     GOVERNMENT IMMEDIATELY IN MARCH OF 2018 WHEN THE S.E.C. FILED A

11:08AM  21     CASE.  IT WAS KNOWN FROM THE SPRING OR SUMMER OF 2018 THAT

11:08AM  22     THERE WOULD BE THAT.

11:08AM  23         SO FOR THEM TO COME IN NOW AND EXPLAIN THAT'S THE REASON

11:08AM  24     FOR THE STAY I THINK IS NOT WELL TAKEN.

11:08AM  25         IN THE NICHOLAS CASE, JUDGE CARNEY, THAT'S THE CASE THAT

11:08AM 1    THE GOVERNMENT RELIES, JUDGE CARNEY WAS RULING ON A STAY MOTION

11:08AM 2    IN A VERY PROMPT FASHION RIGHT AWAY, AND HE WAS LOOKING AT A

11:08AM 3    FUTURE SERIES OF EVENTS THAT HE FELT MIGHT BE HARD TO MANAGE

11:08AM 4    THE CASE GOING FORWARD BECAUSE NONE OF THAT HAPPENED YET.  THE

11:08AM 5    MILLIONS OF PAGES OF DOCUMENTS PRODUCED AND COLLECTION OF ALL

11:08AM 6    OF THAT, DEPOSITIONS, THAT HAS ALL OCCURRED IN THIS CASE

11:08AM 7    ALREADY.

11:08AM 8         NOW, IN THE FOUR MONTHS REMAINING THERE MIGHT BE SOME

11:08AM 9    ADDITIONAL DEPOSITIONS.

11:08AM 10        I WANT TO SAY ONE OTHER WORD ABOUT MR. KATZ'S POINT.

11:08AM 11   THESE FBI 302'S HE'S TALKING ABOUT, THESE ARE THE FBI INTERVIEW

11:08AM 12   MEMOS OF THE WITNESSES, AND HE'S COMPLAINED NUMEROUS TIMES, AND

11:08AM 13   INCLUDING BEFORE THE COURT TODAY, THAT I ASKED QUESTIONS ABOUT

11:08AM 14   SOMETHING THAT THE WITNESS SAID TO THE FBI.

11:09AM 15             THE COURT:  I DON'T KNOW IF THAT WAS A COMPLAINT,

11:09AM 16   BUT HE BROUGHT IT TO MY ATTENTION.

11:09AM 17             MR. COOPERSMITH:  THAT'S SOMEHOW A REASON WHY WE'RE

11:09AM 18   USING THE CIVIL DISCOVERY FOR THE BENEFIT OF THE CRIMINAL CASE.

11:09AM 19        THE FACT OF THE MATTER IS, AND MR. KATZ DIDN'T MENTION

11:09AM 20   THIS, THOSE INTERVIEWS ARE JOINT INTERVIEWS WHERE THE S.E.C. IS

11:09AM 21   PRESENT INTERVIEWING THE WITNESS AND THE FBI AND THE DOJ ARE

11:09AM 22   PRESENT.

11:09AM 23        SO FOR US TO ASK ABOUT WHAT WAS SAID TO THE SEC WHEN THEY

11:09AM 24   WERE IN THE INTERVIEW STRIKES ME AS ENTIRELY INAPPROPRIATE AND

11:09AM 25   NOT A REASON FOR A STAY.

|         |    |                                                                    |
|---------|----|--------------------------------------------------------------------|
| 11:09AM | 1  | THE COURT:  WHAT ABOUT THE COMMENT THAT MR. KATZ                    |
| 11:09AM | 2  | SUGGESTED THAT YOU HAD MADE A STATEMENT THAT IT'S GOING TO BE A     |
| 11:09AM | 3  | YEAR FOR THE S.E.C. CASE?                                           |
| 11:09AM | 4  | MR. COOPERSMITH:  WELL, FIRST OF ALL, THE COURT                     |
| 11:09AM | 5  | DIDN'T ALLOW US A YEAR.  THE COURT GAVE US UNTIL OCTOBER 25TH.      |
| 11:09AM | 6  | SO THERE'S NOT GOING TO BE A YEAR OF DISCOVERY AS I UNDERSTAND      |
| 11:09AM | 7  | IT.                                                                 |
| 11:09AM | 8  | THE COURT:  I APPRECIATE YOU AGREEING WITH ME.                      |
| 11:09AM | 9  | MR. COOPERSMITH:  WELL, IF THE COURT WANTS TO                       |
| 11:09AM | 10 | CONSIDER THAT, WE'RE HAPPY TO GET MORE TIME.  BUT WHATEVER THE      |
| 11:09AM | 11 | TIME IS -- I'M NOT REALLY SURE WHY THAT IS RELEVANT AT ALL.         |
| 11:09AM | 12 | I MEAN, WE'VE BEEN DOING THE DISCOVERY FOR A YEAR.  THERE           |
| 11:09AM | 13 | HAVEN'T BEEN PROBLEMS.  THERE'S BEEN ONE MOTION TO QUASH, WHICH     |
| 11:10AM | 14 | AS I SAID, JUDGE COUSINS DIDN'T QUASH ON THE BASIS OF              |
| 11:10AM | 15 | RELEVANCE.                                                          |
| 11:10AM | 16 | THERE'S BEEN ONE DISPUTE IN THE CIVIL CASE.  IT'S BEEN             |
| 11:10AM | 17 | GOING SMOOTHLY.  THE COURT HAS MANAGED THE DOCKET.  WE HAVE         |
| 11:10AM | 18 | FOUR MONTHS LEFT.  I DON'T SEE WHY THE BURDEN THE GOVERNMENT        |
| 11:10AM | 19 | DESCRIBES IS GOING TO BE ANY GREATER THAN WHAT THEY ALREADY         |
| 11:10AM | 20 | KNEW ABOUT FOR THE PAST YEAR.  WE'VE DONE ALL OF THAT NOW.  WE      |
| 11:10AM | 21 | WANT TO BE ABLE TO FINISH WHAT WE STARTED, GET THE DISCOVERY        |
| 11:10AM | 22 | DONE, GET THE CRIMINAL CASE TRIED, AND THEN MR. BALWANI WILL BE     |
| 11:10AM | 23 | IN A POSITION TO QUICKLY MOVE AND TURN TO THE S.E.C. CASE AND       |
| 11:10AM | 24 | GET THIS OVER WITH.                                                 |
| 11:10AM | 25 | THE COURT:  LET ME ASK MR. LEACH, MR. KATZ, EITHER                  |

11:10AM  1    OF YOU OR BOTH OF YOU, WHAT'S WRONG WITH LETTING THIS GO

11:10AM  2    FORWARD TO OCTOBER AND THEN IT SOUNDS LIKE THINGS ARE ON THEIR

11:10AM  3    WAY?

11:10AM  4        WHY INTERRUPT IT NOW I GUESS IS WHAT I'M HEARING FROM

11:10AM  5    MR. COOPERSMITH.

11:10AM  6        YOU'VE TOLD ME ABOUT THIS EARLIER, BUT I WANTED TO GIVE

11:10AM  7    YOU AN OPPORTUNITY TO RESPOND.

11:10AM  8            MR. LEACH:  THANK YOU, YOUR HONOR.  I DO NOT THINK

11:10AM  9    THAT IS PRACTICAL.  I THINK THAT MEANS SOME, ACCORDING TO THE

11:10AM 10    CURRENT SCHEDULE, SOMEWHERE IN THE NEIGHBORHOOD OF 43

11:10AM 11    DEPOSITIONS WILL TAKE PLACE BETWEEN NOW AND OCTOBER.  WHO KNOWS

11:11AM 12    WHAT ADDITIONAL DOCUMENTS OR DOCUMENT SUBPOENAS WILL GO OUT

11:11AM 13    THAT WILL NEED TO BE REVIEWED AND PROCESSED AND ASSESSED

11:11AM 14    THROUGH THE CRIMINAL DISCOVERY FILTER.

11:11AM 15        ALL OF THAT IS TIME.  THE GOVERNMENT AND MR. BALWANI WILL

11:11AM 16    BE DISTRACTED FROM WHO REALLY ARE THE WITNESSES IN THE CRIMINAL

11:11AM 17    CASE THAT WE'RE GOING TO BE PUTTING ON AND PREPARING FOR THAT.

11:11AM 18    SO I THINK THAT SOLUTION MAKES IT WORSE, NOT BETTER.

11:11AM 19        BUT CERTAINLY IF THE COURT'S RULING IS DISCOVERY WILL

11:11AM 20    REALLY END IN OCTOBER, THAT'S BETTER THAN NO STAY AT ALL, BUT I

11:11AM 21    REALLY THINK THAT WILL MAKE MATTERS WORSE AND NOT BETTER.

11:11AM 22            THE COURT:  I'M CURIOUS ALSO, AGAIN, THIS GOES

11:11AM 23    PERHAPS MORE TOWARDS THE COURT'S SCHEDULING AND MAINTAINING ITS

11:11AM 24    DOCKET IN CONTEXT WITH YOUR CLIENT'S CONSTITUTIONAL RIGHTS,

11:11AM 25    MR. COOPERSMITH, AND THE GOVERNMENT'S RIGHT TO PROCEED, BUT THE

11:12AM   1    THOUGHT OCCURS TO ME THIS QUESTION MIGHT BE BETTER ANSWERED

11:12AM   2    AFTER JUNE 28TH WHEN A TRIAL DATE IS SET.

11:12AM   3         ANY THOUGHTS ABOUT THAT?  THERE'S SOME DEEP THOUGHTS I

11:12AM   4    SEE.

11:12AM   5         (LAUGHTER.)

11:12AM   6              MR. COOPERSMITH:  YOUR HONOR, I DON'T KNOW THAT IT

11:12AM   7    MATTERS.  I MEAN, CERTAINLY THE COURT CAN RULE WHENEVER IT

11:12AM   8    WISHES, BUT I THINK THAT THIS IS ONE OF THE PROBLEMS WITH THAT,

11:12AM   9    IS THAT EVER SINCE THE GOVERNMENT ANNOUNCED IT WANTED A STAY,

11:12AM  10    EVEN THOUGH THE COURT MADE VERY CLEAR ON THE RECORD AT THE

11:12AM  11    APRIL 22ND STATUS CONFERENCE THAT THERE WAS NO STAY IN EFFECT,

11:12AM  12    YOU KNOW, PENDING A RULING ON THIS MOTION, YOU KNOW, WHAT WE'VE

11:12AM  13    SEEN OVER AND OVER AGAIN IS PARTIES SLOW WALKING.

11:12AM  14         THE GOVERNMENT ITSELF, THE CIVIL SIDE, REPRESENTING CMS

11:12AM  15    AND THE FDA SAYS, OH, WE JUST WANT TO WAIT AND SEE WHAT

11:12AM  16    JUDGE DAVILA SAYS BEFORE WE DO ANYTHING.  YOU KNOW, PARTY AFTER

11:12AM  17    PARTY WHEN WE HAVE TRIED TO SCHEDULE AND TRIED TO WORK WITH

11:12AM  18    THEM ON CIVIL DISCOVERY HAVE KIND OF DECIDED WE'RE GOING TO

11:12AM  19    SLOW WALK THIS UNTIL HIS RULING.

11:13AM  20         SO WE'RE NOW AT JUNE 10TH, AND ESPECIALLY IF THE DEADLINE

11:13AM  21    IS GOING TO BE OCTOBER 25TH, YOU KNOW, TIME IS PRECIOUS.  EVERY

11:13AM  22    TIME THAT THERE'S NOT A RULING -- AND I'M NOT TRYING TO RUSH

11:13AM  23    THE COURT.  I KNOW THAT YOU HAVE TO CONSIDER THIS CAREFULLY AND

11:13AM  24    RULE -- BUT WE GET SLOW WALK, YOU KNOW, WHEN WE TRY TO GET

11:13AM  25    DISCOVERY.  SO IT'S -- WE DON'T WANT TO DELAY.  WE WANT A CLEAR

11:13AM 1     RULING THAT THERE'S NO STAY.

11:13AM 2             THE COURT:  OKAY.

11:13AM 3             MR. COOPERSMITH:  I THINK THAT'S THE FAIR THING TO

11:13AM 4     DO HERE.  THE GOVERNMENT KNEW ABOUT THE BURDENS AND ALL OF THAT

11:13AM 5     HAS BEEN DONE.  ALL RIGHT.

11:13AM 6             THE COURT:  TO THAT QUESTION.

11:13AM 7             MR. LEACH:  IT GOES DIRECTLY TO THE COURT'S

11:13AM 8     MANAGEMENT OF BOTH CASES.  I DON'T -- THE GOVERNMENT REALLY

11:13AM 9     DOESN'T HAVE A VIEW OF THE TIMING OF THE DECISION, BUT WE DO

11:13AM 10    THINK COMPRESSING ALL OF THAT DISCOVERY WITH AN OCTOBER DATE

11:13AM 11    MAKES MATTERS WORSE, NOT BETTER.

11:13AM 12            MR. COOPERSMITH:  AND LAST THING, YOUR HONOR.

11:13AM 13            THE COURT:  LET ME HEAR FROM MR. KATZ.

11:13AM 14            MR. COOPERSMITH:  YES, OF COURSE.

11:13AM 15            MR. KATZ:  THE COURT JUST ASKED ABOUT THE POSITION

11:13AM 16    OF GOING FORWARD.  THE NINTH CIRCUIT HAS PROVIDED THE FRAMEWORK

11:14AM 17    IN THIS THROUGH <u>KEATING</u>.  I THINK EVEN STRIPPING AWAY THE

11:14AM 18    CHARACTERIZATIONS, I THINK, AND THE OBJECTIVE FACTORS, WHAT THE

11:14AM 19    PLAINTIFF BELIEVES, THE COURT KNOWS THAT; THE BURDEN AND

11:14AM 20    EFFICIENCY ON OF THE COURT, WE KNOW THAT; THE BURDENS ON THIRD

11:14AM 21    PARTY WITNESSES.

11:14AM 22     SO EVEN TAKING AWAY, WHEN YOU LOOK AT JUST WHAT IS

11:14AM 23    OBJECTIVE, IT LOOKS LIKE THE FACTORS ARE HEAVILY IN FAVOR OF A

11:14AM 24    STAY.  THAT IS THE S.E.C.'S POSITION.

11:14AM 25           MR. COOPERSMITH:  YOUR HONOR, THE FACTORS ARE NOT A

11:14AM  1      NUMERICAL COUNT.  FIRST OF ALL, AS WE SAY IN OUR BRIEFING ALL

11:14AM  2      OF THOSE FACTORS FAVOR US ANYWAY.

11:14AM  3          ONE THING THAT MR. LEACH SAID THAT I WANT TO CLOSE WITH,

11:14AM  4      WHAT HE SAID TO THE COURT A FEW MINUTES AGO IS, YES, SOME OF

11:14AM  5      THE DISCOVERY TAKEN IN THE CIVIL CASES IS BENEFICIAL TO THE

11:14AM  6      GOVERNMENT.  ALL OF THE CIVIL DISCOVERY GOES TO MR. LEACH'S

11:14AM  7      OFFICE.

11:14AM  8          HAVING GOT THE BENEFIT OF THAT TO NOW ASK FOR A STAY, TO

11:14AM  9      ME, IS COMPLETELY INAPPROPRIATE, AND THAT'S THE PROBLEM WITH NO

11:14AM  10     CASE THAT WE CAN SEE EVER DID THIS WHERE THE GOVERNMENT WAITS A

11:14AM  11     YEAR AND MOVES FOR A STAY WHEN THERE'S FOUR MONTHS LEFT.

11:14AM  12         AND HAVING GOT THE BENEFIT, THEY ARE NOW GOING TO BE, IN

11:15AM  13     MY VIEW, STUCK WITH THE CONSEQUENCES OF HAVING BROUGHT TWO

11:15AM  14     CASES IN THE FIRST PLACE.

11:15AM  15             THE COURT:  MR. KATZ, YOU ROSE TO ADDRESS THAT.

11:15AM  16             MR. KATZ:  SORRY, YOUR HONOR.

11:15AM  17             THE COURT:  NOT AT ALL.

11:15AM  18             MR. KATZ:  THE FINAL COMMENT, I PROMISE.  THE

11:15AM  19     DEFENSE IS COMPLAINING ABOUT THE TIMING ON THIS, AND THEN THE

11:15AM  20     CASES THAT HE CITED SAY, HEY, THIS IS JUST THEORETICAL.  THIS

11:15AM  21     IS HYPOTHETICAL.  YOU HAVEN'T SHOWN ANY ACTUAL PREJUDICE OR ANY

11:15AM  22     ACTUAL ABUSE.

11:15AM  23         THE S.E.C.'S POINT HERE, AND IT'S IN THE PROSECUTOR'S, IT

11:15AM  24     WAITED, SAW ABUSE, AND THEN MADE THE MOTION.  THAT'S OUR VIEW

11:15AM  25     OF -- MR. COOPERSMITH SAID HOW COME YOU DIDN'T OBJECT?  THE

11:15AM  1      FIRST TIME HE PULLED OUT A 302 I OBJECTED VIGOROUSLY.  WE'VE

11:15AM  2      BEEN ARGUING ABOUT THE SCOPE OF DISCOVERY AS THE COURT SAW

11:15AM  3      BEFORE AT THE CMC.  SO WE BELIEVE WE'VE BEEN CONSISTENT IN THAT

11:15AM  4      REGARD.

11:15AM  5              THE COURT:  OKAY.  THANK YOU.

11:15AM  6              MR. KATZ:  I THANK THE COURT FOR ITS TIME.

11:15AM  7              THE COURT:  THANK YOU VERY MUCH.

11:15AM  8              THE CLERK:  COURT IS IN RECESS.

11:15AM  9          (COURT CONCLUDED AT 11:15 A.M.)

        10

        11

        12

        13

        14

        15

        16

        17

        18

        19

        20

        21

        22

        23

        24

        25

1

2

3                          CERTIFICATE OF REPORTER

4

5

6

7          I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8     STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9     280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10    CERTIFY:

11         THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12    A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13    ABOVE-ENTITLED MATTER.

14

15

16                         _____
                           IRENE RODRIGUEZ, CSR, RMR, CRR
17                         CERTIFICATE NUMBER 8074

18

19                         DATED:  NOVEMBER 6, 2019

20

21

22

23

24

25